IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UL LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA CALLINGTON, <br><br> Defendant. | No. 1:24-cv-05631 |

**OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGMENT
OF TIME TO ANSWER OR OTHERWISE PLEAD AND
MOTION FOR AN ORDER TO PRESERVE EVIDENCE**

UL LLC ("UL") opposes the relief requested in the Motion for Enlargement of Time to Answer or Otherwise Plead filed by Joshua Callington ("Callington") on August 26, 2024, and for the following reasons, requests that the Court enter relief that differs from that requested by Callington.

1. UL filed its Complaint on July 3, 2024.

2. On July 8, 2024, UL's counsel emailed a lawyer believed to represent Callington to request that Callington waive formal service of process. The lawyer agreed to the request, and on July 11, 2024, UL filed the executed waiver of service of summons on the docket. (ECF No. 2.) The execution of the waiver operated to enlarge Callington's initial response deadline until September 9, 2024.

3. UL acknowledges Callington's representation that he is not currently represented for purposes of this matter and does not oppose the Court providing him with additional time to seek representation.

1

4. However, UL would respectfully request that the Court, instead of granting Callington's requested "minimum" 90-day extension, (i) maintain the previously scheduled September 17, 2024 Initial Status Conference to allow for a discussion of Callington's efforts to obtain representation (among other topics), (ii) order Callington to file a status report on or before September 30, 2024 identifying whether he has secured representation, and (iii) order any attorney retained by Callington to file an appearance of record within three (3) days of his or her retention.

5. UL understands the importance of allowing Callington the opportunity to obtain representation in this matter, but also wishes to move this case into discovery expeditiously.

6. In addition to a shorter extension of time, UL believes that the greater relief in the form of a document preservation order and a non-use/non-disclosure order is reasonable and warranted under the circumstances. In the Complaint, UL alleges that Callington: (i) is now in possession of confidential information, trade secrets, and other information that belongs to UL and/or UL's customers; (ii) transferred such information to his personal possession during his UL employment; and (iii) has wrongfully refused to return the information and dispossess himself of the information. (*See, e.g.*, Complaint (ECF No. 1) ¶¶ 1, 2, 4, 47-52, 64-69.)

7. UL further alleges that Callington has already refused requests to return its property following repeated demands and also deleted from his UL-issued laptop certain documents he was instructed to preserve. (*See id*. at ¶ 4.)

8. Given the seriousness of these allegations, the fact that Callington is no longer represented by an attorney in this matter, and the delay that will be associated with Callington's search for and retention of counsel, UL believes that it is further appropriate for the Court to enter an order requiring Callington to maintain and preserve the potentially relevant evidence in

his possession and to refrain from using and/or disclosing to third parties any of the information that belongs to UL and/or UL's customers, including but not limited to the information alleged to be confidential and/or trade secret.

9. The Court has broad discretion to determine whether a preservation order should be entered. *See Estate of Loury v. City of Chicago*, No. 16-cv-4452, 2017 WL 11562006, at *1 (N.D. Ill. Mar. 14, 2017). The factors for the Court to consider are: (1) whether the Plaintiff can demonstrate that Defendant will destroy necessary documentation without a preservation order; (2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and (3) the burden imposed upon the parties by granting a preservation order. *Id*.

10. Here, the record before the Court demonstrates that entry of the Proposed Order attached as Exhibit A is appropriate at this stage of the proceeding. (*See* Exhibit A.) UL's allegations demonstrate that Defendant has deleted information in his possession in the past and despite having been instructed not to do so. (*See, e.g.*, Complaint ¶ 4.) UL's allegations demonstrate that it engages in widespread efforts to safeguard its confidential information and trade secrets and also is obligated to safeguard the information that its customers share with it. (*See id*. ¶¶ 21-23.) And the burdens that would be imposed on Callington should UL's Proposed Order be entered would be minimal, and would simply require him not to delete, use or further disclose UL's information.

11. On August 27, 2024, UL emailed Callington and asked whether he agreed to the alternative relief UL believes warranted and appropriated under the circumstances. (*See* Exhibit B.)

12. On August 28, 2024, Callington responded and declined to agree to the entry of UL's Proposed Order absent the advice of counsel. Callington's refusal should be taken into

3

account by the Court as well. *Cf., McDaniel v. Loyola University Med. Ctr.,* No. 13-cv-6500, 2014 WL 1775685, at * (N.D. Ill. May 5, 2014) (although the court ultimately denied a motion for preservation order, it did so only after Defendant expressly acknowledged their obligations and detailed the efforts that had been undertaken to ensure the preservation of relevant evidence).

13. At this stage, Callington has made no similar acknowledgement of his obligations.

WHEREFORE, UL LLC respectfully requests that the Court resolve Callington's Motion for Enlargement of Time to Answer or Otherwise Plead by entering the Proposed Order attached as Exhibit A.

| | |
|---|---|
| Dated: September 3, 2024 | Respectfully submitted, |
| | **UL LLC** |
| | By: /s/ Richard T. Kienzler |
| | One of its attorneys |
| | Richard T. Kienzler |
| | Littler Mendelson, P.C. |
| | 321 North Clark Street, Suite 1100 |
| | Chicago, Illinois 60654 |
| | Phone: (312) 372-5520 |
| | Email: rkienzler@littler.com |

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the date shown below he caused a copy of the foregoing document to be filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois and served on the following parties via email:

Joshua Callington (joshua@callington.net)

Dated: September 3, 2024                     /s/ Richard T. Kienzler