IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA CALLINGTON,<br><br>    Defendant. | No. 1:24-cv-05631 |

**PLAINTIFF UL LLC'S INITIAL STATUS REPORT**

Pursuant to the Court's July 15, 2024, order (ECF No. 3), UL LLC ("UL") presents the following Initial Status Report[1]:

1. **Nature of the Case**

    a. **Attorneys**:

    UL LLC
    Richard T. Kienzler (lead counsel)
    Littler Mendelson, P.C.
    321 North Clark Street, Suite 1100
    Chicago, Illinois 60654
    (312) 795-3254
    rkienzler@littler.com.

    Joshua Callington, *pro se* (though searching for representation)
    joshua@callington.net

    b. **Unserved Parties** – There are no parties in the case who have not been served.

    c. **Subject Matter Jurisdiction** – The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because UL asserts a claim under the Defend Trade Secrets Act (the DTSA"), 18 U.S.C. §§ 1836, *et seq*. The Court has supplemental jurisdiction over UL's

---

[1] On September 9, 2024, Mr. Callington informed counsel for UL that it is his position that "all matters should be tabled until after [he has] secured legal representation." (*See* Group Email Correspondence, Exhibit 1.)

1

remaining claims pursuant to 28 U.S.C. § 1367 because they arise from the same case or controversy as UL's DTSA claim. Moreover, there exists diversity of citizenship between UL and Mr. Callington because UL, for purposes of 28 U.S.C. § 1332, is considered a citizen of Delaware and Illinois, and Mr. Callington is considered a citizen of Oregon. (*See* Complaint ¶¶ 9, 11.)

    d.  **Nature of the Claims**:

UL has asserted claims for: (i) Violation of the DTSA (Count I); (ii) Violation of the Illinois Trade Secrets Act, 765 ILCS 1065, et seq. (Count II); (iii) breach of contract (Count III); breach of fiduciary duty (Count IV); and conversion (Count V). Mr. Callington has not responded to the Complaint and has sought an extension of time to do so.

    e.  **Major Factual and Legal Issues** – The factual and legal issues presented by UL's claims are whether Mr. Callington's alleged actions of transferring UL's documents and information to his own personal possession, and subsequent uses of such information, constitute trade secret misappropriation, breached UL contracts and confidential information policies and violated the fiduciary duties that Mr. Callington owed to UL.

    f.  **Relief Sought** – Through the Complaint, UL seeks: (i) preliminary and permanent injunctive relief enjoining Mr. Callington from using and/or disclosing UL's alleged confidential information and trade secrets; (ii) an order requiring Mr. Callington to return to UL the confidential information and trade secrets that are in his possession and to delete all such information from his possession; and (iii) all available monetary damages, including actual, exemplary and punitive damages as allowed by law, and attorneys' fees as allowed by law.

2. Case Plan

   a. **Pending Motions**:

As a result of waiving formal service of process, Mr. Callington's responsive pleading deadline was September 9, 2024. (*See* ECF No. 2.) On August 26, 2024, Mr. Callington moved for a 90-day extension of time to retain counsel. In the motion, Mr. Callington represented that he is currently unrepresented in this matter. (*See* ECF No. 4.)

On September 3, 2024, UL filed an opposition to Mr. Callington's motion. In a Proposed Order that UL has requested the Court enter, UL has respectfully suggested that the Court set shorter deadlines by which Mr. Callington can report on his search for representation, and UL has also requested that the Court enter a non-use/non-disclosure order and a document preservation order. (*See* ECF No. 5.) In a brief filed on September 9, 2024, Mr. Callington requested that the Court deny UL's request that for a document preservation and non-use/non-disclosure order. (*See* ECF No. 6, p. 2.)

The basis for Mr. Callington's opposition is unstated and unclear, but actually provides even more reason for the Court to enter the order UL has proposed. *Cf. McDaniel v. Loyola University Med. Ctr.*, No. 13-cv-6500, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014) (although the court ultimately denied a motion for a preservation order, it did so only after the defendant expressly acknowledged the obligation to preserve evidence and detailed the efforts that had been undertaken to ensure the preservation of relevant evidence). Mr. Callington's most recent filing is another example of him electing ***not*** to make any similar acknowledgements of his obligations.

There are no other pending motions before the Court.

b. **Status of Responsive Pleadings** – Mr. Callington has requested an extension on the deadline for his responsive pleading. As discussed in UL's response to his motion, UL does not oppose providing him additional time to secure representation but has respectfully suggested (i) that he report on his efforts to secure representation more frequently than he requested in his motion and (ii) that a document preservation and non-use/non-disclosure order be entered in the case at this stage. (*See* ECF Nos. 4 & 5.)

c. **Discovery Plan** – UL acknowledges the Court's requirement to submit a Case Plan with an Initial Status Report. On September 9, 2024, Mr. Callington stated that he believes all matters, which would include the negotiation of a discovery plan, should be tabled at this point. (See Exhibit 1.) UL will certainly submit its own view about a discovery plan in this matter if the Court would like it to do so, but given Mr. Callington's current search for representation, respectfully suggests that the Court allow UL leave to submit such a discovery plan within twenty-one (21) days after an attorney files an appearance on Mr. Callington's behalf.

d. **Jury Demand and Estimated Length of Trial**

UL made a jury demand at the time it filed the Complaint. (*See* ECF No. 1 & 1-2.) UL estimates that a trial of its claims in this matter would require five (5) days.

3. **Settlement**

Through an attorney that no longer represents Mr. Callington, Mr. Callington advanced a settlement demand on July 10, 2024. UL did not counter that demand. The parties believe that it would be premature at this stage of the proceeding to schedule a settlement conference, but will revisit this issue, along with the other aspects of the Case Plan, following Mr. Callington's retention of counsel.

4. **Consent to Proceed Before a Magistrate Judge**

Counsel for UL has informed UL about the possibility of proceeding before the assigned Magistrate Judge. At present, the parties do not unanimously consent to proceed before the assigned Magistrate Judge.

Dated: September 10, 2024

Respectfully submitted,

UL LLC

By: /s/ Richard T. Kienzler
      One of its attorneys

Richard T. Kienzler
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Phone: (312)-372-5520
Email: rkienzler@littler.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the date shown below he caused a copy of the foregoing document to be filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois and served on the following parties via email:

    Joshua Callington (joshua@callington.net)


Dated: September 10, 2024             /s/ Richard T. Kienzler