# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UL LLC, | |
| Plaintiff, | No. 24-cv-05631 |
| v. | Judge Andrea R. Wood |
| JOSHUA CALLINGTON, | |
| Defendant. | |

## INTERIM DOCUMENT PRESERVATION AND NON-DISCLOSURE ORDER

Consistent with the Court's decisions, rulings and instructions made during the Initial Status Conference in the above matter on September 17, 2024, the Court now enters the following Document Preservation and Non-Disclosure Order:

1. Plaintiff UL LLC ("UL") alleges that Defendant Joshua Callington ("Callington") is now in possession of confidential information, trade secrets, and other information that belongs to UL and/or UL's customers or their suppliers or other business partners. UL alleges that Callington transferred such information to his personal possession during the time he worked for UL as an independent contractor and/or employee, and alleges that Callington has wrongfully refused to return the information and dispossess himself of the information. (*See, e.g.*, Complaint (ECF NO. 1) ¶¶ 1, 2, 4, 47-52, 64-69.)

2. Except for the limited circumstances further described below in Paragraph 4 of this order, or until further order of this Court or other written and signed agreement by the Parties, neither Callington nor any third parties acting in concert with Callington, shall destroy, use and/or disclose any documents or information alleged to belong to UL and/or UL's customers

1

or their suppliers or other business partners that is in Callington's or any such third parties' possession, custody, or control. These documents and information include:

- Audit reports, including onsite notes, audit process and methods, certain confidential photos taken of the customers' suppliers' internal facilities, equipment and/or operations that are not generally open to or disclosed to the public, and communications prepared by Callington while he worked as an independent contractor and/or employee for UL, all of which is information that is complied, assembled, analyzed and/or organized by UL as part of its internal audit procedures and processes;

- Audit reports and related confidential documentation prepared by UL employees and/or independent contractors other than Callington;

- Internal UL communications on audit procedure and process;

- Internal information and documents of UL's customers, suppliers and business partners, including the identity and contact information of the customers', suppliers and business partners' key representatives with respect to social responsibility compliance audits; and,

- UL's internal information pertaining to its audit procedures and practices.

3. The above referenced documents and information that fall within the scope of this order are further described in UL's Complaint at Paragraphs 49, 50, 51, 52, 56, 57, 58, 66, 68, 79 and 94. UL alleges that an investigation into Callington's conduct that preceded the filing of this lawsuit determined that the above referenced documents and information are items Callington emailed, transferred, and saved to his personal accounts and otherwise possessed while working for UL as an independent contractor and/or employee.

4. The restrictions in Paragraph 2 of this order on the destruction, use and/or disclosure of any documents or information alleged to belong to UL and/or UL's customers or their suppliers or other business partners, do not restrict Callington's ability to disclose such documentation and information to any appropriate Federal, State or local law enforcement or government agency and/or official. Any such disclosure shall comply with the disclosure requirements set forth in the Federal Defend Trade Secret Act. *See* 18 U.S.C. § 1833.

5. Except as provided in this order, and as the Court instructed during the Initial Status Conference, Callington is prohibited from using or disclosing the documentation and information governed by this order for any personal business or financial interests. Nor may he disclose or share any such documentation or information with any media outlet, or post or otherwise disclose such documentation or information on the internet.

6. In the event that Callington receives a subpoena or other request of any kind from any party or entity, including a Federal, State or local law enforcement or government agency and/or official, that requests his production of documents or information that otherwise fall within the scope of this order, Callington shall promptly notify UL's counsel of record and provide UL a reasonable opportunity, and in no instance less than seven (7) calendar days, to lodge objection(s) to such subpoena or other request with a Court of competent jurisdiction and/or seek a protective order related to such subpoena or other request from this Court.

7. Until further order of this Court or other written and signed agreement by the Parties, Callington, and all third parties acting in concert with him, shall preserve and maintain all of the documentation and information that falls within the scope of this order and which is described above in Paragraphs 2 and 3 of this order, and shall hereafter neither undertake nor permit any activity at any time during the remainder of this proceeding that will cause deletion

and/or destruction of information, documents, and any other evidence that is potentially relevant to this lawsuit.

SO ORDERED THIS 24th DAY OF SEPTEMBER, 2024.

_____
Andrea R. Wood
United States District Judge