## Kienzler, Richard

---

| | |
|---|---|
| **From:** | Agatha M. Cole <agatha@beverlypllc.com> |
| **Sent:** | Wednesday, November 13, 2024 6:56 PM |
| **To:** | Kienzler, Richard |
| **Cc:** | Griffith, Kevin; Levy, Emily |
| **Subject:** | Re: FW: UL LLC v. Callington, No. 24-cv-5631 |

Richard,

Since you're apparently planning to "note [our] position" to the court, I want to be crystal clear about what that position is, so that nothing is misconstrued on that point…

If UL has any legitimate trade secrets that it wishes to protect from disclosure, we are happy to enter into a stipulation regarding those materials. If its assertion of trade secrets is merely a pretext for seeking to silence Mr. Callington about what he experienced and observed throughout his employment with UL, however, that is unacceptable. For this reason, I have repeatedly asked you to identify the specific substance and subject matter of that information which UL contends is a protected trade secret—which you have continually resisted.

As I previously relayed to you on our last call, Mr. Callington has no interest in divulging any alleged trade secret, and does not believe he has done so, to date. Nor does he wish to engage in pointless litigation around an issue that should be relatively easy to resolve.

If UL's trade secret claim has any merit as a potential basis for seeking a preliminary injunctive relief, we would much rather enter a joint stipulation to that effect and move on. At present, however, the thread bare allegations in UL's complaint fall woefully short of that standard, and present a real notice problem, in terms of serving as the proffered basis for any kind of injunctive relief.

So, again, please, help *us* to help *you*, by being more specific about the scope and substance of what UL is seeking to protect from its competitors. If your unwillingness to do so thus far stems from any concern about revealing protected information in the course of delineating what should be covered by such a protective order, we can, of course, file anything of that nature under seal.

Finally, although I would prefer to receive a well considered response from you, in writing, I can be reached on my cell phone anytime tomorrow, at 828-773-2628, if you feel that further discussion would be productive.

--



**Agatha M. Cole** *(she/her)*
*Beverly PLLC*
agatha@beverlypllc.com    +1 (917) 524-8055
43 West 43rd Street, Suite 159, New York, NY 10036

On Tue, Nov 12, 2024 at 15:25 Kienzler, Richard <RKienzler@littler.com> wrote:

1

Counsel,

We're repeating what I am hoping to avoid, which is back-and-forth emails. The Court's order from 10/24 states, "the interim document preservation and non-disclosure order will be entered. This is an interim order intended to maintain the status quo while counsel discuss the terms of an order to remain in place for the duration of the case."

The order that we're proposing remain in place for the duration of the case is what we sent this morning. It is based on the Court's "model confidentiality order" with deviations we think are appropriate for this case.

I recognize that our prior call centered on the language of the interim order, but we've proposed what we think is a more efficient way forward. If you refuse to discuss what we sent this morning merely because of the substance of our call on 11/1, just let us know that and we'll note your position in our motion.

Rick

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Tuesday, November 12, 2024 2:13 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631

Hi Richard,

If you can send me the proposed bullet point list of trade secret materials or categories that you agreed to, I can incorporate that into my edits on the current interim order. Like I said in my previous email, I'm happy to continue the conversation about a broader and longer term confidentiality protocol, but thats not what we're dealing with at this stage. For these reasons, I would ask that you please send me that list, so that we can have a productive discussion.

--

**Agatha M. Cole** *(she/her)*
*Beverly PLLC*
✉ agatha@beverlypllc.com  📞+1 (917) 524-8055
📍43 West 43rd Street, Suite 159, New York, NY 10036

On Tue, Nov 12, 2024 at 14:28 Kienzler, Richard <RKienzler@littler.com> wrote:

Agatha,

I don't know why you would assume we are at impasse and I think we should discuss this rather than spending more time sending emails back and forth.

We think what we've proposed is actually more efficient than trying to create a comprehensive list of trade secrets that are now in Mr. Callington's possession, especially when you don't seem to share the view that a compilation of information can constitute a protectable trade secret—which is a concept that is well-settled in the Northern District of Illinois. See, e.g., loandepot.com, LLC v. Schneider, 647 F.Supp.3d 620, 629 (N.D. Ill. 2022) (preliminary injunction issued on trade secret misappropriation claim; argument that compiled information taken by departed employees prior to resigning was not confidential rejected). Moreover, given the continued refrain from your side that Mr. Callington intends on disclosing information in his possession in unspecified ways and to unspecified audiences, going through a designation process (that affords you a challenge procedure) will provide actual certainty as to what can and cannot be disclosed.

Finally, I will note for the record that you've not provided us with any of the proposed language that we discussed you would be working on in our last call.

So:

1. Do you want to have a call to discuss the proposed order I shared this morning or are you rejecting to agree to it without further discussion?
2. If you want to have a call, when (our availability is below)?
3. Are you planning to propose the language you committed to sharing or have you moved on from that position?

We are available:


Wed. 830-9:45 or 11:30-3:30 CT

Thurs. after 1:00 CT.


Rick


**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Tuesday, November 12, 2024 1:03 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631


Hi Richard,


Happy to continue discussing the propriety of confidentiality designations with you in the future, but that's not what we discussed for the purpose of this preliminary injunctive stage. As discussed on the phone last week, we have no objection to the entry of an order that clearly identifies and prohibits the disclosure of trade secret materials. If you could please send me the revised proposed bullet point list of those materials for a jointly stipulated order that we discussed, then I think we can agree to that for now. Are you still planning to send that, or should I assume we're at an impasse here?


--

**Agatha M. Cole** *(she/her)*
*Beverly PLLC*
✉ agatha@beverlypllc.com  📞+1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

On Tue, Nov 12, 2024 at 11:32 Kienzler, Richard <RKienzler@littler.com> wrote:

Agatha,

Thanks for your email. We have thought about the most efficient way to move forward with the situation in which we find ourselves, and think that the best solution to address our concerns over the documents in Mr. Callington's possession actually comes through the discovery principles that would apply in the ordinary course. Stated differently, we think that UL should be given the opportunity to review what is in Mr. Callington's possession and make confidentiality designations if it chooses to do so.

Our attached proposal uses the "Model Confidentiality Order" that was drafted by the Judges of the Northern District of Illinois as a starting point, and it then redlines the changes to that Model Order that we think are appropriate and account for the unique circumstances of this dispute. For your reference, the link to the Model Order we're referencing is here: Microsoft Word - 26.2 FORM 0612.doc

As would have been the case in discovery had Mr. Callington requested information rather than already taken possession of it, UL would have had the opportunity to make confidentiality designations and Mr. Callington would have had the right to challenge those designations. At is core, that is the process we're now proposing, and we look forward to your thoughts.

We understand that you need to speak with your client, but would like to schedule a call with you to get your views on the proposal given that we need to prepare a motion for this relief if we cannot agree.

Thanks,

Rick

5

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Monday, November 11, 2024 7:10 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631

Hi Richard,

Just following up here and wanted to make sure I didn't miss any emails from you or your team regarding the narrower list of covered materials for a proposed stipulation. Please send it to me ASAP so that I can review and discuss with my client well ahead of the deadline.

Thanks,

Agatha

--



**Agatha M. Cole** (*she/her*)
*Beverly PLLC*
✉ agatha@beverlypllc.com  ☎ +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

On Fri, Nov 1, 2024 at 15:49 Kienzler, Richard <RKienzler@littler.com> wrote:

Thanks. We will file shortly.


**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Friday, November 1, 2024 2:47 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631


Thanks, Richard. You may go ahead and sign for me and file it without any edits.


--



**Agatha M. Cole** (*she/her*)
*Beverly PLLC*
✉ agatha@beverlypllc.com   ☏ +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036


On Fri, Nov 1, 2024 at 15:27 Kienzler, Richard <RKienzler@littler.com> wrote:

Agatha,


Please review this Joint Status Report and Motion for Extension of Time and let me know if you would like to make any edits. It was our goal to make this short and non-controversial, so hopefully we've hit that mark.

Thanks,

Rick

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Friday, November 1, 2024 8:50 AM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631

Thanks, Richard. I'll make it work.

--



**Agatha M. Cole** *(she/her)*
*Beverly PLLC*
✉ agatha@beverlypllc.com  📞+1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

On Fri, Nov 1, 2024 at 09:32 Kienzler, Richard <RKienzler@littler.com> wrote:

 Agatha,

I sent an invite for 12:30 CT. I appreciate you have your children at home today. If you prefer to talk Monday, that's fine. I would then propose filing a status report today apprising the Court.

It's your call.

Thanks,

Rick

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Thursday, October 31, 2024 7:28 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631

Richard,

I previously stated that I was available at all the times you suggested, and held those times open for you, so please review our emails before stating that I am "unwilling" to meet. In any event, I can make myself available anytime tomorrow. Please just circulate a calendar invite as quickly as you can, as my kids will be home from school for Diwali, and I need to plan accordingly.

With respect to my last email, I have asked for clarification on a very simple question, regarding the legal basis for the protective order. If you cannot, at the very least, identify the statute or rule, on which the request is based, however, then I can't, in good faith, recommend that my client enter into it willingly.

I look forward to having a substantively meaningful conversation with you tomorrow. Please circulate a calendar invite at least 2 hours ahead of whenever you'd like to meet, and I will make it work.

--



**Agatha M. Cole** (she/her)
*Beverly PLLC*
✉ agatha@beverlypllc.com 📞+1 (917) 524-8055
📍43 West 43rd Street, Suite 159, New York, NY 10036

On Thu, Oct 31, 2024 at 17:20 Kienzler, Richard <RKienzler@littler.com> wrote:

Agatha,

One week ago, the Court ordered us to meet and confer about "the terms of an order to remain in place for the duration of the case." We have been, and still are, prepared to comply with that order by having a call with you. To this point, you've been unwilling to do so, and have opted instead to send question-by-question emails to us. We do not understand the refusal to get on a call and we note that we provided wide availability where we were available for a call both yesterday and today and instead of having a call we've blown through those windows of availability and traded a litany of emails.

I'm going trick-or-treating with my kids.

If you want to have a call tomorrow between 12 and 3, that's fine. We can also file a motion to briefly extend the deadline set in the Court's October 24 order (which I think would be the prudent move at this stage).

At multiple status conferences, including one you attended, the Judge expressed concern that Mr. Callington would improperly continue to use, disclose and possess UL's and its customers confidential business information. Those concerns are based on allegations in our complaint and the nature of our claims. Our view is that the concerns are also based on statements that Mr. Callington and you made to the Court which indicated you believe he is entitled to disclose the information in his possession without restrains and without UL's knowledge or approval. The fact that you're now representing him does not sufficiently reduce this risk or do so as effectively and with the certainty of an order from the Court.

To repeat what we've now said for a couple days, we do not understand what you find problematic with the order. We are now, frankly, struggling to understand why you refuse to engage with us about the basis for your objection.

We'll look forward to hearing from you and note we've now offered yet another window of availability for a call on this issue.

Rick

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Thursday, October 31, 2024 3:39 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631

To be clear, I am asking about the *legal* basis for the protective order… As in, what standard should the court be applying here, to substantiate UL's request for a protective order, and how has it been satisfied, in UL's view? I understand that the justification for the interim order was to "maintain the status quo" while Mr. Callington was unrepresented, but what is the legal basis or justification for extending that more permanently?

--



**Agatha M. Cole** (*she/her*)
*Beverly PLLC*
✉ agatha@beverlypllc.com   📞 +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

11

On Thu, Oct 31, 2024 at 15:22 Kienzler, Richard <RKienzler@littler.com> wrote:

Counsel,

I understand that you have been recently retained, but I would encourage you to review our complaint and the motion that we filed on September 3, 2024 [Doc. No. 5]. As is clear from the docket and our motion, the genesis for our concerns about the need for the order are that Mr. Callington is admittedly in possession of information that belongs to UL and its customers. We allege such information constitutes trade secrets and protected confidential information. We allege such information was improperly misappropriated during his employment and we allege Mr. Callington continues to maintain wrongful possession of such information. Mr. Callington has, among other conduct, refused requests to return such information to UL and also has deleted documents that he was instructed to preserve. Beyond those concerns, at the last status conference that you attended, you used veiled language that was not clear to us to reference apparent plans by Mr. Callington to disclose unknown information to unknown entities. That followed redlines from Mr. Callington that we disagreed with and objected to.

In your email from Tuesday, you stated that you have no objection to an order prohibiting the disclosure of documents "containing trade secrets, in which UL has a legitimate commercial interest." We were encouraged by that statement. You then stated that the parties need to account for Mr. Callington's ability to engage in "protected conduct under applicable whistleblower provisions," conduct permitted by the First Amendment, and conduct permitted by "other applicable law."

We want to take the opportunity to (again) tell you that we don't understand what it is that Mr. Callington wants or is planning to do but which would be improperly restricted by the order now in place. It is beginning to seem clear to us that you think that we are "missing something" in this situation, but all we can say is that we do not understand the basis for your apparent view that the order has shortcomings and needs to be modified.

If you would please articulate the basis for your viewpoint for us, we (again) will be happy to discuss the issues with you. We further note our view that a call this afternoon would be helpful to discuss these issues. If you want to delay such a call until we have proposed language from you to discuss, that's fine. But we're happy to get on the phone with the goal of understanding the basis of your position if you would like to do so.

Thanks,

Rick

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Agatha M. Cole <agatha@beverlypllc.com>
**Sent:** Thursday, October 31, 2024 1:15 PM
**To:** Kienzler, Richard <RKienzler@littler.com>
**Cc:** Griffith, Kevin <KGriffith@littler.com>; Levy, Emily <ELevy@littler.com>
**Subject:** Re: FW: UL LLC v. Callington, No. 24-cv-5631

Thanks, Richard. Could you please also help me understand the precise legal basis for the proposed protective order? Are you essentially relying on the injunctive relief provisions of the DTSA, or is there some other legal basis for the request?

--

Agatha M. Cole (*she/her*)
*Beverly PLLC*
agatha@beverlypllc.com  +1 (917) 524-8055
43 West 43rd Street, Suite 159, New York, NY 10036

On Thu, Oct 31, 2024 at 8:48 AM Kienzler, Richard <RKienzler@littler.com> wrote:

Counsel,

As requested.

Rick

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com

**Littler**
321 N Clark St, Suite 1100, Chicago, IL 60654

---

**From:** Kienzler, Richard
**Sent:** Thursday, September 19, 2024 1:45 PM
**To:** Proposed_Order_Wood@ilnd.uscourts.gov
**Cc:** Laritza_Arcos@ilnd.uscourts.gov; Joshua Callington <joshua@callington.net>; Griffith, Kevin <KGriffith@littler.com>
**Subject:** UL LLC v. Callington, No. 24-cv-5631

As instructed and pursuant to the Court's September 18, 2024 order [ECF No. 12], UL LLC submits a revised Proposed Document Preservation and Non-Disclosure Order for the Court's review. Mr. Callington is copied here.

In addition, UL submits: (i) a Status Report that was filed today in this matter (ECF 14); and (ii) a redlined version of the proposed order that contains edits proposed by Mr. Callington and to which UL does not agree.

If the Court would like additional information from us regarding this issue, please contact me.

Thank you.

**Richard Kienzler**
Shareholder
312.795.3254 direct, 217.553.0721 mobile, 312.602.3881 fax
rkienzler@littler.com



Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any

review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.