```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

UL LLC,                            )
                                   )
           Plaintiff,              )
                                   )
        vs.                        ) No. 24 CV 5631
                                   )
JOSHUA CALLINGTON,                 ) Chicago, Illinois
                                   ) October 23, 2024
           Defendant.              ) 9:25 a.m.

    TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING

           BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff:    LITTLER MENDELSON, P.C.
                      BY:  MR. RICHARD T. KIENZLER
                      321 North Clark Street, Suite 1100
                      Chicago, Illinois 60654

For the Defendant:    BEVERLY PLLC
                      BY:  MS. AGATHA M. COLE
                      43 West 43rd Street, Suite 159
                      New York, New York 10036




















Court Reporter:       Brenda S. Varney, CSR, RMR, CRR
                      Official Court Reporter
                      219 South Dearborn Street, Suite 2144D
                      Chicago, Illinois 60604
                      (312) 554-8931
                      brenda_varney@ilnd.uscourts.gov
```

```
                1     (Proceedings heard via telephone:)
                2          THE CLERK:  24 CV 5631, UL, LLC versus Callington.
                3          MR. KIENZLER:  Good morning, Your Honor.  Richard
                4  Kienzler on the line.  I'm sorry, Your Honor.  For the
09:25:23        5  plaintiff, this is Richard Kienzler.
                6          MS. COLE:  Good morning, Your Honor.  This is Agatha
                7  Cole representing Mr. Callington.
                8          THE COURT:  Ah, yes.  I see you filed an appearance
                9  this morning.
09:25:39       10          MS. COLE:  I did.
               11          THE COURT:  Okay.  So two things then that need to be
               12  addressed.  Welcome to the case, Ms. Cole.  One is an answer
               13  date now that Mr. Callington is represented.  And then two, I
               14  had discussed with the parties last time an order that would
09:26:14       15  require document preservation and nondisclosure pending a more
               16  permanent order being negotiated.
               17          Have you had time to get up to speed on the case?
               18          MS. COLE:  I have not had time to get fully up to
               19  speed; however, I have had an opportunity to familiarize
09:26:42       20  myself with the pleading.  And thank you for the opportunity
               21  to kind of put my thoughts out there of proposing a way of
               22  proceeding on both matters.
               23          I think in terms of the -- sorry.  There's a lot of
               24  interference noise there.  Can we just make sure that everyone
09:27:06       25  on the line is muted?  Thank you.
```

09:27:29

1	In terms of the motion that was discussed most
2	recently on the docket for a document preservation and
3	nondisclosure order, my understanding from speaking with
4	Mr. Callington is that that was under consideration in light
5	of the fact that he was pro se to kind of preserve the status
6	quo until he was able to retain counsel.  So I think that
7	would be moot at this point, though if I'm incorrect in that
8	understanding, Your Honor or opposing counsel can speak to
9	that.

09:27:56

10	In terms of the course of proceeding in this matter,
11	you know, I think, on its face, this looks like a very simple
12	case.  The reality or my perspective and my client's
13	perspective on the case in any event is that it's really a
14	retaliatory lawsuit to allow UL Solutions to essentially

09:28:21

15	silence against Mr. Callington and intimidate him and
16	blacklist him from the industry essentially.  And so, as one
17	might imagine, we anticipate that there will be quite a few
18	counterclaims and that a lot of factual research and
19	investigation needs to go into filing an appropriate response

09:28:45

20	to the pleadings.
21	I think in the ordinary course of things, under the
22	federal rules, the typical way of proceeding is to file a
23	pre-answer motion to dismiss and then, after that has been
24	resolved, you know, a responsive pleading.

09:29:01

25	I think in this case, given the posture of the case

|  |  |
|---|---|
| | 1 and the anticipated counterclaims, it might make more sense |
| | 2 for us to file a responsive pleading with counterclaims and |
| | 3 then for the Court to enter a briefing schedule on pleading |
| | 4 motions so that all of the claims and counterclaims can be |
| 09:29:34 | 5 sorted through more efficiently at the same time. |
| | 6     So that would be my proposal but, of course, you |
| | 7 know, subject to everyone's input. |
| | 8     THE COURT: So you are suggesting that you be |
| | 9 permitted to file a Rule 12(b)(6) motion after answering? |
| 09:29:59 | 10     MS. COLE: Yes. So what I would propose is that we |
| | 11 go ahead and file a responsive pleading, an answer with |
| | 12 counterclaims, and that after that responsive pleading that |
| | 13 both parties have an opportunity to file any Rule 12 motions |
| | 14 so that all of the claims and counterclaims can be kind of |
| 09:30:27 | 15 sorted through in order to determine, you know, what is |
| | 16 proceeding in this case and what is not. |
| | 17     THE COURT: If you answer, it would be a motion for |
| | 18 judgment on the pleadings pursuant to Rule 12(c). |
| | 19     MS. COLE: We could also alternatively do it that |
| 09:30:45 | 20 way. I think that, you know, in this case, there is also -- |
| | 21 the trade secrets claims and breach of contract claims raise |
| | 22 some anti-SLAPP issues. And so I think that that complicates |
| | 23 it in the sense that, you know, there are affirmative |
| | 24 counterclaims to be brought. And there's also a, I think, |
| 09:31:14 | 25 very strong and compelling case for the dismissal of certain |


      1  and the anticipated counterclaims, it might make more sense
      2  for us to file a responsive pleading with counterclaims and
      3  then for the Court to enter a briefing schedule on pleading
      4  motions so that all of the claims and counterclaims can be
09:29:34    5  sorted through more efficiently at the same time.
      6        So that would be my proposal but, of course, you
      7  know, subject to everyone's input.
      8        THE COURT: So you are suggesting that you be
      9  permitted to file a Rule 12(b)(6) motion after answering?
09:29:59  10        MS. COLE: Yes. So what I would propose is that we
     11  go ahead and file a responsive pleading, an answer with
     12  counterclaims, and that after that responsive pleading that
     13  both parties have an opportunity to file any Rule 12 motions
     14  so that all of the claims and counterclaims can be kind of
09:30:27  15  sorted through in order to determine, you know, what is
     16  proceeding in this case and what is not.
     17        THE COURT: If you answer, it would be a motion for
     18  judgment on the pleadings pursuant to Rule 12(c).
     19        MS. COLE: We could also alternatively do it that
09:30:45  20  way. I think that, you know, in this case, there is also --
     21  the trade secrets claims and breach of contract claims raise
     22  some anti-SLAPP issues. And so I think that that complicates
     23  it in the sense that, you know, there are affirmative
     24  counterclaims to be brought. And there's also a, I think,
09:31:14  25  very strong and compelling case for the dismissal of certain

09:31:45

1 claims in UL Solutions' pleadings. However, I think that it
2 is in Mr. Callington's interest to put his affirmative
3 counterclaims in issue into the case before motions and
4 cross-motions on the sufficiency of the pleadings, if that
5 makes sense.
6     THE COURT: If you have a Rule 12(b)(6) motion, that
7 rule provides that a motion asserting that defense must be
8 made before pleading if a responsive pleading is allowed. So
9 you are asking for a deviation from the rules.

09:32:05

10     If you know that you have a basis for a motion to
11 dismiss, I don't see why you wouldn't be able to raise it now.
12 And you can still file a counterclaim. It happens all the
13 time where people file a motion to dismiss and a separate
14 document that has their counterclaim in it.

09:32:24

15     Let me see what the plaintiff's view of this is.
16     Have you discussed any of this with plaintiff's
17 counsel?
18     MS. COLE: No, I have not. I just entered my
19 appearance this morning, and I am still very much getting my

09:32:37

20 bearings.
21     In asking for this deviation, I'm just thinking about
22 what would be the most efficient way to sort out which claims
23 are proceeding and which are not. And because we would be
24 raising, I think, several counterclaims, I just thought of

09:32:54

25 this proposed deviation as a more efficient way of proceeding

|   |   |
|---|---|
| | 1 in a lawsuit that is likely to have lots of counterclaims. |
| | 2 But if there's disagreement either from opposing counsel or |
| | 3 from the Court, we are open to proceeding with a motion to |
| | 4 dismiss first. I just think -- |
| 09:33:15 | 5 THE COURT: Let me hear from plaintiff's counsel. |
| | 6 And I don't mean to rush the parties along, but I do have a |
| | 7 criminal jury trial that is under way so I have a more limited |
| | 8 window of time. And I think I understand the issues so I |
| | 9 would like to hear plaintiff's response. |
| 09:33:33 | 10 MR. KIENZLER: Judge, Richard Kienzler. I can be |
| | 11 brief. |
| | 12 I appreciate that Counsel's getting up to speed. I |
| | 13 appreciate the perspective that this is a complex case. I |
| | 14 appreciate the suggestion that there's going to be |
| 09:33:53 | 15 counterclaims. I think the Federal Rules of Civil Procedure |
| | 16 have long envisioned and can help us through this situation. |
| | 17 If they want to file a motion to dismiss, I think |
| | 18 they should file it. If they file an answer and then they try |
| | 19 to file a Rule 12(b) motion, we will attack that as improper; |
| 09:34:15 | 20 but if they answer and they want to file a motion for judgment |
| | 21 on the pleadings, that seems procedurally proper. |
| | 22 I guess my point is I think the existing federal |
| | 23 rules give them all the latitude that they would need to |
| | 24 proceed with counterclaims, attacks on our claims. And |
| 09:34:38 | 25 whenever they file something, which we would like to be sooner |

|          |    |                                                                          |
|----------|----|--------------------------------------------------------------------------|
|          | 1  | rather than later given that we filed this complaint on                  |
|          | 2  | July 3rd, we'll make an appropriate response whether that's on           |
|          | 3  | the merits or whether that's procedural argument. I don't                |
|          | 4  | really know what they're planning to do.                                 |
| 09:34:56 | 5  | THE COURT: Okay. And then, Mr. Kienzler, do you                          |
|          | 6  | agree with defense counsel's position that there's no longer a           |
|          | 7  | need for the interim document preservation order?                        |
|          | 8  | MR. KIENZLER: Well, Your Honor, I mean, the                              |
|          | 9  | principal point of that motion was because Mr. Callington was            |
| 09:35:18 | 10 | unrepresented and had asked for an extensive request for --              |
|          | 11 | you know, an extension of time.                                          |
|          | 12 | I mean, I would say that you granted the request for                     |
|          | 13 | our order last time. We're certainly happy that he has found             |
|          | 14 | representation. We think that the order should still be                  |
| 09:35:44 | 15 | entered, but the fact is that he now has representation.                 |
|          | 16 | That's what we were hoping for all along, that he found a                |
|          | 17 | lawyer to represent him so that we can move this case forward.           |
|          | 18 | That's our ultimate goal.                                                |
|          | 19 | THE COURT: So here's what I'm going to do. I'm                           |
| 09:36:05 | 20 | going to go ahead and enter the proposed order that was sent             |
|          | 21 | to my proposed order email box for an interim nondisclosure              |
|          | 22 | and document preservation order.                                         |
|          | 23 | The only change that was requested by the defendant                      |
|          | 24 | when he was pro se that I am going to make is adding the word            |
| 09:36:34 | 25 | "interim" to the caption.                                                |

1               There is some language in one paragraph that the
2     parties were disputing.  I'm going to make a slight edit just
3     so that it reads, I think, a little more smoothly, and that is
4     the requirement that to the extent Mr. Callington does make a
5     disclosure to a federal, state, or local law enforcement or
6     government agency that he do so -- that his disclosure must
7     comply with the requirements of the federal Defend Trade
8     Secret Act.  But I'm going to break that up into two sentences
9     with language that I'm more comfortable with, and I'm going to
10    enter the order.
11              I'm going to do that because I was left with the
12    distinct impression at the last status hearing that
13    Mr. Callington was a risk to disclose information on his own
14    for his own motives, and I do think it makes sense to have
15    something in place.
16              I'm also going to direct counsel, now that we have
17    counsel in the case, to meet and confer regarding a
18    longer-term confidentiality order or protective order that
19    will supersede this one because I appreciate that new counsel
20    coming into the case has not had an opportunity to negotiate a
21    confidentiality order with plaintiff's counsel.
22              So, Ms. Cole, I am directing you to meet and confer
23    with plaintiff's counsel regarding a longer-term
24    confidentiality order that deals with how documents are going
25    to be treated.

|   |   |   |
|---|---|---|
|  | 1 | I would like the parties to file a motion for entry |
|  | 2 | of such an order that reflects the results of your |
|  | 3 | negotiations no later than November 15th.  You will -- |
|  | 4 | MS. COLE:  Your Honor -- |
| 09:38:56 | 5 | THE COURT:  -- in place and then a longer-term order |
|  | 6 | for the duration of the case. |
|  | 7 | Yes, Ms. Cole? |
|  | 8 | MS. COLE:  May I just ask for clarification? |
|  | 9 | The interim order is confined to information that |
| 09:39:13 | 10 | would be subject to DTS protection, right?  So he's not being |
|  | 11 | restrained from speaking out about things that he saw that |
|  | 12 | would not be covered by DTS like, for example, violations of |
|  | 13 | federal law and anything of that nature, correct? |
|  | 14 | THE COURT:  It addresses documents and information |
| 09:39:40 | 15 | alleged to belong to UL and/or UL customers or their suppliers |
|  | 16 | or other business partners that is in his possession or any |
|  | 17 | third person's possession.  And then there are lists -- there |
|  | 18 | are bullet lists that include audit reports, internal |
|  | 19 | communications. |
| 09:40:04 | 20 | So this is protecting the actual information and |
|  | 21 | documents.  It is not a gag order.  It's not saying that he |
|  | 22 | can't speak.  It also has specific provisions allowing for the |
|  | 23 | production of information to a government agency, et cetera. |
|  | 24 | So I'd like to get something in place. |
| 09:40:29 | 25 | If you look at this which he did discuss and which we |

|      |    |                                                                   |
|------|----|-------------------------------------------------------------------|
|      | 1  | did discuss on the line and if you think that there need to be    |
|      | 2  | changes, you can immediately file a motion and request            |
|      | 3  | something sooner.  You don't have to wait until November 15th.    |
|      | 4  | I just do think it's appropriate to have something in             |
| 09:40:48 | 5  | place.  I did previously say that I would grant the order.    |
|      | 6  | And this will be something that you can renegotiate.  If you      |
|      | 7  | have any concerns about the scope of it, bring it to my           |
|      | 8  | attention immediately.                                            |
|      | 9  | MS. COLE:  Well, because you asked for immediate                  |
| 09:41:07 | 10 | attention, I would just like to note for the record that      |
|      | 11 | Mr. Callington objects to the entry of an order that would        |
|      | 12 | restrain his ability to engage in protected conduct including,    |
|      | 13 | you know, his First Amendment right to speak about things that    |
|      | 14 | are not otherwise protected from disclosure by DTS or other       |
| 09:41:33 | 15 | law.                                                          |
|      | 16 | So to the extent that the order would simply                      |
|      | 17 | memorialize his existing legal obligations and duties under       |
|      | 18 | the DTS and other contractual obligations, we have no             |
|      | 19 | objection to the order; however, to the extent that, you know,    |
| 09:41:48 | 20 | it restrains his ability to engage in protected conduct under |
|      | 21 | various whistleblower statutes, under anti-SLAPP statutes, and    |
|      | 22 | under the First Amendment, we would just note our objection to    |
|      | 23 | that.                                                             |
|      | 24 | THE COURT:  So I believe the order just has to do                 |
| 09:42:06 | 25 | with actual documents and information that are alleged to have |

|   |   |   |
|---|---|---|
| | 1 | been taken by him.  It does not restrict his speech.  It |
| | 2 | reflects concerns about the disclosure and further |
| | 3 | dissemination of actual documents, records, emails, things of |
| | 4 | that nature. |
| 09:42:28 | 5 | Am I recalling that correctly, Mr. Kienzler? |
| | 6 | MR. KIENZLER:  That's correct, Your Honor. |
| | 7 | THE COURT:  I'll be frank with the parties.  I may |
| | 8 | need to reschedule this hearing if we're going to have an |
| | 9 | extended discussion because I do have a trial and I have |
| 09:42:47 | 10 | jurors who are waiting.  And, frankly, Ms. Cole, since you had |
| | 11 | not previously filed an appearance, I was not expecting |
| | 12 | counsel to be present for this hearing.  So we may need to |
| | 13 | reset the matter to when I would have a longer time period to |
| | 14 | discuss the issue with counsel if you would like to do that. |
| 09:43:07 | 15 | MS. COLE:  Yes, if Your Honor is amenable to that, I |
| | 16 | think that if we could just preserve the status quo until we |
| | 17 | can have a slightly longer hearing to discuss that motion, I |
| | 18 | think that would be most preferable.  And I can be available |
| | 19 | as soon as Your Honor is available to do that. |
| 09:43:26 | 20 | I want to have an opportunity to review the proposed |
| | 21 | interim order.  And perhaps even through conversation with |
| | 22 | opposing counsel, we can come to you at that time with a |
| | 23 | mutually agreed solution.  I worry that putting something on |
| | 24 | the docket now will, you know, tie our hands in a way that we |
| 09:43:49 | 25 | don't want to have adversarial -- |

|   |   |
|---|---|
| | 1    THE COURT:  Ms. Cole, are you in a position to assure |
| | 2  me that your client is not going to further disseminate any |
| | 3  documents or information that he is alleged to have taken |
| | 4  improperly from the plaintiff? |
| 09:44:07 | 5    MS. COLE:  He certainly will not do so improperly, |
| | 6  and anything of that nature that he would be doing would be on |
| | 7  the advice of counsel and under counsel's supervision.  And so |
| | 8  I can assure you that he will not engage in any violations of |
| | 9  law and that we are working together very carefully as to any |
| 09:44:34 | 10  kind of disclosure that he makes to government agencies or |
| | 11  otherwise. |
| | 12    MR. KIENZLER:  Judge, may I be heard? |
| | 13    THE COURT:  You may, but, again, I need you to keep |
| | 14  it brief because I do have another matter waiting. |
| 09:44:45 | 15    MR. KIENZLER:  I appreciate that, and I will be very |
| | 16  brief. |
| | 17    I believe that what Ms. Cole is proposing is what |
| | 18  this Court has already suggested occur.  You have heard her |
| | 19  say that -- she's being very cautious in what she is saying to |
| 09:45:01 | 20  you and what she's representing to this Court.  And I |
| | 21  appreciate that, but she's not saying that he has no plans to |
| | 22  disclose information.  She's saying that he has no plans to do |
| | 23  so improperly. |
| | 24    And what this Court has offered the parties is to |
| 09:45:16 | 25  enter the order, instruct us to meet and confer on a |

1  longer-term order which UL is prepared to do this week, next
2  week, whenever, and then we will come back to you. So what
3  she's suggesting, to my ears, is what you've already offered.
4  　　　　　MS. COLE: I would disagree with that
5  characterization of what I am suggesting. I am suggesting --
6  　　　　　THE COURT: Okay. Here's what I'm going to do. I am
7  going to enter the order.
8  　　　　　Your client was representing himself, and we did have
9  a discussion about this order. He was in a position to agree
10 or not agree. I heard his objections.
11 　　　　　What I'm most concerned about is maintaining the
12 status quo until the parties have a chance to have a fulsome
13 discussion with both sides represented by counsel about a
14 longer-term solution.
15 　　　　　The most I will offer at this point is I'll set a
16 shorter date of November 1st which is about 10 days from now,
17 a little less than 10 days, for the parties to meet and confer
18 and file a longer-term solution.
19 　　　　　If you cannot reach agreement, you can file competing
20 orders, but, to be clear, there is nothing in the order that's
21 going to be entered that Mr. Callington didn't know about and
22 understand would be his obligations when he appeared
23 previously.
24 　　　　　I think the appropriate thing certainly, Ms. Cole,
25 for you to do is to respond quickly if you think there's a

1  concern; but I do think allowing additional time to pass or to
2  suggest that there aren't any obligations in the interim is
3  concerning to me, and I think the parties should have a chance
4  to discuss to make sure you're on the same page.
5           That is my ruling. You're going to meet and confer.
6  File an agreed motion within a week from Friday, by
7  November 1st. And you can certainly move more quickly than
8  that.
9           With respect to an answer date here, I see no reason
10 to alter the rules of procedure. I'm going to set a date for
11 a responsive pleading or other response to the complaint under
12 Rule 12.
13          If you decide to answer and file a counterclaim,
14 that's fine. You may also file a motion to dismiss and a
15 counterclaim, or you can just file a motion to dismiss; but I
16 am not inclined to muddy the waters or the record by confusing
17 things as to whether a motion is going to be a 12(b)(6)
18 motion, a 12(c) motion. It wouldn't surprise me if something
19 were suggested along the lines of converting something early
20 on to a Rule 56 motion.
21           I think the rules set out a sequence in which these
22 motions are intended to be decided for a variety of reasons,
23 and I think, while I appreciate the suggestion from defense
24 counsel that we try to streamline things, my greater concern
25 is that it would create confusion as to what stage in the case

1  we are at and, frankly, take longer for things to get started
2  because if I understand correctly, it sounds like counsel is
3  already anticipating taking a significant amount of time to
4  investigate the potential counterclaims to put together that
5  pleading.
6      So I do want to have an answer date, and I do think
7  that counsel should plan on following the sequence that's laid
8  out in the rules which means a Rule 12 motion asserting any of
9  the defenses in Rule 12(b) must be made before a responsive
10 pleading.  You could also do it at the same time, but I don't
11 think it would be appropriate to alter the sequence so that
12 you would answer and file a counterclaim and then, down the
13 line, there would be cross-motions for Rule 12(b) relief.  I
14 don't think that would be appropriate.
15      So one moment here.  I'm going to set a further
16 status date.  I am also going to set a responsive pleading
17 date, but I'm going to set the next status in advance of the
18 responsive pleading date so that I can make sure that the
19 parties are on the same page with respect to how we're going
20 to proceed.
21      I'll get my calendar here.  Okay.  I can hear from
22 the parties next at a status, if you are available, on
23 November 6th, I believe.
24      MR. KIENZLER:  I'm sorry, Your Honor.  Did you say
25 five or six?

| | | |
|---|---|---|
| | 1 | THE COURT: Six. And I would set it -- just because |
| | 2 | of other conflicts in my schedule, I'm going to propose to set |
| | 3 | that for 1:30 in the afternoon. |
| | 4 | Are the parties available for what can be a |
| 09:52:34 | 5 | telephonic status? I understand, Ms. Cole, that you are |
| | 6 | located out of town? |
| | 7 | MS. COLE: Yes, Your Honor. |
| | 8 | THE COURT: A status hearing at 1:30 in the afternoon |
| | 9 | by telephone on November 6th, does that work for plaintiff's |
| 09:52:52 | 10 | counsel? |
| | 11 | MR. KIENZLER: Yes, Your Honor. |
| | 12 | THE COURT: Does that work for defense counsel? |
| | 13 | MS. COLE: It does, Your Honor. And just to clarify, |
| | 14 | the purpose of that status hearing would be to discuss the |
| 09:53:03 | 15 | proposed confidentiality order; is that correct? |
| | 16 | THE COURT: So if you're not able to reach agreement |
| | 17 | on it, then I will resolve any difference and get the |
| | 18 | longer-term confidentiality order in place. |
| | 19 | If you would like, Ms. Cole, I will hold off on |
| 09:53:20 | 20 | setting an answer date for your client until that November 6th |
| | 21 | hearing. Would you prefer that? |
| | 22 | MS. COLE: That would be preferable. Yes, please. |
| | 23 | Thank you. |
| | 24 | THE COURT: So at that hearing, we will set a |
| 09:53:33 | 25 | responsive pleading date. |

1    If you already anticipate that you will have a
2 counterclaim, we can talk about a schedule for getting that on
3 file as well as well as a case plan going forward, but I
4 appreciate that Ms. Cole may need a little bit of time to get
5 up to speed before we're ready to put a full case schedule in
6 place.
7    Is there anything that must be discussed this morning
8 because I do have to head out to my trial?
9    MS. COLE:  Nothing for Mr. Callington, Your Honor.
10   THE COURT:  Okay.  From the plaintiff?
11   MR. KIENZLER:  Nothing further from the plaintiff.
12   We appreciate your time, Your Honor.
13   THE COURT:  Okay.  Thank you.  Have a good day.
14   MS. COLE:  Thank you.
15   (Proceedings adjourned at 9:54 a.m.)
16              *   *   *   *   *   *

1  C E R T I F I C A T E

2

3      I, Brenda S. Varney, certify that the foregoing is a
4 complete, true, and accurate transcript from the record of
5 proceedings on October 23, 2024, before the HONORABLE
6 ANDREA R. WOOD in the above-entitled matter.

7

8

9 */s/Brenda S. Varney, CSR, RMR, CRR*          November 22, 2024
10 Official Court Reporter                      Date
   United States District Court
11 Northern District of Illinois
   Eastern Division
12

13

14

15

16

17

18

19

20

21

22

23

24

25