IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UL LLC,<br><br>        *Plaintiff*,<br><br>-v-<br><br>JOSHUA CALLINGTON,<br><br>        *Defendant*. | Case No. 1:24-cv-05631<br>Hon. Andrea R. Wood |

## MOTION / REQUEST FOR CLARIFICATION REGARDING UPCOMING HEARING AND SUBSEQUENT COURSE OF PROCEEDINGS

At the most recent status hearing, held January 30, 2025, the Court apprised the parties of its intent to issue a written decision and order on defendant Joshua Callington's ("Mr. Callington") *Motion to Dissolve the Interim Protective Order* (CM/ECF No. 23) (Nov. 16, 2024) within several days and solicited the parties' views on a proposed course of action for resolving any evidentiary issues that may arise in connection with the *Special (Anti-SLAPP) Motion to Strike and/or Dismiss All Claims* (CM/ECF No. 31) (*orig.* Jan 6, 2025; *corr.* Jan. 7, 2025).

Despite having privately engaged in extensive back-and-forth to compromise on a proposed briefing schedule ahead of that hearing (CM/ECF No. 35), counsel for plaintiff UL LLC ("UL") insisted on requesting still more time from the Court, beyond that which had already been stipulated and agreed upon by the parties, to file its opposition papers. As discussed on the record, the undersigned counsel ultimately

1

consented to that request on the understanding that doing so could ultimately facilitate a more efficient resolution by allowing UL to file a more fulsome response, along with any supporting evidentiary materials—and scheduling another hearing, shortly thereafter, to assess the Court's need for any further evidentiary submissions (from either party) ahead of the final reply brief submission deadline. By doing so, that is, the Court and the parties could reasonably expect to avoid the need for multiple additional rounds of briefing and evidentiary submissions that would further delay a disposition.

The Court seemingly approved of that proposal and entered the following revised schedule:

|  | original / default briefing schedule | stipulated deadlines per consent motion (CM/ECF No. 35) | as revised at Jan. 30 status hearing (CM/ECF No. 36) |
|---|---|---|---|
| Defendant's Special Motion to Strike Pursuant to Anti-SLAPP provisions of Oregon law, OR. REV. STAT. § 31.150 | **January 6** (correction filed Jan. 7) | - | - |
| Plaintiff's Response in Opposition | January 21 | February 6 | **February 13** |
| Status Hearing | - | - | **February 24** |
| Defendant's Reply | February 4 | February 20 | **February 27** |

On February 21, 2025, however, the Clerk indicated that the anticipated hearing had been rescheduled, as follows:

```
Due to a change in the Court's schedule, telephonic status
hearing set for 2/24/2025 is stricken and reset for 3/5/2025
at 9:45 AM
```
(CM/ECF No. 40).

Although not specifically addressed in that docket entry, the undersigned presumes that the Court still intends proceed as discussed with the hearing, as

2

discussed, before directing or accepting further briefing and/or evidentiary submissions on the pending special motion. Because the docket could otherwise be read, in isolation, as requiring the motion to be fully and finally briefed before then, however, the undersigned counsel hereby seeks the instant clarification to confirm that understanding in preparation for the upcoming hearing and anticipating the course of proceedings thereafter.

Dated: February 27, 2025
New York, NY

    Respectfully Submitted,

By:   */s/ Agatha M. Cole*
     Agatha M. Cole
     BEVERLY PLLC
     43 West 43rd Street, Suite 159
     New York, NY 10036
     (828) 773-2628
     agatha@beverlypllc.com

*Counsel for Defendant,*
    *Joshua Callington*