IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UL LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **JOSHUA CALLINGTON,** <br><br> Defendant. | Case No. 1:24-cv-05631 <br><br> Hon. Andrea R. Wood |

## UL LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT JOSHUA CALLINGTON'S REPLY AND SEALED EXHIBIT A

Pursuant to the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules, including Fed. R. Civ. P. 12(f) and Local Rules 78.3 and 26.2, Plaintiff UL LLC ("UL"), by and through the undersigned counsel, respectfully moves for an Order striking Defendant Joshua Callington's ("Callington") *Reply Brief in Further Support of Defendant's Special (Anti-SLAPP) Motion* ("Reply") due to Callington's failure to file by the Court's March 19, 2025 deadline without consent from UL, stated excuse, or an Order from this Court. Further, even if the Court considers the Reply, purportedly "Sealed" Exhibit A to the Reply is improper and must be stricken because (1) the Oregon anti-SLAPP statute expressly only allows the Court to consider the pleadings and affidavits when making its determinations under the statute, and (2) Callington did not follow the Court's proper procedures for filing a document under seal. Accordingly, UL respectfully requests that the Court grant its Motion to Strike.

I.  **LAW AND ARGUMENT**

   A.  **Callington's Reply Brief Should Be Stricken In Its Entirety As Untimely.**

Callington failed to file his Reply by the Court-ordered deadline of March 19, 2025, and, therefore, his Reply must be stricken.[1] Under Local Rule 78.3, "[f]ailure to file a reply memorandum within the requisite time ***shall be deemed a waiver of the right to file***." L.R. 78.3 (emphasis added). The Northern District of Illinois has held that it has no obligation to accept documents filed late and/or without leave of court because "[s]uch documents are considered never filed" unless the court allows the filing in its discretion. *Willis v. Estrada*, No. 91 C 6288, 1995 WL 398873, at *4 (N.D. Ill. July 2, 1995).

In *Willis*, for example, the plaintiff moved to strike the defendants' reply in support of their motion to dismiss as untimely. *Id.* at *1. On review, the court determined that the defendants' brief should be stricken because it was untimely, was filed without leave of court, and because it presented arguments previously made in the defendants' original motion. *Id.* at *4. Notably, in making its determination, the court was not concerned about whether the record was "complete." *Id.*

Here, during a status conference on March 5, 2025, the Court instructed Callington to file his Reply by March 19, 2025. (*See* Minute Entry, ECF No. 43 ("Telephonic status hearing held on 3/5/2025. As discussed on the record, Defendant shall file a reply to their motion to dismiss by 3/19/2025.")). By his filing deadline on March 19, 2025, Callington notably had not sought an extension from UL's counsel, nor asked for leave of Court to file after the deadline. Instead, Callington simply made his filing on March 20, 2025. (*See* Callington's Motion, ECF No. 31). In

---

[1] Although Callington's counsel signed and dated the Reply as "March 19, 2025," the Reply was not filed until March 20, 2025 at 4:47 a.m. (Central Standard Time) and Sealed Exhibit A was not filed until March 20, 2025 at 5:11 a.m. (Central Standard Time). (*See* ECF Nos. 46 and 47).

2

short, Callington's Reply is untimely and, consistent with the Local Rules and applicable case law, the Court should strike it in its entirety.

   **B.**  **Exhibit A To The Reply Should Be Stricken Because It Is Both Improperly Attached As A Matter Of Oregon Law, And It Was Submitted Without Complying With The Court's Procedures For Sealing Records.**

Further, if the Court considers Callington's Reply in making its decision, Sealed Exhibit A should be stricken from the record because (1) it is not a document allowed by the Oregon statute on which Callington bases his dismissal arguments and (2) the Court's process for sealing an electronically filed document was not followed.

    **1.**  *Exhibit A Must Be Stricken Under Oregon's Anti-SLAPP Statute Because It Is Neither A Pleading Nor An Affidavit.*

In addition, Exhibit A to Callington's Reply must be stricken because it may not be considered under relevant law.[2] Specifically, Oregon's anti-SLAPP statute states, "In making a determination under subsection (1) of [Or. Rev. Stat. § 31.150], the court shall consider ***pleadings*** and supporting and opposing ***affidavits*** stating the facts upon which the liability or defense is based." Or. Rev. Stat. § 31.150(4) (emphasis added). Exhibit A to Callington's Reply, an assortment of dated emails which were not referenced in any of the parties' previously filed pleadings or motions, clearly does not fit within the express language of Oregon's anti-SLAPP statute. Nor has Callington cited any Oregon case law that provides a more expansive interpretation of the statute's plain language, or that has permitted the submission of evidentiary materials beyond what is in the pleadings and affidavit testimony.

---

[2] As stated in UL's Memorandum in Opposition to Callington's Special Motion to Strike or Dismiss All Claims Pursuant to Anti-SLAPP Provisions of Oregon Law, UL does not agree with Callington's interpretation and application of Oregon's anti-SLAPP statute, including that UL's claims "fall squarely within" the scope of the statute. Nevertheless, for purposes of Callington's Special Motion, UL assumes that Oregon law would apply and therefore conducts the analysis of the purported "defense" under Oregon law.

Further, and as discussed in the last status conferences, UL intentionally did not attach any non-pleading or non-affidavit documents—and UL is alleging that Callington improperly and covertly took over *76,000* internal UL documents over the course of several years (*see* Complaint, ECF No. 1, PageID#17)—due to the constraints expressly outlined in the Oregon anti-SLAPP statute. *See generally*, Or. Rev. Stat. § 31.150(4). (*See also* UL's Memorandum in Opposition to Callington's Motion to Strike or Dismiss, ECF No. 39, PageID#311, fn. 4). Attaching such documents for the first time to a Reply also does not permit UL to provide other evidence in response—something the Oregon statute, of course, does not permit. Accordingly, based on the plain language of Oregon's anti-SLAPP statute, and because Exhibit A is neither a pleading nor an affidavit, Exhibit A must be stricken from the record.

    **2.**    *Exhibit A Must be Stricken Under Local Rule 26.2 Because Callington Did Not Follow Proper Procedure for Sealing a Document.*

Callington's refusal to follow the process outlined by this Court in Local Rule 26.2 to seal an electronically filed document independently justifies the removal of Exhibit A from the record. Local Rule 26.2 expressly outlines the process regarding properly sealing a document filed electronically. *See* L.R. 26.2. The Rule provides that any party who wishes to file a document electronically under seal in connection with a brief ***must***:

> (1)    Electronically file a public-record redacted version of the brief, motion, or other filing, with those portions of the text that the party proposes to be placed under seal redacted in the text of the filing as well as any portions of attached exhibits also redacted. *If an attached exhibit (or similar document) is proposed to be fully redacted, a corresponding exhibit sheet marked "Fully Redacted" should be attached to the motion in lieu of including a fully redacted document;*
>
> (2)    Provisionally file the non-redacted version of the entire document, including all exhibits, under seal. The document provisionally filed under seal must include the proposed redactions highlighted in a visible color in the text of the document so that the text is readable. If the proposed sealed document is an exhibit or

similar document and the party is requesting that the entire document be placed under seal, the exhibit should be marked as "Under Seal" using a full-page watermark notation or highlighting the entire document as described above. If only portions of the attached exhibit or document are proposed to be placed under seal, then those portions of the exhibit or document should be highlighted as described above; and

(3) The party seeking to file a document under seal must file a motion with the court. The sealing motion must be filed before or simultaneously with the provisional filing of the document under seal and must be noticed for presentment promptly thereafter. ***Any document filed under seal without such a sealing motion may be stricken by the court without notice.*** Any motion seeking to seal a document or portion of document must articulate the basis for good cause to justify the sealing, and should do that on an item by item basis. A statement generally asserting good cause does not satisfy this standard.

*Id.* at L.R. 26.2(c) (emphasis added). Further, and as emphasized above, "[a]ny document filed under seal without such a sealing motion may be stricken by the court without notice." *Id.*

Here, on March 20, 2025, Callington filed his Reply (unsealed). (*See generally*, ECF No. 46). He later filed a purportedly Sealed Exhibit A, without filing a redacted version and without filing a sealing motion with the Court. (*See generally*, ECF No. 47). Accordingly, due to Callington's failure to follow any of the Court's outlined process for electronically filing a document under seal, and because the exhibit is not properly attached pursuant to the Oregon anti-SLAPP statute, UL respectfully requests that the Court strike Exhibit A from the record.

## II. CONCLUSION

For the foregoing reasons, UL respectfully requests this Court strike Callington's Reply in its entirety for failure to file by the Court's deadline. Alternatively, UL requests this Court strike Exhibit A to Callington's Reply because it is an improper attachment under Oregon's anti-SLAPP statute and because Callington failed to file the document properly under seal despite labeling it as such.

5

Date: March 27, 2025 　　　　　　　　　　　　Respectfully submitted,

**UL LLC**


By: */s/ James M. Witz*　　　　　　　　　
One of Plaintiff's Attorneys

James M. Witz
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone:　312.795.3246
Facsimile:　312.277.9416
E-mail:　　jwitz@littler.com

Kevin E. Griffith (*pro hac vice*)
Emily E. Levy (*pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH  43215
Telephone:　614.463.4210
Facsimile:　614.737.9135
E-mail:　　kgriffith@littler.com
　　　　　elevy@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 27th day of March, 2025, filed a copy of the foregoing document, *UL LLC's Memorandum in Support of Its Motion to Strike Defendant Joshua Callington's Reply and Sealed Exhibit A*, electronically. Counsel of record for Defendant may access this filing through the Court's system.

/s/ James M. Witz
An Attorney for Plaintiff

4907-5005-7263 / 118575.1072