IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UL LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:24-cv-05631 |
| | ) | |
| -v- | ) | Hon. Andrea R. Wood |
| | ) | |
| Joshua Callington, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**MOTION FOR LEAVE TO FILE AMICUS BRIEF**

(1) The Whistleblower and Source Protection Program (WHISPeR) at ExposeFacts is a non-partisan, non-profit program that facilitates investigative journalism in the public interest by providing pro bono, direct legal representation to whistleblowers and media sources with a focus on human rights and civil liberties. WHISPeR attorneys represent whistleblowers and media sources from within government and the private sector, whose interests are impacted by the increasing prevalence of Strategic Lawsuits Against Public Participation (SLAPPs).

(2) Although not required by the Court's local rules, WHISPeR notified counsel for all parties of its intent to file this amicus brief and sought their consent for doing so as a professional courtesy. Counsel for Defendant Joshua Callington consents to the filing. In an email dated April 11, 2025, Plaintiff UL LLC responded to the request, as follows:

> UL does not consent to the filing of an amicus brief at this stage of the proceedings. First, to date, the parties' have already completed briefing on Mr. Callington's anti-SLAPP motion and the Court has already conducted

8

an extensive conference with counsel to hear the parties' respective positions and legal arguments on the motion. Further, a considerable length of time has passed since the anti-SLAPP motion was filed (over three months), which has caused further delay in the discovery and adjudication of the merits of the claims in the case.

(3)     District courts have broad discretion to determine whether to accept amicus briefs, and can consider doing so when, *inter alia,* "… the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

(4)     WHISPeR possesses unique expertise from having represented media sources and whistleblowers that can inform the Court regarding the impact of SLAPP suits on the First Amendment, whistleblowers, media sources, and the freedom of the press. Accordingly, WHISPeR respectfully requests leave to file the following *amicus* brief to aid in the Court's consideration of the issues presented by the pending anti-SLAPP motion and the policy implications of its decision in this case.

Dated: April 21, 2025

Respectfully submitted,

/s/ *Leonard C. Goodman*
Leonard C. Goodman
Angela J. Reaney
GOODMAN LAW OFFICE
53 W. Jackson Blvd., Suite 1650
Chicago, IL 60604
(312) 986-1984
lcgoodman@rcn.com

*Counsel for Amicus Curiae,*
*Whistleblower & Source Protection Program (WHISPeR), ExposeFacts*