IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-05631 |
| | ) | |
| -v- | ) | Hon. Andrea R. Wood |
| | ) | |
| Joshua Callington, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO
FILE AMICUS CURIAE BRIEF OF THE WHISTLEBLOWER
AND SOURCE PROTECTION PROGRAM (WHISPeR) IN
SUPPORT OF DEFENDANT'S ANTI-SLAPP MOTION**

WHISTLEBLOWER & SOURCE PROTECTION
PROGRAM (WHISPeR), EXPOSEFACTS
Jesselyn Radack
1717 K Street, NW, Suite 900
Washington, DC 20006
(301) 351-3582

GOODMAN LAW OFFICE
Leonard C. Goodman
Angela J. Reaney
53 W. Jackson Blvd., Suite 1650
Chicago, IL 60604
(312) 986-1984

*Counsel for Amicus Curiae,
Whistleblower & Source Protection
Program (WHISPeR), ExposeFacts*

The Whistleblower and Source Protection Program (WHISPeR) respectfully submits the following reply, in light of UL's opposition to its motion for leave to file an amicus curiae brief (Doc. 54) in this case.

(1) UL misstates both the legal standard and the nature of WHISPeR's amicus brief. UL's opposition is premised on the mistaken assertion that Oregon's anti-SLAPP statute categorically bars the Court from considering amicus briefs, as though such filings were procedurally equivalent to evidentiary materials. That argument is meritless. Nothing in Or. Rev. Stat. § 31.150(4)—which governs the materials a court may consider "in making a determination" on the motion—precludes the Court from receiving legal argument from a qualified amicus, with no evidentiary function. WHISPeR's brief offers no facts, affidavits, or documents for consideration. It advances legal analysis and public interest perspectives based on its expertise, experience, and insight that may have a bearing on certain issues in the case.. Nothing in the anti-SLAPP statute—or any authority cited by UL—bars this Court from considering legal arguments submitted by a non-party under its inherent discretion to permit amicus participation.

(2) Courts routinely allow amicus filings at all stages of litigation where—as here—the case raises novel legal questions and implicates public interests beyond those of the immediate parties. *See Rawson v. ALDI, Inc.,* No. 21-cv-2811, 2022 WL 1556395, at 14 (N.D. Ill. May 17, 2022) (J. Alonso) (emphasizing the discretionary nature of the district court's consideration of an amicus brief at the motion to dismiss stage). WHISPeR trusts that the Court can and will exercise appropriate discretion in weighing the views set forth in its amicus brief, as it sees fit.

(3) WHISPeR's motion for leave is timely and appropriate in light of the context and circumstances of this case. UL's invocation of appellate deadlines for amicus briefs under the Federal Rules of Appellate Procedure has no application or bearing upon the timing of such filings

in district courts, where no such deadlines have ever been imposed. This makes sense, given the starkly different procedural posture of federal appeals; in the appellate context, the record is complete from the outset and amici have plenty of notice about issues and briefing deadlines. Even then, the purpose of those deadlines is to ensure that appellate courts have an opportunity to consider arguments put forth by all interested parties without delaying proceedings. Here, no ruling has been issued and the briefing on Defendant's anti-SLAPP motion is still ongoing. WHISPeR filed promptly after learning of the issues presented in this case and sought consent from all parties before filing. That Plaintiff declined is its prerogative, but it does not convert WHISPeR's effort into delay.

(4) WHISPeR's brief provides unique and useful perspectives on matters of public concern. Contrary to UL's claims, WHISPeR's brief does not simply echo arguments already made by Defendant. It situates the legal issues in a broader public policy framework and identifies the chilling effects SLAPP suits can have on journalist-source communications—an angle not addressed in the parties' briefs. WHISPeR's brief provides:

(a) Context about the modern use of SLAPPs to suppress whistleblower disclosures and media reporting;

(b) Analysis of how disclosures to investigative journalists are treated under whistleblower protection laws;

(c) Clarification that anti-SLAPP statutes apply irrespective of whether the activity is separately protected under the First Amendment or whistleblower laws; and

(d) A real-world illustration of the public consequences of lawsuits like this one, in which disclosures to the *New York Times* prompted meaningful scrutiny of systemic labor abuses.

2

These perspectives—grounded in WHISPeR's years of direct legal work with numerous journalists, news outlets, media sources, and whistleblowers—are precisely the kind of input that can aid judicial decision-making.

(5) WHISPeR is not a partisan to this case. Its sole interest is in ensuring the Court has access to expertise, insights and perspectives it may not otherwise receive, particularly concerning the chilling effect of retaliatory litigation on whistleblowers, journalists, and public discourse. That is a proper and longstanding function of an *amicus curiae*.

Accordingly, WHISPeR respectfully requests that the Court grant its motion for leave to file an amicus brief.

Dated: May 12, 2025

Respectfully submitted,

/s/ *Leonard C. Goodman*
Leonard C. Goodman
Angela J. Reaney
GOODMAN LAW OFFICE
53 W. Jackson Blvd., Suite 1650
Chicago, IL 60604
(312) 986-1984
lcgoodman@rcn.com

*Counsel for Amicus Curiae,*
*Whistleblower & Source Protection Program (WHISPeR), ExposeFacts*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing amicus brief and accompanying motion was filed on May 12, 2025, via the Court's electronic filing system, such that counsel for all parties who have entered an appearance in this matter will have received contemporaneous electronic notice of the filing.

by: __/s/ *Leonard C. Goodman*_____