# EXHIBIT 4

Paralegal Name Redacted

**From:** Malhotra, Geeta <gmalhotra@sidley.com>
**Sent:** Monday, April 15, 2024 6:18 PM
**To:** Michael Leonard
**Cc:** Gordon, David A.
**Subject:** Callington Follow Up

*Confidential*

Mike,

We write to follow up regarding the status of the requests made to your client, Joshua Callington, on March 5, 2024, and subsequently memorialized by letter dated March 8, 2024 (the "March 8 Letter"). Since that time, we have received: (1) one set of documents that Mr. Callington represented he relied upon in relation to his February 5, 2024 allegations against ████████, and (2) a link to access "Audit Folders" data from Mr. Callington's Dropbox account, which included files saved to 630 top-level folders.

In your communications to Sidley, you represented that the above-mentioned productions were part of a "rolling production," and that further productions were forthcoming. However, we have yet to receive any further materials from Mr. Callington. We have also yet to receive any data responsive to a number of additional requests outlined in the March 8 Letter. As such, please provide an update as to the status and timing of the requests below. In addition, please let us know your availability for a call on Tuesday, April 16, between 10:30 am – 1:30 pm to discuss this matter further.

- Request #1: A copy of Mr. Callington's agreement with *The New York Times* writer Hannah Dreier and/or *The New York Times* regarding Mr. Callington's assertion that Ms. Dreier agreed to only use the information Mr. Callington provided to her for the purposes of background, i.e., would not name Mr. Callington as a source in her articles, or use information provided to her or otherwise to *The New York Times* in articles.

- Request #2: Any and all communications with Ms. Dreier and/or *The New York Times* discussing UL Information.

- Request #3: Any notes or other Documents reflecting or containing any UL Information that Mr. Callington shared with Ms. Dreier and/or *The New York Times*.

- Request #4: ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- Request #5: Any and all UL Information that Mr. Callington sent to, retained in, or currently retains in any personal email account, including, but not limited to, the list of email addresses below, whether in the to, from, cc, or bcc fields, or otherwise forwarded or transmitted to himself:
  - joshua@callington.net
  - jc73@callington.net
  - flc@callington.net
  - ul@callington.net

- **Request #6**: In addition to the "Audit Folders" data already produced, any and all other UL Information that Mr. Callington saved to, sent to, synced to, or otherwise stored or stores in any Dropbox account, such as, for example, onsite forms, field tools, or scans of materials.

- **Request #7**: Any and all UL Information that Mr. Callington saved to, sent to, synced to, or otherwise stored or stores in any iCloud account (including, but not limited to, photos taken by Mr. Callington at audit sites).

- **Request #8**: Any and all UL Information that Mr. Callington saved to, sent to, synced to, or otherwise stored or stores on his phone, or any other electronic device, or any other Cloud, email, or third party hosted application server.

- **Requests #9**: ██████████████████████████████████████████████████████████████████████████████████████████████

- **Request #10**: Any and all UL Information that Mr. Callington gathered during the course of, or otherwise relied upon, in his investigation of any other UL colleague, employee, or contractor.

- **Request #11**: Any and all USBs, flash drives, or other such devices, whether purchased by UL or Mr. Callington, that Mr. Callington possesses and that contain UL Information.

- **Request #12**: An unedited copy of the notes taken by Mr. Callington during our meeting with you both on March 5, 2024.

- **Request #13**: Any and all other UL Information that Mr. Callington retains, possesses, or otherwise controls in any form or format.

As we stated previously, our forensic experts are available to assist in lieu of a formal review and production.

Regard,
Geeta


**GEETA MALHOTRA**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7683
gmalhotra@sidley.com
www.sidley.com



2

Paralegal Name Redacted

| | |
|---|---|
| **From:** | Michael Leonard <mleonard@leonardtriallawyers.com> |
| **Sent:** | Tuesday, April 16, 2024 2:29 PM |
| **To:** | Malhotra, Geeta |
| **Cc:** | Gordon, David A.; Michael Leonard |
| **Subject:** | Callington follow-up |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Thanks for your status email. With regard to the "Audit Folders" data, Mr. Callington has produced to-date 715 top-level folders - not the 630 number that you have referenced. This part of his document gathering project is thus complete.

With regard to the NY Times agreement, I expect to receive that from Mr. Callington today.

With regard to communications (Nos. 2 and 3) between Mr. Callington and Ms.Dreier, we will consider this request; however, we have not made a determination as to whether these documents will be produced pre-litigation.

With regard to Request No. 4, you have full copies of his communications with Ethics & Compliance.

With regard to Request No. 5, Mr. Callington is still working on this email gathering project. With regard to joshua@callington.net, there are no responsive documents. With regard to the jc73 and ul accounts, those are the same. Again, he continues to work on that production. Similarly, Mr. Callington continues to work on gathering the responsive emails from the flc account.

With regard to Request No. 6, this is a new and broadened Request. See Mr. Callington's Audit files.

With regard to Request No. 7, there is nothing in any such iCloud account.

With regard to Request No. 8, there are no such responsive documents.

With regard to Request No. 9, this relates back to No. 4, and you are again broadening the Request. Mr. Callington only has public records that he pulled. There is no reason to produce them at this time.

With regard to Request No. 10, this is another new Request, and we see no reason to produce any such documents at this time.

With regard to Request No. 11, he does not possess any such flash drives with your client's information on them. There is nothing to produce.

With regard to Request No. 12, we are not providing notes of the questions that you asked him, or anything he wrote down to recall the question. I presume you recall the questions you posed..

With regard to Request No. 13, this is yet another new Request, and his time records, travel itineraries, on-line trainings, pay stubs etc. have no relevance and there is no reason for him to expend time locating and producing them.

Thanks, Mike



1

Paralegal Name Redacted

| | |
|---|---|
| **From:** | Malhotra, Geeta <gmalhotra@sidley.com> |
| **Sent:** | Tuesday, May 28, 2024 5:35 PM |
| **To:** | Michael Leonard |
| **Cc:** | Gordon, David A. |
| **Subject:** | RE: Callington follow-up |

*Confidential*

Mike,

We are writing as a follow up to our May 9 communication regarding outstanding requests for the return and subsequent destruction by Mr. Callington of the UL documents in Mr. Callington's possession.  We are in receipt of the supplemental audit folder data production, sent by Mr. Callington in response to our May 9 email.  The May 9 email noted several other requests for documents or clarification that have gone unanswered, despite the request that Mr. Callington provide anything further by no later than Thursday, May 16.  The document requests at issue have been pending for over 2.5 months.  As such, we will assume that, in connection with the investigation, Mr. Callington has decided not to provide further information or documents (and then destroy his copies thereof).  (Of course, UL will retain the copies of the documents Mr. Callington has provided to date until the appropriate time.)

We note that none of the requests or advisements conveyed to date are intended to prohibit, limit, or otherwise restrict Mr. Callington from initiating communications directly with, responding to any inquiry from, volunteering information to, or providing testimony before a governmental, law enforcement, or regulatory authority; nor are they intended to prohibit, limit, or otherwise restrict Mr. Callington from any reporting of or participation in an investigation into or a proceeding regarding good-faith suspected violations of state or federal law, rule or regulation.  Based on Mr. Callington's productions alone, he currently possesses (and continues to possess, notwithstanding the requests to date) at least 76,000 of UL's documents.  To the extent that Mr. Callington in good faith believes that some small subset of the documents would be necessary for such communications with a governmental, law enforcement, or regulatory authority, we would be happy to discuss that.

If Mr. Callington has anything else to tell us about his position with respect to the above-mentioned requests, please advise us promptly, and in no event later than tomorrow, Wednesday, May 29, 2024.

In any event, given that it appears Mr. Callington is unwilling to abide by the requests for the return and subsequent destruction of the UL documents in his possession, UL would like to make clear that it has not waived any applicable privileges and does not consent to the disclosure of any information that is protected from disclosure by any applicable privilege, including but not limited to the attorney-client privilege, attorney work product, and other privileged information.  In addition, to the extent Mr. Callington engages in protected reporting activity with a governmental, law enforcement, or regulatory authority, UL requests that Mr. Callington take steps to make clear for such governmental, law enforcement, or regulatory authority that the information being provided is confidential.  UL may follow up further with regard to the materials held by Mr. Callington.  In the interim, UL requests that the UL documents be held securely by you, in your role as counsel to Mr. Callington.

As previously noted, Sidley is investigation counsel for UL and the responses and requests herein are made in relation to the investigation.  No statements herein should be interpreted as agreement by UL as to Mr. Callington's stated position regarding the nature or scope of the possession or production of documents, the reasons for his disclosure, or the merits of any claim or allegation asserted or to be asserted by Mr. Callington.  As noted above, UL may follow up further with regard to the materials held by Mr. Callington, or any other issue.

Regards,

Geeta

**GEETA MALHOTRA**

**SIDLEY AUSTIN LLP**
+1 312 853 7683
gmalhotra@sidley.com

---

**From:** Malhotra, Geeta
**Sent:** Thursday, May 9, 2024 12:07 PM
**To:** 'Michael Leonard' <mleonard@leonardtriallawyers.com>
**Cc:** Gordon, David A. <dgordon@sidley.com>
**Subject:** RE: Callington follow-up

*Confidential*

Mike,

We are in receipt of Mr. Callington's productions dated, March 22, March 27, April 19, and May 3, as well as your emails related to the productions, dated April 16 and May 4. Please see below for responses and points of clarification related to the requests.

**Dropbox "Audit Folders" Data**: In your April 16 email, you indicated that there are 715 folders in the "Audit Folders" data set. As of March 27, when Mr. Callington sent updated links, there were 630 top-level folders, not 715. No further communications were sent to Sidley indicating that additional data had been uploaded, nor have any additional productions of "Audit Folders" data been made. Access to the folder appears to have been revoked since then, and so we are unable to confirm whether there are now 715 folders. As such, please: (1) confirm whether Mr. Callington uploaded additional folders after March 27; (2) provide access to those folders; and (3) confirm that Mr. Callington did not otherwise continue to upload data to the 630 folders that previously existed as of March 27.

To the extent that you believe 715 folders were uploaded prior to the transmission of links to Sidley on March 27, please: (1) check the permissions associated with the folders to ensure we have access to all the folders, and (2) provide access to the Dropbox again so we can identify the missing 85 folders.

**Request 1**: In your April 16 email, you represented that Mr. Callington was set to send you that day what he believed to be the agreement he had with Ms. Dreier and/or *The New York Times*. We have not yet received any such production from you. Please advise as to whether Mr. Callington intends to produce these documents and, if not, the reason why such documents will not be produced.

**Requests 2 & 3**: During the March 5 meeting, Mr. Callington identified UL Information that he provided to Ms. Dreier and indicated that he had a folder of such materials. We understand from your email communications that Mr. Callington's productions to date do not include these materials. To the extent Mr. Callington now has decided to withhold those Documents, please provide the basis for this position. In addition, please confirm that the list provided by Mr. Callington during the March 5 meeting was comprehensive and, if not, provide a list of the UL Information not previously identified during the March 5 meeting.

2

**Request 4**: 

**Request 5**: We are in receipt of the April 19 and May 3 productions of Mr. Callington's emails via Dropbox. It appears that these emails come from the jc73@callington, ul@callington, and flc@callington email accounts, and that the productions may be incomplete. Tab 1 of the attached spreadsheet (labeled, "Email Examples") provides three examples of missing emails from the flc@callington, ul@callington, and jc73@callington email accounts. Given the representation in your May 4 email that no additional productions are forthcoming, please provide an explanation as to why such materials do not exist. In addition, please provide the basis for your April 16 representation that the joshua@callington account contains no UL Information. Finally, to the extent that Mr. Callington has retained any UL Information in any other email account, please produce it promptly or confirm no such other information exists.

**Request 6**: This is not a new, nor broadened Request; this request is included, nearly verbatim, in the March 8 Letter. Please explain the basis for the conclusion that only the "Audit Folders" data would be responsive and the Dropbox contains no other UL Information. In this respect, we note that the Dropbox appears to have contained a number of other UL-related folders and documents beyond just the "Audit Folders" data. Attached is a listing of just a few examples of such data, *see* Tab 2 of the attached spreadsheet, entitled, "File Examples." Please advise as to why Mr. Callington believes the Dropbox now contains no UL Information, beyond the Audit Folders data.

**Request 7**: During Mr. Callington's interview, he represented that he would sync to his iCloud account photos he took at various audit sites. Please explain the basis for the representation regarding Request 7 in your April 16 email, in light of Mr. Callington's prior representation to Sidley.

**Request 8**: As mentioned in response to Request 7, Mr. Callington at a minimum represented that he stored photos from audit sites on his phone and synced those to iCloud. Please advise as to whether Mr. Callington has deleted those photos, and whether they are otherwise stored elsewhere. If the latter, please explain when and how they will be returned.

**Request 9**: 

**Request 10**: This is not a new Request; it is likewise reflected, nearly verbatim, in the March 8 Letter. Please advise as to the basis for the conclusion that there is "no reason to produce any such documents at this time." In this respect, we call your attention to lines 26 – 34 in Tab 2 of the attached file-listing—which, again, is not comprehensive but reflects the existence of materials for various other auditors. Please produce all documents containing UL Information.

**Request 11**: During the March 5 meeting, Mr. Callington represented that he connected a USB to his UL-issued laptop to pull materials existing in his local Dropbox folder, and that he used USBs to transfer

documents during UL audits. We note that at least 9 USBs or flash drives were connected to Mr. Callington's UL-issued laptop between April 13, 2023 and February 12, 2024, and that 4 of those USBs or flash drives were connected to the UL-issued laptop between February 10, 2024 and February 12, 2024—right before Mr. Callington returned his laptop to ULS. Please advise as to why no such devices with UL Information exist in light of these facts.

**Request 12**: Please explain the basis for Mr. Callington's withholding of this document. The notes are not privileged or confidential as to Mr. Callington, but rather, to UL.

**Request 13**: This is not a new Request; it is again reflected, nearly verbatim, in the March 8 Letter. As the above and attached make clear, Mr. Callington's accounts appear to contain more than just expense reports and travel itineraries. Please provide a listing of all categories of documents responsive to this Request so the Company may determine what it would like returned.

***

We reiterate UL's offer that forensic experts are available to assist in lieu of a formal review and production of any remaining materials.

As you know, Sidley is investigation counsel for UL and the responses and requests herein are made in relation to the investigation.  Please provide any final responses or productions to the informational requests posed herein and in related correspondence by no later than May 16, 2024.  Mr. Callington's provision of information, or lack thereof, may be taken into account as appropriate in the context of the investigation.

No statements herein should be interpreted as agreement by UL as to Mr. Callington's stated position regarding the nature or scope of production; UL reserves all rights.

Regards,
Geeta

**GEETA MALHOTRA**

**SIDLEY AUSTIN LLP**
+1 312 853 7683
gmalhotra@sidley.com

---

**From:** Michael Leonard <mleonard@leonardtriallawyers.com>
**Sent:** Tuesday, April 16, 2024 1:29 PM
**To:** Malhotra, Geeta <gmalhotra@sidley.com>
**Cc:** Gordon, David A. <dgordon@sidley.com>; Michael Leonard <mleonard@leonardtriallawyers.com>
**Subject:** Callington follow-up

Thanks for your status email. With regard to the "Audit Folders" data, Mr. Callington' has produced to-date 715 top-level folders - not the 630 number that you have referenced. This part of his document gathering project is thus complete.
With regard to the NY Times agreement, I expect to receive that from Mr. Callington today.
With regard to communications (Nos. 2 and 3) between Mr. Callington and Ms.Dreier, we will consider this request; however, we have not made a determination as to whether these documents will be produced pre-litigation.

With regard to Request No. 4, you have full copies of his communications with Ethics & Compliance.

With regard to Request No. 5, Mr. Callington is still working on this email gathering project, With regard to joshua@callington.net, there are no responsive documents. WIth regard to the jc73 and ul accounts, those are the same. Again, he continues to work on that production. Similarly, Mr. Callington continues to work on gathering the responsive emails from the flc account.

With regard to Request No. 6, this is a new and broadened Request. See Mr. Callington's Audit files.

With regard to Request No. 7, there is nothing in any such iCloud account.

With regard to Request No. 8, there are no such responsive documents.

With regard to Request No. 9, this relates back to No. 4, and you are again broadening the Request. Mr. Callington only has public records that he pulled. There is no reason to produce them at this time.

With regard to Request No. 10, this is another new Request, and we see no reason to produce any such documents at this time.

With regard to Request No. 11, he does not possess any such flash drives with your client's information on them. There is nothing to produce.

WIth regard to Request No. 12, we are not providing notes of the questions that you asked him, or anything he wrote down to recall the question. I presume you recall the questions you posed..

With regard to Request No. 13, this is yet another new Request, and his time records, travel itineraries, on-line trainings, pay stubs etc. have no relevance and there is no reason for him to expend time locating and producing them.

Thanks, Mike