**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UL LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA CALLINGTON,**<br><br>Defendant. | Case No. 1:24-cv-05631<br><br>Hon. Andrea R. Wood |

**PLAINTIFF UL LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT JOSHUA CALLINGTON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A LIMITED PRELIMINARY INJUNCTION OR, ALTERNATIVELY, TO RESCHEDULE THE ORAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 12(f) and the Northern District of Illinois Local Rule 7.1, Plaintiff UL LLC ("UL"), by and through the undersigned counsel, respectfully moves to strike Defendant Joshua Callington's ("Callington") 27-page *Response in Opposition to Plaintiff's Motion for a Limited Preliminary Injunction* ("Opposition") for failure to comply with Local Rule 7.1's page limits. In the alternative, should the Court accept the noncompliant filing, UL respectfully requests that the June 18, 2025 oral argument be continued to July 1, 2, 9, or 10, 2025, or a later date in July 2025, to allow adequate time to review the still-incomplete Opposition and present a meaningful response.

## I. PROCEDURAL BACKGROUND

On May 5, 2025, the Court directed UL to file a motion for a limited preliminary injunction and set the following briefing schedule:

- UL's Motion for Preliminary Injunction with Supporting Declarations: May 20, 2025
- Callington's Response: June 3, 2025

(Doc. No. 55). The Court also scheduled oral argument on both Callington's Anti-SLAPP Motion and UL's Motion for Preliminary Injunction for June 18, 2025. (*Id.*).

On May 29, 2025, Callington's counsel requested to reschedule the oral argument and asked for availability between June 19 and July 2. The next day, UL's counsel responded that they were reviewing calendars and would follow up. That evening, Callington's counsel also requested an 11-day extension to file a response to UL's Motion for Preliminary Injunction. On June 3, UL's counsel agreed to the extension but requested that the oral argument be rescheduled to allow adequate time to prepare. UL's counsel drafted a joint motion and proposed new dates. Callington's counsel then asked UL to contact the Courtroom Deputy for the Court's availability.

Later that day, UL provided Callington with available dates during the week of June 30 to July 4 that aligned with the Court's and UL's schedules. Callington's counsel responded that none of those times worked, except possibly a morning slot. UL obtained an additional time—July 2 at 11:00 a.m. CST—but Callington's counsel again declined. On June 5, Callington's counsel stated:

> Let's just keep the presently scheduled date and time, unless there is some alternative date and time when everyone is available in the month of June. *I can assure you that we aren't planning some sort of massive document dump in the form of exhibits, or anything of that nature, to warrant the need for additional time.*

(Exhibit 1, Email Correspondences Between Counsel) (emphasis added).

On June 6, UL proposed three more options: July 9 at 11:00 a.m., and July 10 at 11:30 a.m. or 1:00 p.m. Callington's counsel declined, stating she would not agree to a delay of more than seven to ten days and questioned the need to move the hearing. UL explained that, with the extension to June 14, it would have only *two business days* to prepare for the June 18 hearing—far less than the originally allotted two weeks. On June 9, Callington's counsel stated she would oppose any request to move the hearing into July.

On June 10, the Courtroom Deputy requested an update. UL's counsel promptly sent Callington a proposed joint response and followed up the next day. Without responding to UL, Callington's counsel independently replied to the Court. UL then submitted its own response.

On June 14, Callington filed his Declaration (Doc. No. 68), and on June 15, he filed a 27-page Opposition to UL's Motion for Preliminary Injunction (Doc. No. 69), which exceeded the page limit and omitted a table of cases.

## II. <u>ARGUMENT</u>

### A. <u>Callington's Opposition Should Be Stricken In Its Entirety For Failure To Comply With The Court's Rules</u>

Callington's Opposition flagrantly violates Local Rule 7.1 by exceeding the 15-page limit without leave of Court and omitting the required table of cases. Callington filed a 27-page brief—nearly double the permitted length—without seeking prior approval or conferring with UL's counsel. This noncompliant filing was submitted just two business days before the scheduled oral argument.

Local Rule 7.1 is explicit:

> ***Neither a motion nor brief in support of or in opposition*** to any motion nor objections to a report and recommendation or order of a magistrate judge or special master, ***shall exceed 15 pages without prior approval of the court***. Briefs that exceed the 15 page limit must have a table of contents with the pages noted and a table of cases. ***Any brief or objection that does not comply with this rule shall be filed subject to being stricken by the court***.

L.R. 7.1 (emphasis added). The Local Rules expressly outline the page limitations and requirements when a party seeks additional pages for a brief, and specifically states: "***Any brief or objection that does not comply with this rule shall be filed subject to being stricken by the court.***" (*Id.*).

Callington's Opposition fails on all counts: it exceeds the page limit, lacks the required formatting, and was filed without leave. On June 14, 2025, Callington filed his Declaration, and one day later, on June 15, 2025, filed his Opposition containing 27 substantive pages, two business days before the scheduled oral argument on the Preliminary Injunction briefing. (*See generally*, Doc. Nos. 55, 68, and 69). Despite Callington's filing being almost double the allotted pages, he filed his Opposition without seeking leave from the Court and without requesting UL's consent. The rule is clear, and the remedy is equally clear. Accordingly, UL respectfully requests that the Court strike Callington's Opposition in its entirety.

### B. <u>In The Alternative, UL Requests That The Oral Argument Be Rescheduled To Allow UL Sufficient Time To Prepare</u>

If the Court declines to strike Callington's Opposition, UL respectfully requests that the June 18, 2025 oral argument be rescheduled to allow sufficient time to prepare. UL has consistently stated that it does not oppose Callington's extension request. However, UL has also made clear that additional preparation time is necessary, especially now in light of Callington's 27-page Opposition, filed on Sunday, June 15, 2025, with reference to a Declaration from Callington's counsel that is "forthcoming." Moreover, this filing directly contradicts Callington's counsel's June 5, 2025 assurance that Callington and his counsel "aren't planning some sort of massive document dump in the form of exhibits, or anything of that nature, to warrant the need for additional time."

Despite efforts to confer regarding a later oral argument date, the parties could not agree. (Exhibit 2, Email Correspondences between Counsel). While Callington refuses to move the hearing beyond June, UL's client representative is unavailable the week of June 23 due to travel. Consistent with the Court's availability, UL is available on July 1, 2, 9, or 10, and can offer additional dates in July if needed. Accordingly, UL respectfully requests that the oral argument be

rescheduled to one of the proposed July dates to ensure adequate time for preparation and participation.

## III. CONCLUSION

For the foregoing reasons, UL respectfully requests this Court strike Callington's Opposition in its entirety for his disregard of the Court's rules. Alternatively, if the Court does not strike the Opposition, UL requests this Court reschedule the June 18, 2025 oral argument to allow UL more than two business days to prepare for the oral argument.

Date: June 16, 2025

Respectfully submitted,

**UL LLC**

By: */s/ James M. Witz*
One of Plaintiff's Attorneys

James M. Witz
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.795.3246
Facsimile: 312.277.9416
E-mail: jwitz@littler.com

Kevin E. Griffith (*pro hac vice*)
Emily E. Levy (*pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Telephone: 614.463.4210
Facsimile: 614.737.9135
E-mail: kgriffith@littler.com
elevy@littler.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 16th day of June, 2025, filed a copy of the foregoing document, *Plaintiff UL LLC's Memorandum in Support of Its Motion to Strike Defendant Joshua Callington's Response in Opposition to Plaintiff's Motion for a Limited Preliminary Injunction or Alternatively Reschedule the June 18, 2025 Oral Argument*, electronically. Counsel of record for Defendant may access this filing through the Court's system.

*/s/ James M. Witz*
An Attorney for Plaintiff

4923-1465-1470 / 118575.1072