IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UL LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>JOSHUA CALLINGTON,<br><br>      Defendant. | Case No. 1:24-cv-05631<br><br>Hon. Andrea R. Wood |

**PLAINTIFF UL LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT
JOSHUA CALLINGTON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
CONFIDENTIAL WITNESS DECLARATIONS**

Through a "Confidential Witness Declaration," Joshua Callington ("Callington") has introduced testimony to this Court stating that "work products" produced in the course of audits conducted for UL LLC ("UL") are "***sensitive and confidential in nature***." (*See* Decl. Confidential Witness #3, ECF No. 76, ¶ 7 (emphasis added).) This statement—introduced voluntarily by Callington himself—fully supports UL request for a limited preliminary injunction and provides the Court with ample basis to grant the purposely limited relief UL seeks in its motion. Indeed, it is no longer clear how Callington, in good faith, can even oppose UL's motion when his own evidence corroborates UL's position how the UL documents and information in Callington's possession are "***sensitive and confidential in nature***." That dispositive issue is now beyond legitimate dispute.

Regardless, and despite the serious flaws in how Callington seeks to introduce evidence in this proceeding, to the extent the Court is not prepared to rely on Callington's eleventh-hour evidence to enter injunctive relief against him, the Court should then deny Callington's Motion for Leave to File Supplemental Confidential Witness Declarations (ECF 74), and strike the three

Confidential Witness Declarations he later filed as heavily redacted documents (ECF Nos. 75, 76, and 78).[1]

Here's why. First, Callington's filings fail to adhere to the procedural requirements set forth in the Court's Local Rules, rendering them improper and procedurally deficient. Second, the motion and accompanying declarations were submitted after the deadlines for briefing of both Callington's Special Motion to Strike or Dismiss and UL's Motion for Limited Preliminary Injunction. And third, consistent with the above, the declarations do not undermine the plausibility or legal sufficiency of UL's claims at the pleading stage, as they offer no substantive basis to dismiss or otherwise diminish the viability of UL's allegations.

I.   **PROCEDURAL BACKGROUND**

On July 3, 2024, UL filed its Complaint against Callington. On January 6, 2025, Callington filed a Special Motion to Strike or Dismiss ("Callington's Anti-SLAPP Motion").[2] (ECF Nos. 1, 21, 29, 31). The Anti-SLAPP Motion has been fully brief since March 20, 2025.

During a status conference on May 5, 2025, the Court directed UL to file a motion for a limited preliminary injunction to further discuss the protective order. The Motion for Limited Preliminary Injunction has been fully brief since June 15, 2025. In his June 15 response to the Motion for Limited Preliminary Injunction, Callington included footnotes stating that a declaration from his counsel, Agatha Cole, was forthcoming, but declined to indicate when. (ECF No. 69, n.5, n.10).

On June 20, 2025, at 2:54 p.m. CST, Callington filed a Motion for Leave to File Supplemental Confidential Witness Declarations, but did not attach the declarations to the Motion.

---

[1] UL's counsel is unable to open ECF No. 77 as it was provisionally sealed, and a copy has not been provided to UL's counsel.
[2] Callington filed two Motions to Dismiss/Motions to Strike, on January 6, 2025 and a corrected version on January 7, 2025 respectively. (ECF Nos. 29 and 31).

(ECF No. 74). Instead, Callington filed three Confidential Witness Declarations hours later, between 9:09 p.m. and 10:20 p.m. CST.[3] (ECF Nos. 75-78).

## II. ARGUMENT

### A. Callington's Motion for Leave is Deficient Under Local Rule 26.2

To the extent Callington seeks to rely on Local Rule 26.2 to justify the filing of the heavily redacted Confidential Witness Declarations, that reliance is both procedurally and substantively flawed. Local Rule 26.2 sets forth a clear and mandatory process for filing documents under seal electronically, including the requirement to (1) file a public redacted version of the document with clearly marked redactions, (2) provisionally file the unredacted version under seal with proposed redactions highlighted in a visible color, and (3) contemporaneously file a motion to seal that articulates the basis for sealing on an item-by-item basis. L.R. 26.2. Callington has failed to comply with these requirements. The only justification offered in Callington's Motion for Leave and the Confidential Witness Declarations is a vague and unsupported concern about potential retaliation for cooperating with counsel or appearing sympathetic to Callington. This generalized assertion falls far short of the "good cause" standard required by the Rule and does not satisfy the obligation to justify sealing on a specific, itemized basis.

Moreover, Callington's claim that "all personally identifying information would be redacted" is seemingly contradicted by the nature and extent of the redactions. The declarations are so extensively redacted that UL's counsel—who has not been provided with unredacted versions—cannot determine whether the redacted content is limited to personally identifying information. For example, in the Declaration of Confidential Witness No. 3 (ECF 76, ¶ 7), redactions begin immediately after a general statement about training practices—information

---

[3] A fourth declaration was filed, ECF No. 77, that was later filed as a corrected version. UL's counsel does not have access to this document on the docket.

that would not logically implicate personal identifiers. Similarly, in the Declaration of Confidential Witness No. 1 (ECF 75, ¶¶ 7–8, 11, 13–14), entire paragraphs and mid-sentence content are redacted without explanation. This excessive and unjustified redaction not only violates the procedural requirements of Local Rule 26.2 but also deprives UL of a fair opportunity to assess and respond to the substance of the declarations. Accordingly, Callington's Motion for Leave and the accompanying Confidential Witness Declarations should be denied in their entirety.

### B. **Callington's Motion for Leave and the Later-Filed Confidential Witness Declarations Should Be Denied As The Briefing Schedules Have Been Closed.**

Callington's Motion and Confidential Witness Declarations should be denied because they are untimely and fall outside the closed briefing schedules for both Callington's Anti-SLAPP Motion and UL's Motion for Limited Preliminary Injunction. (*See* ECF Nos. 31 and 60).

First, briefing on the Anti-SLAPP Motion has long since closed. Callington filed his motion on January 6, 2025;[4] UL filed its opposition on February 13, 2025; and Callington filed his reply on March 20, 2025. (*See* ECF Nos. 29, 31, 39, and 46). The briefing has thus been closed for over three months. Callington's attempt to now supplement the record for that motion with new declarations—months after the deadline—should be rejected on that basis alone. Beyond being late, it is entirely unclear why this new evidence from these confidential witnesses would relevant to any issue before the Court in any event because the Court's task in resolving Callington's motion is to simply examine UL's support for its claims, not take the additional step of weighing such evidence against Callington's. *See Young v. Davis*, 314 P.3d 350, 356 (Or. App. 2013). Thus, Callington's declarations are irrelevant to the anti-SLAPP Motion beyond being markedly late.

---

[4] Callington filed two Motions to Dismiss/Motions to Strike (ECF Nos. 29 and 31), on January 6, 2025 and January 7, 2025 respectively.

4

Moreover, the timeline of events further undermines Callington's position. One declarant, Confidential Witness No. 1, states that they spoke with Callington's counsel as early as September 10, 2024. (ECF No. 75 at PageID# 633). The other two declarants provided information to Callington's counsel on May 24, 2025. (*See* ECF Nos. 76 at PageID# 637; 78 at PageID# 642). Thus, Callington had ample opportunity to at least include the first declaration in his January 6, 2025 filing, and the other two declarations at any point during the Court's established briefing schedule. He also could have submitted all three with his June 15, 2025 opposition to UL's Motion for Limited Preliminary Injunction. Instead, Callington waited over nine months after first speaking with Confidential Witness No. 1 and nearly a month after receiving information from the other two witnesses to seek leave to file these declarations. This delay is unjustified, has purposely not given UL time to investigate and challenge the truth of the statements contained Declarations, and should not be excused.

Second, to the extent Callington now seeks to use the declarations in opposition to UL's Motion for Limited Preliminary Injunction, that effort is equally improper. The Court set a clear schedule: UL was to file its motion by May 20, 2025, and Callington was to respond by June 3, 2025. (*See* ECF No. 55). Callington then requested—and was granted—an eleven-day extension until June 14, 2025, ultimately filing his opposition on June 15, 2025. (*See* ECF No. 64). Callington thus had nearly four weeks to gather and submit any supporting declarations. Yet, in his oversized 27-page opposition, filed just two business days before oral argument, Callington merely included vague footnotes referencing a "forthcoming" declaration regarding the Confidential Witness Interviews. (*See* ECF No. 69, n.5, n.10). These footnotes provided no explanation, timeline, or justification for the delay. Callington's failure to comply with the Court's deadlines, the Federal

Rules of Civil Procedure, and the Local Rules should not be rewarded by allowing this untimely and procedurally deficient evidence into the record.

Ultimately, Callington's attempt to introduce late, unsupported, and improperly filed declarations only underscores the need for this case to proceed to discovery, where both parties will have a fair opportunity to develop the factual record. For all these reasons, UL respectfully requests that the Court deny Callington's Motion for Leave and exclude the Confidential Witness Declarations in their entirety.

### C. Callington Seeks To Improperly Restrict UL's Ability to Access the Evidence He Is Relying On To Support His Position.

Callington's Motion and Confidential Witness Declarations should be denied because they are unsupported by any legal authority and improperly seek to limit UL's ability to evaluate and respond to the evidence in the record. Notably, Callington's Motion fails to cite any case law, local rule, or federal rule to justify the submission of heavily redacted declarations. Although Callington's counsel referenced *Makor Issues & Rts., Ltd. v. Tellabs Inc.*, 513 F.3d 702 (7th Cir. 2008) during the June 18, 2025 status conference, that case is not cited in the Motion itself and, in any event, is inapposite. *Makor* involved a securities fraud action, a context that is materially different from the present case. There, the Seventh Circuit permitted reliance on confidential sources because the complaint identified "numerous" informants who, based on detailed job descriptions, were clearly in positions to know the facts they alleged. *Id.* at 712. Further, the Court permitted the unusual reliance on the confidential informants for the purpose of initiating litigation, not ending litigation. In other words, Callington's apparent hope that the Court will rely on ex parte testimony to end this litigation is the ***exact opposite*** of what occurred in *Makor*.

Here, the declarants provide virtually no detail about their roles or the basis for their knowledge. Each declarant merely states: "I am a Certified Social Compliance Auditor

('CSCA')," with the remainder of the paragraph redacted. (*See* Decl. of Confidential Witness No. 1, ECF No. 75, ¶ 2; Decl. of Confidential Witness No. 3, ECF No. 76, ¶ 2; Decl. of Confidential Witness No. 2, ECF No. 78, ¶ 2). These vague and conclusory statements offer no basis for the Court—or UL—to assess whether the declarants have personal knowledge of the matters asserted. Unlike in *Makor*, there is no "convincing detail" about the declarants' positions, responsibilities, or access to relevant information. As such, the declarations fall far short of the standard that would permit the Court to draw any inference from their contents.

It should be further noted that Callington will be required to disclose the identities of these witnesses during discovery, eliminating any legitimate need to conceal their identities now, and making Callington's apparent promise to them that they would remain confidential, at the very least, uncertain and an outcome he cannot definitively deliver to them. Accordingly, UL respectfully requests that the Court deny Callington's Motion for Leave and exclude the Confidential Witness Declarations from the record.

### D. The Confidential Witness Declarations Provide No Additional Helpful Information at This Stage of the Litigation.

The Confidential Witness Declarations also offer no meaningful support for Callington's position at this stage of the litigation and should be excluded. This case remains in its early procedural posture. In response to UL's Complaint, Callington filed an Anti-SLAPP Motion, asserting arguments under both Federal Rule of Civil Procedure 12(b)(6) and Oregon's Anti-SLAPP statute (Or. Rev. Stat. § 31.150). At this stage, UL need only demonstrate "a probability" of prevailing on its claims, and satisfy the facial plausibility standard applicable to Rule 12(b)(6) motions. (*See* UL's Mem. in Opp'n to Callington's Anti-SLAPP Mot., ECF No. 39, PageID# 313, 315). UL has already met this burden through its well-pleaded Complaint and supporting briefing, including its Motion for Limited Preliminary Injunction.

Callington now seeks to introduce three heavily redacted, anonymous declarations without clearly identifying the purpose for which they are offered. While Callington's Opposition to UL's Motion for Limited Preliminary Injunction references the declarations in support of vague claims regarding the use of "Dropbox and similar software," and alleged authorization to access documents, the declarations themselves do not support these assertions. None of the declarants state they used Dropbox, and one declarant—Confidential Witness No. 3—explicitly states only that they do not recall receiving "specific training" on where to store confidential information. (*See* Decl. of Confidential Witness No. 1, ECF No. 75; Decl. of Confidential Witness No. 3, ECF No. 76; Decl. of Confidential Witness No. 2, ECF No. 78). These vague and conclusory statements do nothing to undermine the plausibility or validity of UL's claims at the pleading stage.

Finally, the declarations are so heavily redacted that UL cannot assess whether the statements are based on personal knowledge. Callington's attempt to introduce these declarations—without proper foundation, without procedural compliance, and without substantive relevance—only reinforces the need for this case to proceed to discovery, where both parties can fully develop the factual record. Accordingly, Callington's Motion for Leave and the Confidential Witness Declarations should be denied in their entirety.

### III. CONCLUSION

For the foregoing reasons, UL respectfully requests this Court deny Callington's Motion for Leave to File Supplemental Confidential Witness Declarations and the later-filed Confidential Witness Declarations. (ECF Nos. 74-78).

Date: June 24, 2025

Respectfully submitted,

**UL LLC**

By: */s/ Richard Kienzler*
One of Plaintiff's Attorneys

8

        Richard Kienzler
        James M. Witz
        LITTLER MENDELSON, P.C.
        321 North Clark Street, Suite 1100
        Chicago, IL 60654
        Telephone: 312.795.3254
        Facsimile: 312.602.3881
        E-mail: rkienzler@littler.com
                  jwitz@littler.com

        Kevin E. Griffith (*pro hac vice*)
        Emily E. Levy (*pro hac vice*)
        LITTLER MENDELSON, P.C.
        41 South High Street, Suite 3250
        Columbus, OH 43215
        Telephone: 614.463.4210
        Facsimile: 614.737.9135
        E-mail: kgriffith@littler.com
                  elevy@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of June, 2025, filed a copy of the foregoing document, *Plaintiff UL LLC's Memorandum In Opposition To Defendant Joshua Callington's Motion For Leave To File Supplemental Confidential Witness Declarations*, electronically. Counsel of record for Defendant may access this filing through the Court's system.

*/s/ Richard Kienzler*
An Attorney for Plaintiff

4906-5199-8032.4 / 118575.1072