IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UL LLC,                                    ) Case No. 24 C 5631
                                           )
                Plaintiff,                 )
                                           )
           v.                              )
                                           )
JOSHUA CALLINGTON,                         ) Chicago, Illinois
                                           ) January 30, 2025
                Defendant.                 ) 9:35 a.m.

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff:      LITTLER MENDELSON, PC
                        BY:  MS. EMILY E. LEVY
                             MR. KEVIN E. GRIFFITH
                        41 South High Street, Suite 3250
                        Columbus, Ohio 43215


For the Defendant:      BEVERLY PLLC
                        BY:  MS. AGATHA M. COLE
                        43 West 43rd Street, Suite 159
                        New York, New York 10036




Court Reporter:         BRENDA S. VARNEY, CSR, RMR, CRR
                        Official Court Reporter
                        219 South Dearborn Street, Suite 2144D
                        Chicago, Illinois 60604
                        (312) 554-8931
                        *brenda_varney@ilnd.uscourts.gov*

              * * * * * * * * * * * * * * * * * * *
                PROCEEDINGS RECORDED BY STENOTYPE
      TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

2

(Proceedings heard via telephone:)

THE CLERK:  Calling the next case, 24 CV 5631, UL LLC versus Callington, for status.

MS. COLE:  Good morning, Your Honor.  This is Agatha Cole for Mr. Callington.

MR. GRIFFITH:  Good morning, Your Honor.  This is Kevin Griffith for UL Solutions.  And I believe Emily Levy is also on the line.

MS. LEVY:  Yes, Your Honor.

THE COURT:  Good morning.

Okay.  So I did enter a briefing schedule on the special motion to strike or dismiss.  I'm not going to express any views on the motion until I see the response from the plaintiff, but I did want to confirm with Ms. Cole that this motion fully addresses any arguments that Mr. Callington would want to make under Rule 26(b)(6) -- I'm sorry -- 12(b)(6) -- I don't know why I'm saying 26 -- 12(b)(6) of the federal rules as well as arguments under the anti-SLAPP provisions of Oregon law.

I believe that to be the case based on how it's drafted, but I just wanted to make sure I understand what you are hoping to accomplish with this motion.

MS. COLE:  Thank you, Your Honor.

Yes, I can confirm that my understanding, based on Your Honor's directives about filing a motion to dismiss, is

that -- and I think any time that a federal court is reviewing a state anti-SLAPP motion, it typically is contemporaneous with and combined with any 12(b)(6) argument such that, you know, it is the 12(b)(6) motion.

The only kind of caveat that I would add to that is that -- and this is in the motion, I think, that, you know, the standard or the applicable rule in terms of reviewing the motion, if the Court perceives our arguments as purely legal in nature, then, of course, it can just dispose of the motion as a typical 12(b)(6).

If, on the other hand, the Court entertains our arguments about the factual deficiencies, the case law is clear that then the Court can adopt a Rule 56 standard, summary judgment standard, at the dismissal stage and require plaintiffs to put forth, you know, plausible, credible documents or, you know, something -- can require discovery to the extent that the Court views it necessary to dispose of the motion.

THE COURT: I understand.

Mr. Griffith, do you expect to be raising any sort of challenge to the procedure that's being undertaken by the defendant here, or are you pretty much on the same page with Ms. Cole, keeping in mind what she just clarified with respect to how she thinks things should go forward?

MR. GRIFFITH: I didn't fully follow what she's saying

about how things should go forward.

I mean, we're preparing a response and memo to the pending motion to dismiss or motion to strike, and we're doing it under the standards of the anti-SLAPP statute. We're not really responding under, you know, a Rule 12(b)(6) standard.

THE COURT: And so I believe that -- and, Ms. Cole, you can certainly clarify -- this is not a circumstance that I run into all that often -- that Ms. Cole is also invoking Rule 56, essentially that there may be, depending on, you know, what the response is from the plaintiff to this motion, a need to resolve evidentiary issues, that there might be factual issues to be resolved that would still fall under the purview of the anti-SLAPP motion.

And I take it, Ms. Cole, if that turns out to be the case, you would take the position that there might be discovery that's needed and, I suppose, some sort of presentation of evidence or inclusion of evidence in the record in order to fully determine whether the case should be dismissed pursuant to the Oregon anti-SLAPP provisions?

MS. COLE: That is consistent with my understanding, Your Honor.

And just to clarify what I said earlier, the motion is a special motion to strike pursuant to the Oregon anti-SLAPP statute as well as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the kind of caveat around evidentiary

issues that I think I inartfully summarized, again, I think, in our motion, we explain where this comes up.

And I think it's a Seventh Circuit decision that I don't have on the tip of my tongue right now, but the Seventh Circuit and the Northern District of Illinois, when applying another state's anti-SLAPP statute, will either apply the 12(b)(6) -- or will apply 12(b)(6) standards as to the legal sufficiency of claims and will apply Rule 56 as to the factual sufficiency of claims, meaning, for example, if they're alleging that there was a violation or there was misappropriation of trade secrets and that is not factually developed in the complaint, then Plaintiffs would be welcome to identify the specific trade secrets in the form of an affidavit or whatever proof they want to submit on the motion in order to bolster their factual argument.

THE COURT: And, in your view, is that something that takes place as a threshold matter before the case goes forward on the merits?

MS. COLE: Absolutely.

THE COURT: And so --

MS. COLE: The case law is very clear about that.

THE COURT: So, in your view, if I determine that I cannot decide as a matter of law, of pure law, that the case should or should not be precluded by the anti-SLAPP provision but instead conclude that there are factual issues that have to

be developed in order to determine whether it falls within the anti-SLAPP provision, then your position would be that at that point, there should be -- you know, any discovery that's necessary, any additional briefing to develop a factual record, that would take place before discovery opens on the merits?

MS. COLE: So my understanding is that this happens at this stage, at the motion to strike stage, meaning that, you know, they have their complaint on file, we have our motion on file. And in responding to the motion, they should submit any affidavits or documents that they would want the Court to consider alongside the complaint in assessing the legal and factual sufficiency of the complaint.

THE COURT: I see. And so unlike a traditional Federal Rule of Civil Procedure 12(b)(6) motion, the procedure would allow for the introduction of evidence into the record in order to decide --

MS. COLE: Exactly.

THE COURT: -- the anti-SLAPP issue?

Okay. Thank you. That's helpful.

Was that your understanding, Mr. Griffith?

Perhaps you were already intending to consider whether there was any evidence to include or not, but part of the reason I wanted to have this discussion is to make sure that everybody's on the same page.

Was that your understanding, that this would be the

stage to introduce any evidence that supports your argument that this is not under the purview of the anti-SLAPP provision?

MR. GRIFFITH: It's not my understanding that we would have to introduce any and all evidence to support the claims. We just have to show a probability of success on the merits. And I think the Court looks to the complaint and any supporting exhibits in the complaint.

I appreciated the Court's view that if the Court feels that it cannot rule on this as a matter of law under the standards that I've just communicated in terms of what I think the defendant's burden is, again, showing a probability of success on the merits, and the Court says, "Well, I think there's factual issues to develop," I agree that discovery should be had, that evidence can be presented. And if the Court needs more briefing, fine, but I do think then the factual record needs to be developed.

THE COURT: Okay. So I think, more or less, the parties are on the same page. I will need to see the response from the plaintiff, but it sounds like certainly in the first instance, I will be making a decision based on the record in response to the motion to strike, the special motion to strike.

Okay. We have a briefing schedule for that.

Ms. Cole, you previously had suggested that you may want to file a counterclaim on behalf of Mr. Callington. Are you still considering that?

MS. COLE: We are still considering that. And you may recall, Your Honor, that the first time that I appeared before you, I articulated a desire to approach the pleading stage a little bit differently so that Your Honor could have the kind of cross-claims, counterclaims, cross-complaints before the Court all at the same time.

MR. GRIFFITH: I'm sorry to interrupt. Agatha, I'm sorry to interrupt. I really apologize. I can barely hear you, so if you can maybe get closer to a mic.

MS. COLE: I'm sorry. Is this any better?

MR. GRIFFITH: That's much better. Thank you.

THE COURT: You can go ahead, Ms. Cole.

MS. COLE: In any event, so now that the motion to dismiss is pending and a response is pending, I defer to Your Honor's preferred way of proceeding; however, I think that now that we are where we are, I do think that it would be most efficient for there to be a ruling on the motion, and then we could have a discussion with each other, the parties, as to whether it makes sense for us to file counterclaims.

I think part of that decision is going to hinge and depend on the ruling on the motion to dismiss, I guess is what I'm trying to say.

Does that answer your question, Your Honor?

THE COURT: It does. And I think the answer is you believe it would be more efficient for you to pursue your

counterclaim if you're going to once you see the ruling on the motion to dismiss?

MS. COLE: Correct.

THE COURT: Okay. I would only direct you to the Federal Rules of Civil Procedure and any guidance there with respect to timing of the filing of a counterclaim.

I don't know that there's any particular reason why you wouldn't be able to seek leave to pursue the counterclaim after the ruling on the motion to dismiss. I don't know if there's any possibility that if your motion is successful you might decide not to pursue the counterclaim at all. I suppose that's a possibility as well. So I'm not opposed to that approach.

MS. COLE: I --

THE COURT: Yes, Ms. Cole?

MS. COLE: I'm sorry. I just want to clarify.

So part of my concern here is that pursuant to the rules, a counterclaim is due at the time of an answer; however, if the motion to dismiss is granted, then there will be no need for an answer, there will just be a countercomplaint or a dismissal of the case, or, depending on Your Honor's directive, another option is that if Mr. Callington does want to proceed with federal counterclaims, then this case could be dismissed and he would file a new related case, although that seems kind of inefficient.

But I just want to make sure that we are preserving his right to bring counterclaims if eventually the original complaint is dismissed such that there would be no prompt for filing an answer to it, if that makes sense.

THE COURT: I see. So you're saying in the situation where you are not required to file a responsive pleading because your motion to dismiss is successful, you may still want to pursue a counterclaim?

MS. COLE: We may, yes. There are counterclaims and cross-claims that would continue to be ripe if their complaint is dismissed. The only question is does Mr. Callington want to bring them based on the circumstances of where the case is at the time that it would be appropriate for him to do so.

THE COURT: I'm afraid I didn't follow your last point. Can you clarify?

MS. COLE: Yes.

I believe your question was would Mr. Callington want to bring counterclaims even if the original complaint against him is dismissed in this case, and -- did I understand the question correctly?

THE COURT: Correct, because, as you point out, normally, particularly if there is a compulsory counterclaim or even if there's a permissive counterclaim, that needs to be stated, you know, in a responsive pleading. And I think what you are saying is there might not be a responsive pleading here

because you're hoping your case is successful.

MS. COLE: That is correct, Your Honor.

THE COURT: Are you presenting a question? Are you asking whether you will have the ability to assert a counterclaim if the plaintiff's claim against Mr. Callington is dismissed, or are you simply informing me of your intent?

MS. COLE: I am simply informing you of our intent and flagging this issue for the Court's consideration that it may be something that comes up.

THE COURT: Very good. Thank you. I understand. Thanks for that.

And I think that leads me to my next question which is: With respect to any discovery that should proceed while the motion to dismiss/special motion to strike is pending, given the nature of that motion, I would assume that discovery regarding the merits would be stayed. However, I'm open to hearing from the parties if there is some discovery that you think should go forward notwithstanding the fact that there is a pending motion to dismiss which, among other things, takes the position that this litigation is purely a retaliatory action to try to retaliate against Mr. Callington for taking the public positions that he has taken out of public concern.

So, Mr. Griffith, are you seeking to proceed with discovery while the motion is pending?

MR. GRIFFITH: No, Your Honor. And I think it's

because under the anti-SLAPP statute, I think it stays discovery. I may not know that exactly, but I remember reading that. I thought that's what it does.

And I think the only discovery issue that's still pending is the motion for the confidentiality order that UL filed a while back. I think we could take that up at any time and try to resolve that, and that gets to Mr. Callington possessing these documents of UL Solutions.

The good news is there's an interim -- from our client's perspective, there's an interim order in effect that keeps that contained and under control.

The protective order that we had submitted when Mr. Kienzler was the lead counsel here was proposing a process where we could start to acquire copies of the documents that are in Mr. Callington's possession and then designate them as confidential under the protective order that we've submitted which is the model order other than the exception that I just communicated which would be to start the process of designating documents under the protective order.

So that would be the only thing I could see that would make sense to work on if the Court was so inclined to allow the parties to do that and if the Court would want to monitor that or not.

MS. COLE: Your Honor, if I may just speak directly to the question that you asked which is whether discovery should

proceed at this stage while the motion is pending.

And, Mr. Griffith, I hope I can be helpful to you in this regard as well.

So the way that the anti-SLAPP statutes are written in many states, there is a procedural provision of anti-SLAPP statutes that pauses or stays any discovery while the motion is pending. And that's designed to protect the movant on an anti-SLAPP statute that is seeking the protection of the anti-SLAPP statute.

However, in federal court, when federal courts have applied a state anti-SLAPP statute, they apply the substantive provisions of the anti-SLAPP statute and while also applying Federal Rules of Procedure as to any procedural issues.

And so, on that basis, many federal courts have held that the automatic stay of discovery and a stay of anti-SLAPP statute does not apply in the context of federal court proceedings.

What that means, the implication, in answering your question, Your Honor, whether discovery should proceed, that is ultimately left to the district court's discretion both in terms of whether any discovery should proceed and how to manage any limited discovery that should be allowed or may be requested by the plaintiffs at this time.

So, for example, in a case where the plaintiff is saying, "No, no, my complaint shouldn't be dismissed, we're

entitled to discovery to, you know, prove X allegation," then the judge might say, "Okay. Well, while this anti-SLAPP motion is pending, Defendant should have to produce this limited set of documents to see whether there's any factual merit to the complaint," if that makes sense.

It's a complex issue because it doesn't arise that often, but my understanding is that discovery usually is allowed to the extent that the Court finds it necessary to resolve --

THE COURT: And so, Ms. Cole, just to take you back to the first point that you made when you stated many states have a discovery stay in their anti-SLAPP statute, does Oregon?

MS. COLE: I don't know off the top of my head -- oh, sorry. Yes, the Oregon statute does have an automatic stay of discovery. Yes.

THE COURT: Okay. Very well then. So --

MR. GRIFFITH: And I think that's correct. I believe I saw that myself.

THE COURT: So, at this point, no party is asking for any formal discovery other than the plaintiff's suggestion of designating materials pursuant to their proposed protective order process which I'll get to in a moment. That will be the last thing we discuss this morning.

If we get to a point in the process provided for under the Oregon statute where the defendant has made an initial

prima facie showing, which I think is the first thing that I have to look for, and then the burden shifts to the plaintiff to establish that there is a probability of prevailing which can be an evidentiary showing, there may be some discovery that comes up in the course of that. But, at this point, I'm not ordering any, I'm not expecting any, so there shouldn't be any discovery along those lines either.

And I think all that's fine. And I think that will also enable us to get to -- really to get past the present motion to dismiss/motion to strike in a more streamlined fashion.

There is the outstanding issue of the protective order which I've been mulling over because I do think, in light of the concerns raised by defense counsel, there are some modifications that need to be made specific to this case.

I had been concerned that the -- what's being called a Rule 26 protective order in effect would be operating more like a restraint under a preliminary injunction or something like that without anyone having to go through the process of obtaining a preliminary injunction which, of course, requires showings regarding likelihood of success on the merits, et cetera. However, Rule 26 does have provisions for protecting certain types of materials from disclosure as part of the litigation process wholly apart from the requirements for injunctive relief.

I think the best way for me to deal with these conflicting issues will be to modify the proposed protective order in a way that's more specific to the terms of this case, and I need a short amount of additional time to pull together what I think the appropriate balance is here and to get an order to the parties.

We had extensive arguments on this issue, I think, before the end of the year with the briefing, and I need to incorporate that into a ruling.

I don't think I need any more arguments or briefing from the parties, but I appreciate that Ms. Cole wants to get any relief that she is going to get on this issue for her client as soon as possible so that he is not operating under an interim order that she feels is overbroad.

I also appreciate that Plaintiff's counsel would like to get a permanent order in place that will be for the duration of the case so that his client knows where things stand.

So I will endeavor to give an order that explains what I think needs to be done here by the end of next week, and we'll go from there. But, as I said, I have the briefing, I have the arguments from the parties.

My concern is striking an appropriate balance, particularly in light of the position that's been taken by the defendant that this is a case that should just be dismissed at the outset pursuant to the anti-SLAPP provisions of Oregon law.

I think those are all of the outstanding issues I had on the agenda for today.

I know the briefing on the motion is due to be completed by February 20th. I would like to have a date on the calendar for shortly after that because I may have questions once I see all the briefing about how to proceed.

Again, this particular statute under Oregon law is not one that I've had to consider before, and it's infrequent that I've had to deal with other anti-SLAPP provisions, so once I see the briefing, I want to make sure we're all on the same page as to what's going to be considered and what's just part of the record. And I'm going to set a date to do that at the end of February, with the briefing being due to be completed by February 20th.

So, Laritza --

MR. GRIFFITH: Your Honor, Your Honor.

THE COURT: I'm sorry. Let me go to Mr. Griffith.

MR. GRIFFITH: Okay. I apologize for interrupting, and I actually apologize to you and opposing counsel for making this request.

I'm going to ask if we can have a one-week extension on responding to the motion to strike/motion to dismiss which would make our response due on the 13th instead of the 6th. And it would move Defendant's response to the 27th.

I know these motions should be expedited. I

appreciate Defendant's counsel's desire to move it quickly, but as I mentioned to her, our schedules on our end are out of control, and I have stepped in for a partner to handle a case for him because he had to go on a medical leave for surgery for cancer. And in the last 48 hours, that case is unravelling, and it's going to suck me under for the rest of this week and into next week. So I would ask the Court if we could have a one-week extension for our client's response date.

THE COURT: I know, originally, I think lead counsel here was Mr. Kienzler. I know that Mr. Kienzler had withdrawn from the matter.

Were you working on it prior to Mr. Kienzler's withdrawal?

MR. GRIFFITH: Yes. I was not lead, but I have been involved in the case from the start.

It's just I just have an acute compression of cases and matters for clients, but this one, in particular, a case in Cleveland, Ohio, a case in the Common Pleas Court -- I can give you the case, et cetera -- we are in a fire fight of litigation, and it's going to spill over into next week.

THE COURT: So your request is that the dates in the briefing schedule be extended by seven days?

MR. GRIFFITH: One week, yes.

THE COURT: And Plaintiff's response would be due the 13th, and then Defendant's reply by the 27th.

Ms. Cole, do you have any objection?

MS. COLE: I don't have any objection to the request for one week, provided that it remain within the Court's page limits.

What we don't want is a situation where this drags out and then there's a really long, convoluted response to the motion that, you know, takes forever to resolve.

I think, you know, it's a motion to dismiss the complaint, and so, really, there shouldn't be a need for a really extensive response unless that response is just an amended complaint.

The other thing that I would just put out there both to the Court and to Mr. Griffith as a agreeable -- potentially agreeable solution for all of us is that I appreciate Your Honor's desire to kind of check in with the parties and make sure that everyone is on the same page early on in this process because it is not a typical motion to dismiss, and so to that end, you know, we would be willing to appear before the Court as soon as their response is filed.

I think we would ordinarily get a reply and then the motion would be considered fully briefed, but I think that this may be a situation where the Court sees the motion, a response to the motion, and then wants to know some very specific things that I would want to be addressing in our reply and that I think that Plaintiff should maybe even have an opportunity to

address in a cross-reply as well.

THE COURT: You're suggesting that instead of having a status date after the reply brief that there be a status after response to perhaps tailor the additional briefing, if any?

MS. COLE: Exactly. And particularly so if their deadline is moving out by a week just because I'm sure -- I mean, everyone on the phone appreciates my client's situation and wanting to deal with this expediently, and so I just want to make sure that we're getting to the heart of the matter quickly while also acknowledging that everyone has life issues.

THE COURT: Okay. So I'm not opposed to having a date on the calendar sooner. With the response due the 13th, I'm not opposed to a status hearing during the week of February 17th other than the fact that I have a jury trial that week and it may be difficult to find a time in the schedule that works well, though, actually, if you'll hold on for a moment, I may have a suggestion along those lines.

MR. GRIFFITH: I would respectfully ask for something the week of the 24th because I'm not available most of the week of the 17th.

THE COURT: One moment.

Okay. What I can do is I can set a status hearing for this matter for 9:00 a.m. on Monday, February 24th which would allow an opportunity for defense counsel and myself to review the response, and then we can have a discussion about the

reply.

And it may be helpful, particularly if there's a -- if there are affidavits or documents or other things that are submitted in support of the response, then perhaps we can address what sort of opposition or what kind of reply is going to be made to address that.

Are the parties available at 9:00 a.m. on the 24th of February?

MR. GRIFFITH: Yes, Your Honor.

MS. COLE: Yes, Your Honor.

THE COURT: And that, of course, is still in advance of the 27th which I'm going to set as a reply date, but it may be that as a result of what we discuss on the 24th, the schedule gets adjusted.

Okay. So we have a next status date. I'm looking forward to the briefing. I will get you an order that will address the long-term protective order, and I think that is everything for today.

Thank you both for your time, Counsel.

MR. GRIFFITH: Thank you, Your Honor.

MS. COLE: Your Honor, just one final very quick matter is just that I believe that there is a corporate disclosure requirement under Local Rule 3, and so I would just ask UL's counsel to make sure that they comply with that because that information, I think, could potentially be helpful

to the Court in resolving the motion and certainly would be helpful to Defendants in terms of notice.

THE COURT: There is a requirement. There actually should have been -- I would have expected there to be a reminder notice to the parties regarding the disclosure requirements, though I do not see that the clerk has placed that on the docket. But yes, there is a requirement to make a disclosure of any affiliates. So, Mr. Griffith, please make sure that you are in compliance with the local rule on that point.

MR. GRIFFITH: Yes, Your Honor.

THE COURT: Thank you, Counsel. Have a good day.

MR. GRIFFITH: Thank you.

MS. COLE: Thank you, Your Honor.

(Concluded at 10:16 a.m.)

* * * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney*                    7/3/2025
Official Court Reporter