IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UL LLC,                                ) Case No. 24 C 5631
                                       )
            Plaintiff,                 )
                                       )
        v.                             )
                                       )
JOSHUA CALLINGTON,                     ) Chicago, Illinois
                                       ) March 5, 2025
            Defendant.                 ) 9:50 a.m.

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff:      LITTLER MENDELSON, PC
                        BY:  MS. EMILY E. LEVY
                             MR. KEVIN E. GRIFFITH
                        41 South High Street, Suite 3250
                        Columbus, Ohio 43215


For the Defendant:      BEVERLY PLLC
                        BY:  MS. AGATHA M. COLE
                        43 West 43rd Street, Suite 159
                        New York, New York 10036







Court Reporter:         BRENDA S. VARNEY, CSR, RMR, CRR
                        Official Court Reporter
                        219 South Dearborn Street, Suite 2144D
                        Chicago, Illinois 60604
                        (312) 554-8931
                        *brenda_varney@ilnd.uscourts.gov*

            * * * * * * * * * * * * * * * * * *
            PROCEEDINGS RECORDED BY STENOTYPE
    TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard via telephone:)

THE COURT: Good morning. This is Judge Wood returning to the line. I believe that we are ready to call the next case, so the courtroom deputy will call the case, and then I'll get appearances from counsel.

Laritza.

THE CLERK: Calling case 24 CV 5631, UL LLC versus Callington, for status.

THE COURT: Let's start with plaintiff's counsel.

MR. GRIFFITH: Good morning, Your Honor. This is Kevin Griffith on behalf of UL Solutions.

MS. LEVY: And Emily Levy is also here. Good morning, Your Honor.

THE COURT: Good morning.

Do we have counsel for the defendant?

MS. COLE: Yes, Your Honor. Good morning. This is Agatha Cole representing Mr. Callington.

THE COURT: Thank you.

Okay. So let me first start by saying and acknowledging the motion for clarification that was filed at Docket Number 41. And I appreciate the inquiry.

The change in the status hearing date was due to a scheduling issue that arose with respect to the Court's schedule and other matters and was not intended to disrupt the sequence of issues being considered with respect to the

anti-SLAPP motion that was filed on behalf of the defendant.

So I think it is fair to say that the defendant will still have an opportunity to file a reply once we discuss today some of the procedural issues with respect to how to proceed, the ones that were discussed last time that necessitated setting the shorter date.

So, hopefully, that provides the clarification that Attorney Cole was looking for with respect to her motion and we can turn to the issue of how the special motion to strike is actually going to be decided.

And, on that note, my first question is for Plaintiff's counsel. So I'll see whether that's Attorney Griffith or Attorney Levy, whichever of you would like to respond.

I noticed that in your response to the motion to strike, the special motion to strike, the plaintiff does not take issue with the choice of law being Oregon. This is something that is sort of addressed briefly at the beginning of the defendant's motion to strike, explaining why they are invoking the Oregon anti-SLAPP provision rather than the Illinois provision or some other state's.

I didn't see any response to that from the plaintiff, so I take it that you are acknowledging that you think Oregon law applies for that purpose; is that correct?

MR. GRIFFITH: You can address that, Emily.

MS. LEVY: Good morning. Apologies. I was on mute.

For purposes of the anti-SLAPP statute, that is correct, we do not -- we are -- we do not dispute that the Oregon law -- the choice of law for Oregon; however, that is just with respect to the anti-SLAPP statute.

THE COURT: Very well then. Okay.

So as we discussed somewhat briefly last time, the Oregon statute calls for a two-step process for resolving a special motion. The first step requires the defendant to make out a prima facie showing that the claims that are the subject of the motion fall into one of the categories covered by the Oregon provision for special motions to strike.

And then, assuming that that occurs, there's a burden shifting where the burden shifts to the plaintiff to then establish a probability that the plaintiff will prevail on the claim. And that probability requires the presentation of substantial evidence to support the case.

I did also, in reviewing the special motion to strike, note that the special motion generally provides for it to be decided or the provision under Oregon law provides for a special motion to strike to be decided based on pleadings and affidavits.

And there's pretty much a presumption against any discovery being undertaken, though it contemplates the possibility that a judge might order some limited discovery,

but it sure seems that the presumption under that statute is that this prima facie showing and the substantial evidence inquiry can be decided without having to go into any substantial discovery which certainly makes sense given that the whole point of the statute is to avoid -- you know, is to provide a way for a defendant to have a case dismissed at a very early stage without having to live under the burden of it.

So I think one of the main questions that the parties had last time and the reason why we were going to have a status hearing before the reply brief was to address at what point there would be evidence presented.

I have to say, it doesn't seem to me that there's a need for any evidence to be presented in order to make the determination of whether this case falls under one of the covered categories in the special motion to strike, so my first inclination is that it would make sense for the parties to have a ruling on that issue before inviting any further evidence or certainly entertaining any requests for discovery because it does seem that this is an important issue to delineate exactly what this case is about and whether it falls under the categories covered by a special motion to strike.

So I'll stop there.

MS. COLE: Your --

THE COURT: Ms. Cole, just a moment. I'm about to give you a chance to speak.

Having now seen the plaintiff's response to your original motion, do you feel that some form of discovery or more extended presentation of evidence is necessary?

MS. COLE: Yes. Thank you, Your Honor.

So I think that I'd like to answer that question, but just backing up a little bit about the procedure, I think that Your Honor made a really good observation that there are several preliminary issues that would be helpful and, I think, easy to resolve at this stage perhaps in the course of this hearing really which are the initial issues of, like, whether the motion is timely and whether Mr. Callington has met his initial burden of establishing a prima facie case under the Oregon statute or whether this fits into those categories as you stated.

And I think that it would be more productive in terms of, you know, additional briefing or evidentiary submissions before the Court to at least have some guidance on, you know, whether that needs to be addressed any further in the briefing. If not, then I think Your Honor is correct that we're kind of at the stage of looking at the merits of the claims and specifically whether they have any merit and whether the Court should consider any additional evidence on that point.

Being the defendant in the case, you know, our view is that no discovery is necessary, but, of course, we defer to the Court and to opposing counsel as to, you know, whether they

feel that they are entitled to any additional discovery that would enable them to make the appropriate substantial evidence showing for the latter part of the analysis on this motion.

THE COURT: So, first of all, I'm certainly prepared to hear your response orally on the timeliness issue if that's something that you would like to simply argue today rather than briefing.

I will let you know I do not view the prima facie argument as being as simple as I think your comment may have suggested, surprisingly. I would like a reply to address whether or not your client has made the required prima facie showing because I'd like to hear your response to the arguments made by the plaintiff.

I don't know if that affects your desire to also have a written response on the timing issue or any desire to bifurcate the prima facie case argument from the substantial evidence inquiry.

MS. COLE: Thank you for clarifying that. That's really helpful.

That's really all that we are asking for here is a little bit of guidance on, you know, what the outstanding issues are that should be briefed further, and so we're happy to respond to the arguments about the prima facie case having been met in briefing as well as the merits of their claims.

As to the timeliness issue, I think, if UL is

amenable, I think it would be helpful to just address that in oral arguments today if for no other reason than just to get guidance from the Court on whether additional briefing on that point would be helpful or just a waste of time.

THE COURT: Sure. I mean, I think it's the kind of issue that tends to be fairly straightforward.

There is a timeline that is provided for in the statute that the motion to strike must be filed within 60 days after service of the complaint, but then there is also discretion for the Court to allow it at any later time.

So I suppose the question I would put to you, Ms. Cole, is: What is your argument for why I should exercise my discretion to find your motion timely?

MS. COLE: Sure.

So the arguments are quite simple. I think, you know, when I appeared for the first time before the Court, I notified the Court that having, you know, just reviewed the pleadings initially, I believed that it would be appropriate to file an anti-SLAPP motion along with a motion to dismiss.

We discussed a briefing schedule, and so I think it was raised as soon as it could be, and everyone was on notice that that was forthcoming. And that is -- and the Court, you know, gave us a specific deadline for the motion which the anti-SLAPP motion went with, and so I don't see why it would be considered untimely.

THE COURT: But I don't recall at the time that you indicated you'd be filing the motion to dismiss that you indicated it would be an anti-SLAPP motion which is technically not a Rule 12(b)(6) motion.

Does that matter?

MS. COLE: I don't think that it necessarily matters.

I think that we asked for a deadline for the first responsive motion or response to the pleading, and when filing an anti-SLAPP motion in federal court, that is done at the 12(b)(6) stage.

That being said, although I don't think that it matters or is ultimately the determinative issue, I do believe -- and I would have to review the transcript, but I am fairly confident in my recollection that we did raise the anti-SLAPP issue straight out of the gate. Again, I may be mistaken, but I don't think that it's necessarily dispositive.

THE COURT: Let me hear from Plaintiff's counsel.

Your motion raises the timeliness issue and focuses on the 60-day deadline.

The Oregon statute refers to the Court having discretion to allow the motion to be filed at any other time. It doesn't say whether the defendant has to make a showing of good cause or some other standard that has to be met before it's appropriate to exercise that discretion.

What is the plaintiff's view on whether I should

exercise discretion to allow the filing? And, in particular, what is the standard that you're using? Is there a prejudice here to the plaintiff of my allowing it at this stage? Is it simply that there hasn't been a showing of good cause?

You lay out a timeline, but I'm not sure where that leaves me if it's an argument that, as I said, there will be prejudice to allowing the motion at this point or it's an argument that there's some sort of gamesmanship that you think the defendant is exercising or engaging in.

Why shouldn't I exercise my discretion to allow it?

MR. GRIFFITH: Thank you, Your Honor.

Two reasons come to mind. Number one, this case was filed originally in July of 2024, and here we are still in a procedural sort of abyss.

And so, you know, the idea is there prejudice, yeah, there's prejudice in the sense of how long this case has already been pending before we've even come close to getting into a normal sort of case schedule, discovery, et cetera.

Number two, I don't think there's gamesmanship, but I do think that this is an extremely novel argument. And in all my years of practice in this space of noncompete enforcement, trade secret misappropriation, nonsolicitation, breaches of NDAs, I've never seen an anti-SLAPP motion in any court that's been brought against a lawsuit like this one where there are very specific allegations about misappropriation of tens and

tens of thousands of documents and without any authority or authorization.

And so it's a novel issue, but I don't think it's an issue that's, you know, worth the Court exercising discretion over because it had to rule on it because I don't think it's something that comes up very much.

And I think it would be appropriate to dismiss this motion because it is something that really doesn't fit into this case in terms of was the lawsuit a "SLAPP" under the statute. No. We see it in defamation cases maybe, but there's no defamation claim here. So that would be our point.

Some delay occurred in the case, and there's really not a need for you to exercise discretion unless you decide you want to, but you're ruling on a very novel issue that I've never seen before.

THE COURT: So I actually think the novel issue argument weighs in favor of letting the issue be heard so that it can be decided, and it strikes me as something that goes to the merits of the motion and not whether it's untimely. And just because it's novel doesn't mean that it's frivolous.

I think, given that the parties have already done substantial briefing that gets to the issue of the prima facie case and I do think that that is very much going to be the heart of the motion to strike issue, that that's certainly how the parties have presented it in the briefing, I'm inclined to

12

allow the motion. I'm going to deny the request that I deny the motion as untimely based on what I've heard from Counsel.

You know, this is a specific Oregon statute. I've looked at a couple of other different anti-SLAPP statutes from other states to see ways in which they differ, and it seems to me that at least for purposes of this Oregon statute, it is expressly contemplated that a defendant may bring a motion at a later time.

Certainly the 60-day time period is presumptive, and I would expect it normally to be followed, but I do want to take into account here that the defendant was originally pro se and right out of the gate indicated that he wanted time to find counsel and that's one of the reasons why things got off to a slower start.

I did take steps to make sure that the slower start wouldn't prejudice the plaintiff by putting in place the interim order in order to maintain the status quo.

So it's difficult for me to see how the delay -- this relatively short delay, frankly and hopefully, regarding the special motion to strike really causes any prejudice here. And certainly if this is a meritorious argument, it's one that would be worth deciding on the merits, though I'm not saying in any way that I think it is meritorious.

I would like to hear more from the defendant in a reply brief, and then I can give a proper ruling on that. But

yes, under these circumstances and looking at the plain language of the statute and the intent of the statute and where we are in terms of the stage of the proceeding, I am not going to deny the motion as untimely. So that gets to the issue of the merits of the motion.

I have said that I'd like to hear a response from defense counsel as to whether the plaintiff has shown a prima facie case.

Mr. Griffith, what is your view on whether, at this stage, that's enough, whether I should make a determination as to the prima facie case before moving on to a substantial evidence type analysis?

And along with that, let me know whether you think what you've already submitted, your motion and the affidavit, whether that is your substantial evidence. If that's what you are relying on, then perhaps there's no need for bifurcation.

Defense counsel's already said she doesn't think she needs any discovery in order to address the substantial evidence inquiry.

MR. GRIFFITH: As to bifurcation, we don't oppose that, and it seems like there's an efficiency to that. And so if the Court is inclined to go that route and look at whether a prima facie case has been established or not, you know, that, I think, could help streamline things here.

Number two, as far as has the plaintiff submitted all

the evidence that it would submit to support the argument that there is a probability of succeeding on the claims that are in this case, we felt somewhat constrained by the statute and felt that, as you had indicated earlier in this hearing, that it seems like the statute is saying it's the pleadings and affidavits. And we felt that we really couldn't go beyond that in terms of submitting additional discovery or additional evidence. And so we have an affidavit supporting the complaint that's everything being true and accurate to the best of UL's knowledge and belief, and our thinking was did the Court want more evidence on this point.

Emily, do you have anything to add there?

MS. LEVY: I also just wanted to say that it is our view that the standard under the statute, the Oregon statute, is that it's a probability of success, and that's what we focused on in our filing.

THE COURT: Yes. And so you have argued probability of success. Were you doing that anticipating that you wouldn't have another opportunity to argue it?

I mean, it seems that you thought that you could argue it without any additional evidence because that's what you did.

MR. GRIFFITH: Yeah, we were assuming that we wouldn't have the ability to provide any more evidence unless the Court directed us to provide additional evidence. We thought that this hearing was going to address that.

THE COURT: Okay. So I think one of the things we had discussed last time was whether the decision on the second prong was something that would be made as a matter of law, you know, sort of something akin to a 12(b)(6) motion where you can look at a complaint and say, "As a matter of law, that's not going to work" or whether there would need to be evidence presented in which case it becomes more like a Rule 56 motion in that there are going to be factual determinations regarding whether there's a probability of succeeding on the claim that's going to require findings.

Ms. Cole, last time, I believe you indicated that the arguments that you would be making for a 12(b)(6) motion are included in your special motion to strike. Your special motion to strike is both a special motion to strike and a Rule 12(b)(6) motion to dismiss; is that correct?

MS. COLE: Correct, Your Honor. Correct on both points, the first being that, you know, we addressed the arguments, and the second is that it can also be treated as a 12(b)(6) motion to dismiss in the alternative.

I would just add that, you know, in the initial briefing, there can be page limits, and the issues that were being raised with the Court, you know, that aspect of our initial briefing, I think, could be developed further.

And I had anticipated that we would develop that further in response to UL's substantial evidence showing or the

information that I believe we are receiving now being that UL, I guess, feels that no further evidence is necessary as to -- for the substantial evidence showing.

So, I guess, does that answer your question?

THE COURT: I guess I'm a little confused because for Rule 12(b)(6), usually, you don't rely on any evidence, so it's just what's in the pleadings. So I don't see why there would be a need to have the substantial evidence showing at that point. Either the allegations are sufficient or they're not.

So I think --

MS. COLE: That's correct, Your Honor.

I'm sorry. If I could just clarify.

THE COURT: Sure. Go ahead because what I don't see in your motion that was filed originally is a section where you say, "Even if this is not barred by the anti-SLAPP statute, it still fails under Rule 12(b)(6)." I don't see that in the brief that you've filed.

MS. COLE: Understood, and we will make that more explicit in our reply.

My point earlier was that -- go ahead, Your Honor.

THE COURT: I was going to say or is it that it falls under your section of the brief where you talk about it appears unlikely that the plaintiff can prevail on any of the claims because the arguments there do appear to speak to the sufficiency of the pleading by saying they haven't identified a

trade secret and some other things that might be construed as 12(b)(6) type arguments?

MS. COLE: That's correct, Your Honor. Our intent was to frame the legal sufficiency argument in a manner that is consistent with the Oregon anti-SLAPP statute's procedural framework, so yes, that's correct.

And what I meant earlier in terms of, you know, getting more information to file our reply brief on those issues is that, you know, of course a 12(b)(6) motion addresses purely legal sufficiency; but the Oregon anti-SLAPP statute, you know, allows the Court to consider evidence beyond that.

And so if UL were to submit additional evidence, obviously, we would want an opportunity to respond to that, but, at this point, it seems like that will not be the case, and so, with that in mind, I think the issue is moot.

THE COURT: Here's what I'd like to do. I'd like to take up together the argument of whether the claims in the complaint fall into one of the categories that could be covered by the anti-SLAPP statute as well as the sufficiency of the pleading, meaning the Rule 12(b)(6) argument.

It seems to me that it makes sense to take those two things up together because they both rely on a detailed assessment of the allegations and what's actually being alleged, and the resolution of those issues would more squarely tee up for the parties what it is that the defendant would then

have the burden to show by substantial evidence.  And, frankly, there may be some claims that fall under the anti-SLAPP statute but not all of them, and so the argument might proceed differently.

So it does seem to me that the most efficient way forward would be to have a reply brief that focuses on the legal sufficiency of the pleadings as well as whether the plaintiff has met -- well, whether the defendant has met its burden of showing a prima facie case.

To the extent there are claims that survive and the prima facie case is satisfied, then I can conduct a substantial evidence inquiry.  It might slightly prolong things, but I actually think, in the long run, it will streamline things.

So that's a way of saying that I think the most efficient way forward would be to set a new reply date, a reply date for the defendant to respond regarding the legal sufficiency of the pleadings including whether the claims that are asserted there are covered by the anti-SLAPP statute.

And then to the extent the substantial evidence argument is going to require additional affidavits to be submitted or even limited discovery, we can take that up if I've got a complaint that survives that is potentially covered by the anti-SLAPP provisions.

So that's how I'd like to proceed here.

How much time, Ms. Cole, would you like to file such a

reply that engages those issues which I think are the issues that are teed up by the motion and the response that I already have?

MS. COLE: Yes. I think two weeks would be fine. The standard default 14 days should be fine for us.

THE COURT: Okay. That would be March 19th.

Okay. And then, frankly, I don't think I need oral argument on the issues. We've discussed the issues of what this case is about a few times. I have a pretty good idea of the parties' perspective here, and I do think that the written submissions should be sufficient for the prima facie showing.

If we get to a substantial evidence inquiry, that's where I think a hearing with formal argument would make sense, and I would probably want to hold an in-person hearing at that stage to hear a presentation of the substantial evidence. But for the issues that are really just limited to the pleadings, I think I can make that determination based on the papers that I have. And that will be fully briefed March 19th.

I owe the parties an order regarding the interim order which I'm aware of. I actually have been going back and forth on how best to address that with the parties, and I will get that to you.

I think the anti-SLAPP briefing has actually clarified some things from my perspective with respect to why the parties in your discussion of the proposed confidentiality order to

replace the interim order are talking about very different things, and I think it largely has to do with very different views that the parties have as to what the case is about. But I think I can resolve that at least at this stage and get an appropriate order entered, having thought through your positions and getting that additional clarity as to where you're coming from more broadly in the case.

What I'd like to do is to set a next status date that will give me an opportunity to review the reply and hopefully even have a ruling on it so that we can figure out if an evidence presentation is going to be needed.

So I'm going to set the next date as a telephone hearing, anticipating that one of the things we may be discussing is an in-person hearing regarding the substantial evidence showing; but, at this stage, I have no particular reason to think one way or the other that that more extended presentation and argument is going to be needed.

Okay. Other than the motion to strike or dismiss and the issue regarding the interim order/confidentiality order, are there any other new agenda items that the parties would like to address this morning?

MR. GRIFFITH: Emily --

THE COURT: Let me start -- Mr. Griffith, yes?

MR. GRIFFITH: I think Emily wanted to make a point.

THE COURT: Did you have anything else, Ms. Levy?

MS. LEVY: Yes.

So, as I mentioned before, you know, for UL's burden, it's that there's a probability that, you know, we would prevail on the claims by presenting substantial evidence, so I just wanted to clarify.

THE COURT: Yes.

You want to focus on the probability side of things, that you don't have to actually prove your claim; you just have to show a probability?

MS. LEVY: That is correct.

THE COURT: I am keeping that in mind.

MR. GRIFFITH: And if I could just say one last thing for the record, you know, the substantial evidence standard has been troubling to us because we feel constricted.

We're not sure exactly what the statute is allowing, so pleadings and an affidavit. Additional evidence, if it was necessary, really would come from Mr. Callington in terms of requests for admissions or a short deposition, but that sort of also defeats the whole policy behind the anti-SLAPP statute.

So we were just waiting to see if there's any direction from the Court in terms of whether it wanted any more substantial evidence or any other evidence that goes into that particular standard, but I think we can wait until we get to that point if we get to that point.

I just wanted to state that for the record.

THE COURT: Sure.

And, to be clear, again, this is not a statute, particularly the Oregon version of the statute, that comes up a lot here in the Northern District of Illinois; but my understanding from reviewing the statute and what its intent is is that the substantial evidence showing in relying on affidavits essentially is an opportunity for the plaintiff to show how it would prove its case, not to actually prove the case. But, you know, to the extent the complaint itself isn't obvious and clear as to what sort of evidence would be put forward to show that this is actually what happened, you could present an affidavit similar to what you might do in support of a TRO or a preliminary injunction, right, which also turn on an evidence standard that requires a showing of a likelihood of success.

It doesn't require you to actually prove the merits of the claim but requires a substantial showing that you're likely to be able to. And so I think it's something similar here where you can rely on things that would normally be hearsay, you can rely on affidavits. It's really your opportunity to show how you would be able to show these things.

And it may be that the allegations of the complaint are sufficient for that purpose, particularly with a person with knowledge verifying those allegations in a separate affidavit.

But, as is often the case when you're in that Rule 65 context in federal court, sometimes you need somebody else's affidavit to fill in some gaps of what actually happened in order to have somebody who has personal knowledge to fill that in. And, frankly, maybe Mr. Callington then files a responsive affidavit to show why those statements in an affidavit don't meet the standard or are not reliable or whatever it might be.

So I don't know if that answers your question, Mr. Griffith, other than to say that I think in ruling on what I have in front of me and narrowing the issues, I probably will be able to tell the parties whether I think additional evidence is going to be needed. But I do think this procedure is somewhat akin to that procedure for preliminary relief. Just because it calls for affidavits doesn't mean that it requires a whole lot of discovery.

This is really your opportunity to say, "Hey, we do have evidence. We're not just saying things in this complaint" because that's what the anti-SLAPP provision is trying to prevent, people just using lawsuits for retaliation even when they don't have a legal basis.

So, hopefully, that helps you in terms of guidance.

MR. GRIFFITH: That was a very helpful clarification. I like the way you phrased that in terms of, you know, if necessary, present an affidavit to show how you would prove a probability.

Of course, this standard and the Oregon statute is different from Rule 65, so it's not a likelihood of success; it's just a probability.

The idea of submitting an affidavit that says how we would do that, I could see that as something that would be worthwhile if the Court desired one.

THE COURT: Yes. And I do not want to invite a big dispute over what qualifies as a probability.

I can see reasonable minds differing on how much of a likelihood you have to have of prevailing for it to be a probability. I don't know whether Oregon law says anything on that, but, again, I don't want to get ahead of us because I think the most important thing is to figure out what this case is about because that will determine whether the statute even applies.

MR. GRIFFITH: Fair enough. Thank you, Your Honor.

THE COURT: Okay. And then to Ms. Cole, any additional items?

MS. COLE: Yes, just a brief administrative issue.

I filed an incorrect version of the motion at Docket Number 29 and then corrected the filing at Docket Number 31.

I know that some courts allow for the locking of an inadvertent or mistaken filing, and I was wondering, frankly, because it's embarrassing that we filed the wrong document on the docket, you know, as the case proceeds, I think it's always

helpful to have those things kind of cleaned up on the docket and I assume that no one would have an objection to having that docket entry locked.

Is there a procedure in the Northern District of Illinois in terms of would I need to file a motion or call the clerk's office, or how would we clarify that on the docket?

THE COURT: Sure. You can make an oral motion. The clerk's office will need an order from me in order to do anything with respect to that filing.

And it's Docket Number 29 that you do not want to be part of the public record; is that correct?

MS. COLE: Correct, Your Honor.

THE COURT: Okay.

MR. GRIFFITH: Plaintiff does not object to that at all. We don't object to that at all. That's fine.

THE COURT: Okay. So what I will -- what I can do -- there are a couple of different ways to do this, but since it is not intended to be in the filing, I'm going to issue an order that it is stricken and superseded by the corrected version at Docket Number 31. And I'll direct the clerk's office to place it under seal so that it's not accessible.

MS. COLE: Thank you, Your Honor.

THE COURT: I think, in theory, I could ask that it be removed from the docket which is generally a more extreme measure.

Here, there are timing issues for completeness. I think it may be better to have it, but if there is something that is so scandalous or worrisome that you want to request that it actually be removed from the docket, I'd need to have a specific reason to do that other than just sealing it and finding it to be superseded by the corrected version.

MS. COLE: Your proposal is perfect, Your Honor.

I just want to make sure that there is no confusion as to what motion we are dealing with if there is a change in counsel or a reassignment or an appeal or anything along those lines. I want to make sure that we have a clear and clean record of the proceedings that does not involve my mistaken filing.

THE COURT: Very good. We'll take care of that with an order, and I think that will resolve that issue.

Laritza, remind me what the date was that we just gave the parties for the status hearing.

THE CLERK: We did not give a date, Judge.

THE COURT: Ah, okay. What date can we give them?

So this will be fully briefed in 14 days. I think I was looking towards mid to late April so that I can hopefully have a ruling, so maybe towards the latter part of the month.

THE CLERK: Yes, Judge. We can do April 24th at 10:00 a.m.

THE COURT: Does that work for the parties?

27

MR. GRIFFITH: That works for me.

MS. COLE: That should also be fine for Mr. Callington.

THE COURT: Very good. Thank you, Counsel. Have a good day.

MR. GRIFFITH: Thank you, Your Honor.

MS. COLE: Thank you, Your Honor.

(Concluded at 10:42 a.m.)

* * * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney*                    7/3/2025
Official Court Reporter