1

                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

UL LLC,                              ) Case No. 24 C 5631
                                     )
             Plaintiff,              )
                                     )
        v.                           )
                                     )
JOSHUA CALLINGTON,                   ) Chicago, Illinois
                                     ) April 24, 2025
             Defendant.              ) 10:45 a.m.

        TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
                BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiff:      LITTLER MENDELSON, PC
                        BY:  MS. EMILY E. LEVY
                             MR. KEVIN E. GRIFFITH
                        41 South High Street, Suite 3250
                        Columbus, Ohio 43215


For the Defendant:      BEVERLY PLLC
                        BY:  MS. AGATHA M. COLE
                        43 West 43rd Street, Suite 159
                        New York, New York 10036


For the Amicus:         MR. LEONARD C. GOODMAN
                        53 West Jackson Boulevard, Suite 1650
                        Chicago, Illinois 60604




Court Reporter:         BRENDA S. VARNEY, CSR, RMR, CRR
                        Official Court Reporter
                        219 South Dearborn Street, Suite 2144D
                        Chicago, Illinois 60604
                        (312) 554-8931
                        brenda_varney@ilnd.uscourts.gov

            * * * * * * * * * * * * * * * * * * *
                PROCEEDINGS RECORDED BY STENOTYPE
        TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard via telephone:)

THE CLERK:  Calling case 24 CV 5631, UL versus Callington, for a status.

MS. COLE:  Good morning, Your Honor.  This is Agatha Cole for Defendant Callington.

MR. GRIFFITH:  This is Kevin Griffith for Plaintiff UL.

MS. LEVY:  This is Emily Levy for Plaintiff UL.

THE COURT:  Thank you.

MR. GOODMAN:  This is Leonard Goodman.  I'm counsel for the amicus curiae.

THE COURT:  Yes.  So I did see that there is this request for leave to file an amicus brief.  And I also received a proposed briefing schedule, so I think first, I want to confirm.  This is a proposed briefing schedule for the motion for leave to file the amicus brief; is that correct?

MR. GOODMAN:  Yes, Your Honor.

THE COURT:  And I take it that one of the parties is desiring to oppose the request.  Is that you, Mr. Griffith?

MR. GRIFFITH:  Yes, Your Honor.  And we'd just ask for the briefing schedule in the event that you decide you're going to accept the filing of the amicus brief and consider it.

THE COURT:  And so is your intent to oppose the request to file it such that I would say no and not consider the contents at all in connection with the motion, or are you

seeking an opportunity to respond to the substance of it?

MR. GRIFFITH: We would probably make both arguments, so we'd make the substantive arguments in the alternative.

I mean, the opposition is really based on the lateness of the filing and how the briefing's already been concluded with respect to the issues that are before the Court. And we've already argued those issues as well.

THE COURT: And so to the extent that -- in other words, the proposal here is that you want an opportunity to file an opposition that both says, "Hey, they shouldn't be participating in the briefing of this motion at all at this point," but to the extent I am going to take into account the arguments they raise on the merits, you would go ahead and include that in the opposition that you plan to file on May 5th?

MR. GRIFFITH: Yes, Your Honor.

THE COURT: And, Ms. Cole, do you support the filing of the amicus brief and my consideration of its contents?

MS. COLE: Thank you for the opportunity to speak to that.

I mean, we agree with much of the substance put forth by amicus organization Whisper.

In terms of, you know, additional briefing on whether the Court should accept the filing or not, it strikes us as kind of unnecessary.

There has been in this case -- you know, this is the third proposed motion to strike something from the Court's consideration based on some kind of procedural nonsubstantive argument. I think the first time that that sort of thing came up, it was a challenge to the timeliness of the anti-SLAPP motion.

Now they're challenging the appropriateness of the amicus brief as well as the appropriateness of the sealed exhibits to our reply brief.

And, from our perspective, you know, the Court exercises its discretion to consider or not consider all of the filings and arguments before it which are, you know, presented to aid and assist the Court and put arguments, legal arguments, before.

So as I guess it just seems like a lot of work and litigation practice and time and energy and judicial resources and party resources put towards, you know, inconsequential issues because the Court is always exercising its discretion to some extent as to what arguments it's embracing in that, so, you know, we don't feel strongly one way or the other so long as we can just get to the merits of this case as quickly as possible.

You know, it's been six months now. We still have the protective order in place. Mr. Callington is, you know, an ordinary individual who doesn't particularly appreciate being

the target of this litigation. And so we don't feel strongly one way or another. We just want to be able to address the merits sooner rather than later.

THE COURT: Okay. And there is, as you point out, a motion to strike that was also filed after the reply brief seeking to strike the reply and the sealed exhibit.

There's a timeliness issue that's raised, I think, based on the motion being filed in the early morning hours of the following day after the deadline rather than the day of the deadline. And then there are also some arguments that are more addressed to the procedure and whether it's a proper sort of filing. This is the motion to strike at Docket Number 49.

Is this something that you want an opportunity to respond to in writing?

I am comfortable taking the request under advisement with the rest of the briefing so that I can get everything reviewed and considered and get a ruling to you more quickly, and I certainly would be amenable to giving you a minute or two now to respond orally to that motion to strike if that alleviates any concerns about creating a record on that motion without having to expend time and resources in making a formal written response.

MS. COLE: Thank you, Your Honor. Yes, we would embrace that proposed course of action, and I can just respond very briefly to the two arguments presented in that motion now

if now is the right time to do that.

THE COURT: Go ahead. If you can keep it brief, go ahead.

MS. COLE: Sure.

So the motion makes two arguments, first that the exhibit -- sorry -- first that it was untimely because it was filed, like, eight or nine hours after the deadline.

You know, this particular issue probably has a little bit more merit than any of the other procedural arguments for, you know, not considering the merits. It was indeed filed about eight hours late. That is because, you know, at the last hearing, the Court asked, "Do you need a briefing schedule on this motion?" And I had said, you know, "I don't think that we need anything beyond the default time for responding to the motion," which I think was, like, 15 days or something.

In the interim, my five-year-old twins who were in kindergarten each had separate repeat rounds of strep throat. So one kid had it and was sent to school, and then as soon as he got better, the other kid had it. And they passed it back to each other so literally four rounds of strep throat in this, like, two-to-three-week period, and I fell behind.

And it's not an excuse. It was late. I apologize. I don't think that my client should be punished for that, but I accept fault for the delayed filing, and I hope that the Court will nonetheless consider the filing.

As to the second argument which I understood as being that Exhibit A must be stricken either because the documents contained in that exhibit are not accompanied by an affidavit and/or because we purportedly failed to follow the proper procedure for sealing that document, I think that those arguments are both incorrect as a matter of law and also inconsequential.

The Exhibit A contains internal emails that Mr. Callington provided to rebut UL's contention that his use of Dropbox was somehow surreptitious or unauthorized and disallowed by UL, and so he provided these emails to show that his use of Dropbox at UL was a normal, ordinary course of business, use of software.

Those exhibits -- those emails were filed under seal on the docket in a good faith effort to comply with the preliminary injunction entered by this Court at the outset of the case before Mr. Callington was represented by counsel.

It's our understanding that any kind of discovery type materials, evidentiary materials, are supposed to be filed under seal pursuant to that order.

And I think the local rules that UL is referring to in its argument that we did not follow the proper procedure have to do with the public's interest in public court filings. And so it sets forth a procedure for if someone wants to file something under seal substantiating the need for a seal with

the Court.

Here, Mr. Callington would obviously prefer to file these documents out in the open; however, because of the preliminary injunction and temporary protective order entered at the outset of this case, we felt that it was appropriate and necessary in an abundance of caution to file the documents under seal.

I can't imagine that UL would have preferred for us to file them not under seal. In any event, I don't think either of the arguments in his motion warrant any kind of relief for UL. I think we should just move on to the merits as quickly as possible.

THE COURT: Okay. Thank you.

Back to the issue of the briefing schedule on the whistleblower. I appreciate your position on the motion to strike. I am not going to be inclined to strike the reply as late given the explanation for why you were not able to do it by the original filing deadline given that we're talking about something that was filed, I think, at 4:00 or 5:00 a.m. in the morning as opposed to the day before.

I don't see that as creating prejudice, particularly since it is a reply brief so it was going to be the last thing filed in any case, and I doubt that the few hours prejudice anyone, including the Court, in its review. And I think you've offered an explanation regarding a personal circumstance that

provides an adequate explanation.

I will consider whether any other procedural relief is appropriate, but I don't need any further explanation regarding the motion to strike at this time.

Regarding the motion, the whistleblower motion, so if I set a briefing schedule for the parties to respond to what was filed on the 21st, would you file something, or do you have any interest in responding to the motion for leave in any way, Ms. Cole?

MS. COLE: No. We appreciate the filing and the support. I would not be inclined to respond to the briefing unless, of course, UL's briefing presents something other than, you know, a plain opposition to the Court's receiving the briefing.

The only other thing that I would point out on this issue is that there seems to be a mistake on the docket with respect to a notice of appearance that was initially filed by counsel for the amicus organization as Mr. Leonard Goodman.

It looks like, initially, he filed a notice of appearance on behalf of Mr. Callington when, in fact, he represents the amicus organization and not Mr. Callington. So I would respectfully request that that be corrected on the docket to avoid any confusion.

MR. GOODMAN: I can speak to that. This is Mr. Goodman, Your Honor.

I was going to ask the Court to do the same. It's Docket Number 50. It was erroneously filed by my office, and I would ask that it be stricken.

THE COURT: I see. Yes. So the attorney appearance at Docket Number 50 will be stricken, and the notation in the caption of Mr. Goodman appearing on behalf of Mr. Callington will be -- that will be terminated and stricken.

Thank you for bringing that to my attention.

MR. GOODMAN: Thank you, Your Honor.

THE COURT: Okay. So I will go ahead and enter a briefing schedule related to the amicus brief that I assume will address both the propriety of my entertaining the brief and the substance.

Any response to the motion for leave -- that includes on behalf of defense counsel should Ms. Cole change her mind -- should be filed by May 5th.

And then any reply from the proposed amicus will be filed by May 12th. And then that matter will be closed, and I will expressly make a determination as to whether I think it's appropriate to consider the brief as well as, if I do consider it, how that -- how the content of it impacts my decision on the motion.

The other thing I'd been hoping to address with the parties a little bit further today is the ongoing -- the interim protective order that was put in place which Ms. Cole

refers to as an injunction.

Given my time limitations this morning, I'm going to suggest setting a short status date so I can have some separate time set aside to discuss how that issue is going to be handled going forward. And I'm going to suggest that my courtroom deputy take a look at our schedule to see if perhaps we can have a continued short date to have that issue addressed with the parties perhaps on either May 2nd which is already a week from Friday or, if need be, May 5th for a telephone hearing.

Do the parties have a preference between those two days?

MR. GRIFFITH: I'm traveling on May 2nd, but May 5th works.

THE COURT: Does May 5th work for Ms. Cole?

MS. COLE: It does work.

THE COURT: It would be a telephone hearing, as I said, to focus on resolving whether changes are going to be -- what changes, I should say, would be made with respect to the interim protective order going forward.

So the briefing, that's all separate. I'm not anticipating any further argument on the anti-SLAPP motion. To be clear, that will have it fully briefed. I believe I can resolve that based on the briefs, based on what I've seen thus far.

MS. COLE: And will Your Honor hear argument, oral

argument, to accompany the submission of the briefs on the anti-SLAPP motion?  Because that --

THE COURT:  I was not expecting to schedule it, but I would entertain a request.  I don't know that I've had a request on that at this point.  I would not do that on May 5th because I'd like to know the status -- have figured out the status of the amicus at that point, so it would be scheduled at a little bit of a later date.

MS. COLE:  Okay.  So we could put that request in on the docket if it's helpful or with your courtroom deputy, but we would appreciate the opportunity to present arguments and answer any questions that the Court may feel like have perhaps not been addressed by the briefing as soon as is reasonably practicable.

THE COURT:  I understand, so I will take under advisement the request for argument.

Would you be available, Ms. Cole, at 1:30 on May 5th for a telephone hearing to resolve any outstanding issues regarding the interim protective order?

MS. COLE:  Yes, Your Honor.

THE COURT:  Very good.  So we'll put that on the calendar.

I don't expect to need the amicus to be involved in that hearing.

I will, at the time of that hearing on May 5th, also

set a future status date for the case overall.  And since I have the request for oral argument, I'll try to let the parties know if I'm going to be scheduling it at that time.

Thank you, Counsel, for your time, including our amicus counsel.  I need to move on to the next matter, but we'll have another hearing in a little over a week.

Thank you, Counsel.

MR. GRIFFITH:  Thank you, Your Honor.

MS. COLE:  Thank you, Your Honor.

MS. LEVY:  Thank you.

(Concluded at 11:06 a.m.)

*   *   *   *   *   *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Brenda S. Varney*                    7/3/2025
Official Court Reporter