**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UL LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JOSHUA CALLINGTON,<br><br>      Defendant. | No. 1:24-cv-05631<br><br>Hon. Andrea R. Wood |

### UL LLC'S STATUS REPORT

Pursuant to the Court's August 7, 2025 Order (ECF No. 92), UL LLC ("UL") provides the following status report:

1. Counsel for UL and counsel for Defendant Joshua Callington ("Callington") engaged in a telephonic meet-and-confer conference on August 11, 2025. Agatha Cole, Richard Kienzler, and Emily Levy participated in the conversation.

2. From UL's perspective, the Parties reached agreement concerning the transfer of documents by Callington to UL consistent with the language of the Court's existing preliminary injunction order dated August 7, 2025 (ECF No. 91). Based on the meet and confer, Callington agreed to complete the transfer of documents on or before August 21, 2025, and therefore UL does not believe that revision to Paragraph 1 of the existing preliminary injunction is necessary or warranted.

3. On August 13, 2025 at 7:33am (CT), counsel for UL sent counsel for Callington a draft Joint Status Report for review. After not receiving a response, at 1:28pm (CT), counsel for UL emailed counsel for Callington following up and stated that UL would be filing a status report on behalf of UL by 4:00pm if Callington's counsel did not respond. Callington did not respond, and as such, UL is filing the instant Status Report.

4. During the meet and confer, the Parties discussed the issue of imposing a bond in connection with the Court's preliminary injunction and disagree on this issue. Callington did not identify the amount of a bond he may seek; however, counsel for Callington agreed to provide counsel for UL Callington's position on a bond. Despite this, as of the time of this filing, Callington has not provided UL with his position on a bond.

UL opposes the imposition of any bond requested by Callington. Callington, who filed an opposition to UL's Motion for Preliminary Injunction on June 15, 2025 did not include a request for a bond at that time, and never made a request for a bond during the oral argument on the motion either. His actions are unreasonable and should not be accepted by this Court. From UL's perspective, Mr. Callington's opportunity to support the imposition of a bond has passed and, therefore, the Court should not order a bond.

To the extent the Court considers any request for a bond and to the extent Callington ever identifies the amount of a bond he would like the Court to impose, UL provides the following position. A bond is a mechanism to make "a party injured by an erroneous preliminary injunction . . . whole." *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 646 F.3d 424, 428 (7th Cir. 2011). However, "if the court is satisfied that there's no danger that the opposing party will incur any damages from the injunction[,]" the court can waive the requirement of an injunction bond. *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010).

Here, as the Court has identified, the Preliminary Injunction Order requires Mr. Callington to perform the same type of work now that would be required under "traditional" discovery later (as the UL documents in Mr. Callington's possession are plainly discoverable and subject to production under Rule 34). (*See* August 7, 2025 Status Conference Transcript, pp. 23:9-13 ("So the issue would be that the bond is there to protect against harms resulting from a wrongful restraint

which typically wouldn't include attorneys' fees because, as [Ms. Cole] point[s] out, documents would be produced anyway in the ordinary course of discovery.")). For this reason, no bond is warranted.

Further, the assertion that Mr. Callington's attorney made at the hearing about a bond include and/or relate to the attorneys' fees Mr. Callington incurs in this proceeding is misplaced and wrong. The "costs and damages" set forth in Federal Rule of Civil Procedure 65 do not include attorneys' fees. *Minnesota Power & Light Co. v. Hockett*, 14 Fed.Appx. 703, 706 (7th Cir. 2001).

Finally, as the Court pointed out twice during the August 7, 2025 status conference, "[t]here wasn't a request for a bond or monetization of the harm to Mr. Callington" and "the harm was not addressed in the brief[.]" (*See* Aug. 7, 2025 Status Conference Transcript, pp. 22:17-18, 23:23). For all of these reasons, no bond should be imposed.

Respectfully submitted,

/s/ *Richard T. Kienzler*
Richard T. Kienzler
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Phone: 312.372.5520
Email: rkienzler@littler.com

Kevin Griffith (*pro hac vice*)
Emily Levy (*pro hac vice*)
Littler Mendelson, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Telephone: 614.463.4206
Emails: kgriffith@littler.com
　　　　elevy@littler.com

*Attorneys for Plaintiff UL LLC*

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on the date shown below he caused a copy of the foregoing document to be filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois and served on all parties of record through the Courts electronic filing system.

Dated: August 13, 2025                        */s/ Richard T. Kienzler*

4899-1835-4270.2 / 118575.1072