IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

UL LLC,

        *Plaintiff,*

-v-

JOSHUA CALLINGTON,

        *Defendant.*

Case No. 1:24-cv-05631
Hon. Andrea R. Wood

**STATUS REPORT**

1. On Monday, August 11, 2025, the parties met and conferred about a protocol for the production and designation of materials covered by this Court's Preliminary Injunction Order (CM/ECF No. 91). During that discussion, the undersigned indicated that the production could begin immediately and likely be completed within a 14-day time frame. Later that day, counsel for UL provided access to a filesharing system ("Titanfile") with instructions for uploading said files.

2. On Tuesday, August 12, 2025, the undersigned uploaded a sample production consisting of 17 files in 5 folders to that system and asked UL's counsel to return the files with its designations. UL's counsel refused to do so, in a series of belligerent emails [*attached hereto as* Exhibit A] seeming to indicate that further discussion would not be productive.

3. Accordingly, while the parties have agreed on the protocol by which Mr. Callington will produce the subject files (*i.e.,* by uploading them to the Titanfile system), no further discussion or agreement has been reached regarding the "protocol

1

… for UL to identify which of those documents… contain or reflect its trade secrets or its proprietary or confidential information," Preliminary Injunction Order (CM/ECF No. 91), at ¶ 1 (Page ID # 871).

4. Mr. Callington does not anticipate the need for a bond in an amount greater than $10,000 at this time but will inform the Court should anything change in that regard.

Dated: August 13, 2025
New York, NY

Respectfully submitted,

By: */s/ Agatha M. Cole*
Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628
agatha@beverlypllc.com

*Counsel for Defendant, Joshua Callington*

# Exhibit A

# RE: Meet and Confer
1 message

**Levy, Emily** <ELevy@littler.com>            Mon, Aug 11, 2025 at 1:17 PM
To: "Agatha M. Cole" <agatha@beverlypllc.com>, "Kienzler, Rick" <RKienzler@littler.com>

Hi Agatha,

As discussed, you should have just received a link from our secure file-sharing platform, TitanFile, to upload the documents. I attached instructions on how to upload documents. Let us know if you have any issues or questions.

Thank you,

Emily

**Emily Levy**
Associate
+1 614.463.4206 direct, +1 614.302.6476 mobile, +1 380.210.5825 fax
41 S High St, Suite 3250, Columbus, OH 43215
ELevy@littler.com





Agatha M. Cole &lt;agatha@beverlypllc.com&gt;

---

## Re: Meet and Confer
1 message

---

**Agatha M. Cole** &lt;agatha@beverlypllc.com&gt;  Tue, Aug 12, 2025 at 5:35 PM
To: "Levy, Emily" &lt;ELevy@littler.com&gt;
Cc: "Kienzler, Rick" &lt;RKienzler@littler.com&gt;

Thanks Emily. If I upload a very short sample production to your link later this evening, could you turn it back around with bates numbering and designations in the format that you are proposing sometime tomorrow? In the meantime, perhaps we just submit a status report to the effect of "we're working on it and will report back…"?

--



**Agatha M. Cole** (*she/her*)
*Beverly PLLC*
✉ agatha@beverlypllc.com  📞 +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

## Re: Meet and Confer
1 message

**Kienzler, Rick** <RKienzler@littler.com>  Tue, Aug 12, 2025 at 9:42 PM
To: "Agatha M. Cole" <agatha@beverlypllc.com>
Cc: "Levy, Emily" <ELevy@littler.com>

Agatha,

I'm not sure I understand what you're suggesting here. You stated that you were going to upload the documents that Mr. Callington previously produced. Why do we need to do a small sample? If you upload a small sample or a large sample, we'll be able to tell you the amount of data we received.

Separately, we've received nothing from you on the bond issue today.

Rick

## Re: Meet and Confer
2 messages

**Agatha M. Cole** <agatha@beverlypllc.com>  Tue, Aug 12, 2025 at 9:50 PM
To: "Kienzler, Rick" <RKienzler@littler.com>
Cc: "Levy, Emily" <ELevy@littler.com>

I thought the whole point of this excercise was to agree on the general process / logistics (*i.e.,* how you want the documents produced, such as uploading them to your e-discovery platform, for example), and how you intend to produce them back to us, with confidentiality designations and Bates stamps (so that Mr. Callington need not incurr discovery database costs of his own at this juncture). Assuming we're all still on the same page about that, we will not be seeking to increase the bond amount beyond Judge Wood's initial suggestion of $10,000.

--



**Agatha M. Cole** (she/her)
*Beverly PLLC*
✉ agatha@beverlypllc.com  ☎ +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

## Re: Meet and Confer
1 message

**Kienzler, Rick** <RKienzler@littler.com>  Tue, Aug 12, 2025 at 10:10 PM
To: "Agatha M. Cole" <agatha@beverlypllc.com>
Cc: "Levy, Emily" <ELevy@littler.com>

We disagree that Judge Cole suggested $10,000, but if thats how you plan to characterize it, then we'll respond accordingly.

Yes, the whole point is to try to agree. But the injunction requires you to produce documents to us. If you're going to claim that you're only willing to do that if UL meets your unspecified requirements on reproducing documents to you, then I don't understand the outcome of the call yesterday.

We are using Relativity, which is the industry-standard for ediscovery databases, and we sent you a link that will make it easy for you to send us data that will be uploaded to that platform.

If you have an objection to doing that based on some burden of how information (that hasn't been produced to us) gets reproduced to you, then we should probably just ask for another status conference.

Rick

# Re: Meet and Confer
1 message

**Agatha M. Cole** <agatha@beverlypllc.com>  Tue, Aug 12, 2025 at 10:14 PM
To: "Kienzler, Rick" <RKienzler@littler.com>
Cc: "Levy, Emily" <ELevy@littler.com>

I've gone ahead and uploaded a sample production via the TitanFile platform, as you proposed. The production consists of 17 files contained in one of Joshua's audit folders. Please confirm that this method of production works for you all, and return them as Bates stamped documents bearing the confidentiality designations you are seeking. Or, if you disagree with that process, let me know...?

--



**Agatha M. Cole** (*she/her*)
*Beverly PLLC*
✉ agatha@beverlypllc.com  ☎ +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

**RE: Meet and Confer**
1 message

**Kienzler, Rick** <RKienzler@littler.com>  Tue, Aug 12, 2025 at 10:40 PM
To: "Agatha M. Cole" <agatha@beverlypllc.com>
Cc: "Levy, Emily" <ELevy@littler.com>

We will confirm that we got the sample that you sent. I do not understand the remainder of your suggestion, which I will note is new from your concern last week and new from our call yesterday.

Under a court order (that you elected not to argue would be burdensome and in fact called such a discussion a waste of time), you are required to produce to us the documents in Mr. Callington's possession. You never articulated a there would be a burden in your ability to do so, but if you have not uncovered some burden you did not previously anticipate, explain what that is and why it was not known earlier. If for some reason you need to make the production in batches to lessen some burden, explain why that is so. If you need more than 14 days to produce the documents, make a proposal with factual support as to how much more time you need.

Your unilateral choice to make a miniscule "sample" production to us, and then ask us to make designations to you before you comply with the remainder of the court's order is not something we have ever discussed and it is not something that we are going to agree to. Once you comply with the Court order – or negotiate some alternative that accommodates a burden you have still not articulated – we are then going to conduct a document review.

I am not following at all what you are asking us to do, why you are asking us to do it, and why it would be reasonable in any event.

Rick Kienzler
**Attorney at Law**
+1 312.795.3254 direct, +1 708.413.1310 mobile, +1 312.602.3881 fax
321 N Clark St, Suite 1100, Chicago, IL 60654
RKienzler@littler.com



# Re: Meet and Confer
1 message

**Agatha M. Cole** <agatha@beverlypllc.com>  Tue, Aug 12, 2025 at 11:44 PM
To: "Kienzler, Rick" <RKienzler@littler.com>
Cc: "Levy, Emily" <ELevy@littler.com>

I'm sort of baffled by the aggressive tone of this email, seeing that we literally discussed the need to iron out a process (in what I *thought* was a fairly congenial and collaborative meet-and-confer). We have no problem producing the documents as directed by the Court. If the point of this excercise is for UL to make confidentiality designations, then I would imagine that you intend to stamp and designate everything, correct? And then you would produce that back to us, so that we are all on the same page about your designations, yes?

--



**Agatha M. Cole** *(she/her)*
*Beverly PLLC*
✉ agatha@beverlypllc.com  ☎ +1 (917) 524-8055
📍 43 West 43rd Street, Suite 159, New York, NY 10036

**RE: Meet and Confer**
1 message

**Kienzler, Rick** <RKienzler@littler.com>  
To: "Agatha M. Cole" <agatha@beverlypllc.com>  
Cc: "Levy, Emily" <ELevy@littler.com>

Wed, Aug 13, 2025 at 8:33 AM

Agatha,

The meet and confer was congenial because you said that you were just going to send us the documents. The "process" that we were required to discuss was how Callington was going to send documents to UL and the reason we were required to meet-and-confer about that issue it is because you claimed in Court that you would experience a burden producing the documents to us consistent with the Court order. So if we are still/now operating under the assumption that you are going to send us the documents within 14 days of the order, then we have no dispute and we'll just expect you to send them to us consistent with the Court order.

We are then going to make confidentiality designations that are going to need to be shared back with you. So to answer your question, "yes," we are going to take what you give us, review it, make designations and send it back to you.

I've attached a status report that I think is sufficient on issue #1. Since you carry the burden on the bond issue, please insert your position and we will then insert ours.

Thanks.

**Rick Kienzler**
**Attorney at Law**
+1 312.795.3254 direct, +1 708.413.1310 mobile, +1 312.602.3881 fax

321 N Clark St, Suite 1100, Chicago, IL 60654

RKienzler@littler.com

