IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UL LLC,<br><br>        *Plaintiff*,<br><br>-v-<br><br>JOSHUA CALLINGTON,<br><br>        *Defendant.* | Case No. 1:24-cv-05631<br>Hon. Andrea R. Wood |

## MOTION TO RECONSIDER, SUPPLEMENT, AMEND AND/OR CLARIFY DECISION ON DEFENDANT'S ANTI-SLAPP MOTION

Pursuant to Federal Rule of Civil Procedure, Fed. R. Civ. P. 52(b), 59(e), or any other alternative basis the Court deems more appropriate, Defendant Joshua Callington ("Mr. Callington") hereby moves for partial reconsideration of the portion of the Memorandum Opinion & Order entered by this Court on August 7, 2025 that concerns the claim-specific analysis under "step 2" of the statutory burden-shifting framework, Dkt. 90 at Page ID # 857-62, for the following reasons:

### ARGUMENT

**I. Or. Rev. Stat. § 31.150 gives rise to substantively meaningful state law procedural rights that extend to federal court proceedings on anti-SLAPP motions brought under that statute.**

The statutorily proscribed burden-shifting analysis for assessing anti-SLAPP motions under Oregon law is codified at Or. Rev. Stat. § 31.150(4). *See* Or. Rev. Stat. § 31.150(1) ("The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (4) of this section ...."); Or. Rev. Stat. § 31.150(5) ("In

making [this]… determination … the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.").

Pursuant to Or. Rev. Stat. § 31.150(4), the movant must bear the initial burden of demonstrating that the alleged conduct falls within the scope of protected activities covered by the statute. *Id.* ("A defendant making a special [anti-SLAPP] motion to strike … has the initial burden of making a *prima facie* showing that the claim against which the motion is made arises out of a statement, document or conduct described [in the statute]."). If the court is persuaded that the challenged claims arise from "one or more protected activities described in [the statute]," the analysis proceeds past this "first step" and onto the next phase. *Wahab*, 2023 WL 5035662, at *2.

At the second stage of this inquiry, plaintiffs bear the burden of demonstrating that the challenged claim has merit notwithstanding those activities which qualify as protected conduct under the statute; specifically, plaintiffs must "establish that there is a probability [of] … prevail[ing] on the claim by presenting substantial evidence to support a prima facie case." Or. Rev. Stat. § 31.150(4); *accord Dossett,* 472 F. Supp. 3d 900, 905-06 (D. Or. 2020) ("Substantial evidence means enough evidence from which a reasonable trier of fact could find …[for] plaintiff [on each claim]").[1]

---

[1] *See also Gardner v. Martino,* 563 F.3d 981 (9th Cir. 2009) (affirming dismissal under Or. Rev. Stat. § 31.150 where plaintiffs failed to present "substantial evidence" that allegedly false statements were either "unreasonable or negligent," as would be necessary to sustain the challenged defamation claim against anti-SLAPP motion).

This burden-shifting analysis gives rise to substantively meaningful procedural rights that must be effectuated by and through the correct application of corresponding provisions under Federal Rules of Civil Procedure. *See, e.g., Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Pursuant to that framework, **anti-SLAPP motions that challenge the factual sufficiency claims should be assessed under Fed. R. Civ. P. 56 and "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court"** —whereas motions premised on purely legal arguments can be adjudicated under the far less onerous standard for assessing the legal sufficiency of claims under Fed. R. Civ. P. 12(b)(6). *Id.* at 834; *see also Gunn v. Drage,* 65 F.4th 1109, 1118 (9th Cir. 2023); *CoreCivic, Inc. v. Candide Group, LLC,* 46 F.4th 1136, 1143 (9th Cir. 2022); *accord Holt v. Urban League of Portland, Inc.,* No. 3:22-cv-00837 (D. Or. Dec 16, 2024); *Osundairo v. Geragos*, 447 F.Supp.3d 727, 744 (N.D. Ill. 2020).

## II. Reconsideration is warranted because the analysis is premised on an incorrect standard of review.

As this Court properly recognized, Mr. Callington's disclosures to the New York Times qualify as protected activity under Or. Rev. Stat. §31.150(2)(c), which applies to "statements made in a public forum, in connection with an issue of public interest." Dkt. 90 at Page ID # 855-56 (explaining that "UL's claims arise, at least in part," from the alleged "disclosure of UL's confidential information to the New York Times," which concerned the company's role and complicity in covering up widespread

labor violations by U.S. manufacturing facilities that routinely employ child migrants). Having "made the requisite showing" on that portion of the anti-SLAPP motion, the Court concluded that Mr. Callington had satisfied his burden at the first stage of the relevant inquiry. Page ID # 857. Moving on to the second stage of that analysis, however, the Court proceeded to "evaluate the viability" of each challenged claim under Fed. R. Civ. P. 12(b)(6). Page ID # 857-62. Applying that standar, the Court has authorized UL to continue this action on all counts without any regard to critically important defenses and controversies raised in the anti-SLAPP motion.

As is relevant here, Mr. Callington's anti-SLAPP motion expressly challenged the factual sufficiency of allegations giving rise several critical elements in cause of action. For example, the anti-SLAPP motion challenged the factual basis for UL's allegation that he "misappropriated" any company documents or other property, which is an element of the causes of action for misappropriation if trade secrets (Counts I and II), as well as the conversion claim (Count V). More specifically, Mr. Callington sought to disprove those by offering evidence in the form of his own declaration, and three additional declarations from current and former employees of UL, who essentially confirmed Mr. Callington's document management practices were no different from that of similarly situated colleagues at the company.

In addition, the motion challenged the factual sufficiency of the trade secret claims (Counts I and II) based on UL's abject refusal and failure to substantiate the existence or scope of any purported trade secret that Mr. Callington ever allegedly possessed, misappropriated or disclosed.

Mr. Callington also challenged the factual basis for allegations that he "breached" any contractual or other duty, which is a necessary element of the causes of action for breach of contract (Count III) *and* breach of fiduciary duty (Count IV). As explained in the anti-SLAPP motion and accompanying papers, the principle theory of "breach" is premised on allegations relating to his communications with New York Times, which should be stricken from the Complaint as a matter of law now that this Court has recognized that conduct as "protected activity" under Oregon's anti-SLAPP statute. Accordingly, UL should have been made to proffer substitute allegations and/or "substantial evidence" giving rise to some other alternative theory of the "breach" to sustain causes of action.

The foregoing examples are merely a representative sample of the arguments raised in the anti-SLAPP motion that should have been credited, or at least meaningfully considered, at "step 2" of the requisite analysis. Even so, these arguments alone should have entitled Mr. Callington to a far more exacting level of scrutiny than the mere cursory analysis on the legal sufficiency each claim under Fed. R. Civ. P. 12(b)(6). By applying this standard, the decision effectively nullifies the procedural rights conferred on anti-SLAPP defendants like Mr. Callington at the second stage of the burden-shifting analysis proscribed Or. Rev. Stat. § 31.150(4).

In sum, because Mr. Callington expressly challenged the factual sufficiency of allegations giving rise the critical elements of each legal claim, the Court should have proceeded with the more fulsome analysis contemplated by Fed. R. Civ. P. 56. *See*

*Planned Parenthood,* 890 F.3d at 834; *Gunn,* 65 F.4th at 1118; *CoreCivic,* 46 F.4th at 1143; *Cf. Osundairo,* 447 F.Supp.3d at 7in a revised written decision that 44.

## CONCLUSION

For these reasons, Mr. Callington asks this Court to reconsider, supplement, amend, and or clarify modify its analysis on the second part of the bifurcated inquiry on his anti-SLAPP motion, in a written decision that: (a) proceeds with the analysis of factual disputes under Fed. R. Civ. P. 56, or elaborates upon its reasons for declining to do so; and (b) meaningfully reconsiders whether UL satisfied its burden by presenting "substantial evidence" to overcome these arguments in Mr. Callington's anti-SLAPP motion.

Dated: September 5, 2025
New York, NY

Respectfully submitted,

By: */s/ Agatha M. Cole*
Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628
agatha@beverlypllc.com

*Counsel for Defendant, Joshua Callington*