# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UL LLC,**<br><br>        Plaintiff,<br><br>    v.<br><br>**JOSHUA CALLINGTON,**<br><br>        Defendant. | Case No. 1:24-cv-05631<br><br>Hon. Andrea R. Wood |

## UL LLC'S OPPOSITION TO JOSHUA CALLINGTON'S MOTION TO RECONSIDER, SUPPLEMENT, AMEND AND/OR CLARIFY DECISION ON ANTI-SLAPP MOTION

Joshua Callington's ("Callington") Motion to Reconsider is jurisdictionally improper and also completely fails to meet the standard for reconsideration. The motion should be denied in its entirety. Even worse than merely attempting to relitigate issues that were already decided against him—which would be improper on its own—Callington goes a step further, making demonstrably false claims about his Anti-SLAPP Motion and the record in this case. After full briefing, lengthy oral argument, and careful consideration, the Court correctly denied Callington's Anti-SLAPP Motion and applied the correct legal standard in doing so. There is no valid basis for the Court to revisit its prior ruling.

## RELEVANT BACKGROUND

On January 7, 2025, Defendant Joshua Callington ("Callington") filed his Special Motion to Strike or Dismiss All Claims Pursuant To Anti-SLAPP Provisions of Oregon Law, Or. Rev. Stat. § 31.150. ("Anti-SLAPP Motion," ECF No. 31.) The Anti-SLAPP Motion spanned fourteen pages of legal argument ***and was not supported by any exhibits***. Plaintiff UL LLC ("UL")

responded on February 13, and Callington filed a reply brief on March 20. (*See* ECF Nos. 39, 46, respectively.)

Several months later, and at the Court's suggestion, UL filed a separate motion for a limited preliminary injunction on May 20, 2025. (ECF No. 60.) In response to that motion—and unrelated to his already fully briefed Anti-SLAPP Motion—Callington filed a response brief and a declaration on June 14. (*See* ECF Nos. 68, 69.) Then, a week later, still in connection with the preliminary injunction motion, Callington made a puzzling attempt to submit declarations from three "confidential" witnesses in connection with the motion for preliminary injunction. (*See* ECF Nos. 74-78.)

On June 26, the Court heard oral argument on both the Anti-SLAPP Motion and the motion for preliminary injunction. On August 7, the Court issued a memorandum opinion and order denying Callington's Anti-SLAPP Motion and granting UL's motion for preliminary injunction. (ECF No. 90.)

## **LEGAL STANDARD**[1]

Motions for reconsideration under Federal Rule of Civil Procedure 59(e) are disfavored and granted only in rare circumstances. *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013).

---

[1] Callington seeks reconsideration under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. UL disputes that either of these rules are appropriate or valid procedural mechanisms for the relief Callington seeks.
 For example, Rule 52 governs actions tried without a jury or with an advisory jury, where the court is required to make findings of fact and conclusions of law. Fed. R. Civ. P. 52(a); *see also Abdel-Ghaffar v. Illinois Tool Works, Inc.*, No. 12-CV-5812, 2015 WL 5704539, at *1 (N.D. Ill. Sept. 28, 2015). Because this case did not involve a bench trial or advisory jury, Rule 52(b) is not the appropriate procedural mechanism for Callington to seek reconsideration of the Court's decision. Accordingly, his Motion to Reconsider should be denied under Rule 52(b). *Id.* (denying a Rule 52(b) motion for reconsideration where no bench trial was held, and no findings of fact or conclusions of law were made).
 Nor does Rule 59(e) apply to prejudgment interlocutory orders, such as the mere denial of the Anti-SLAPP Motion (i.e., the mere denial of a motion to dismiss). *See Chasensky v. Walker*, No. 11-C-1152, 2013 U.S. Dist. LEXIS 55716, at *3 (E.D. Wis. Apr. 18, 2013) ("The Court's denial of the defendants' motion to dismiss is a prejudgment interlocutory order, subject to revision at any time before the entry of judgment.") (citing Fed. R. Civ. P. 54(b)). Out of an abundance of caution, however, UL has framed certain of its arguments in response to Callington's assumption that Rule 59(e) standards apply.

In the Northern District of Illinois, reconsideration is appropriate only where there is a manifest error of law or fact, or newly discovered evidence. *Abdel-Ghaffar v. Illinois Tool Works, Inc.*, No. 12-CV-5812, 2015 WL 5704539, at *1-2 (N.D. Ill. Sept. 28, 2015). A party moving for reconsideration under Rule 59(e) bears a "heavy burden" of establishing that the court should reverse its prior judgment. *Id.* at *1, citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Courts in this District and across the Seventh Circuit have consistently held that Rule 59(e) is not a vehicle for rearguing previously rejected positions or expressing dissatisfaction with a court's ruling. *Kevin D. v. Kijakazi*, No. 22 C 2310, 2023 WL 4054515, at *1 (N.D. Ill. June 16, 2023), citing *Yousif v. Illinois Dep't of Juv. Just.*, No. 21-CV-1302, 2022 WL 10537154, at *2 (N.D. Ill. Oct. 18, 2022) ("Rule 59(e) does not allow a party to 'rehash[] old arguments' or gain '[another] bite at [the] apple' to re-litigate previously considered and dismissed arguments."). Rather, reconsideration is appropriate only where the movant "clearly establish[es]" either (i) that the Court committed a manifest error of law or fact or (ii) that newly discovered evidence warrants reconsideration. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). A manifest error is not simply the disappointment of the losing party; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

## ARGUMENT

As a matter of procedure, this Court lacks jurisdiction to consider Callington's Motion to Reconsider, full stop. As a matter of substance, Callington contends that the Court should have applied the more stringent standard under Rule 56 in deciding Callington's Anti-SLAPP Motion, thereby purportedly requiring UL to present substitute allegations or "substantial evidence"

3

supporting an alternative theory of liability.[2] In doing so, Callington implicitly argues, though never explicitly states, that the Court committed a manifest error of law. But as the Court made clear in its ruling, the correct standard is Rule 12(b)(6), because Callington's Anti-SLAPP Motion primarily challenged the sufficiency of UL's allegations. (ECF No. 90 at 12.) Even if the Court finds Callington has alleged an exceptional circumstance sufficient to support reconsideration, his assertion that the Anti-SLAPP Motion challenged the factual sufficiency of UL's claims is demonstrably incorrect.

### A. The Court Lacks Jurisdiction Over Callington's Motion to Reconsider

As a threshold matter, the Court lacks jurisdiction to even consider Callington's Motion to Reconsider because Callington filed a notice of appeal asking for appellate review of the same issues addressed in the Motion to Reconsider. Specifically, on September 8, 2025 (three days after Callington filed the Motion to Reconsider), Callington filed his Notice of Appeal "concerning the denial of his anti-SLAPP motion," i.e., about the very issues Callington has raised in his Motion to Reconsider. (*See* ECF No. 97).

"The filing of a notice of appeal is an event of 'jurisdictional significance'—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). Because Callington's September 8, 2025, Notice of Appeal was "effective" upon filing, this Court now lacks jurisdiction over any aspect of the case involved in the appeal—especially "reconsideration" of this Court's prior ruling on the Anti-SLAPP Motion, which is now, by virtue

---

[2] Notably, Callington does not challenge the Court's substantive analysis or conclusions under Rule 12(b)(6). Instead, he argues solely that he was entitled to a full analysis under Rule 56. (*See* ECF No. 96.) Callington's silence on the Rule 12(b)(6) analysis should operate as a waiver of any argument that the Court should have granted the Anti-SLAPP Motion under that standard.

of the notice of appeal, within the sole purview of the Seventh Circuit.[3] *See Chasensky*, 2013 U.S. Dist. LEXIS 55716, at *3 (denying defendant's motion for reconsideration for lack of jurisdiction) (defendant's appeal of trial court's ruling on motion to dismiss divested the trial court of jurisdiction to reconsider that motion to dismiss). For this simple reason alone, Callington's Motion to Reconsider should be denied.

### B. The Court's Application of Rule 12(b)(6) Does Not Constitute Manifest Error

Even assuming this Court had jurisdiction to consider Callington's Motion to Reconsider (which it does not), Callington's Motion to Reconsider still fails to meet the exacting standard required under Rule 59(e), which permits relief ***only in extraordinary circumstances***. That failure alone is sufficient to warrant denial of his motion without further analysis.

Reconsideration for manifest error is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *City of Livonia Employees' Ret. Sys. v. Boeing Co.*, No. 09 C 7143, 2012 WL 13393033, at *1 (N.D. Ill. Mar. 16, 2012), citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). There is no indication that the Court's ruling on the Anti-SLAPP Motion reflects a patent misunderstanding of the applicable legal standard, or even an error of misapprehension, particularly where Callington relied on the same case law in both motions.

Indeed, in his Motion to Reconsider, Callington cites the same cases he relied on in his Anti-SLAPP Motion to support his argument that the Court should have applied Rule 56. (*Compare* ECF No. 31 *with* ECF No. 96). Yet none of these cases support Callington's claim that the Court committed manifest error in applying Rule 12(b)(6). And of the five cases Callington

---

[3] Because Callington has now initiated an appeal with the Seventh Circuit, UL will direct matters and arguments related to his appeal to that Court.

cites in favor of applying Rule 56, three were decided under Rule 12(b)(6). *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 835 (9th Cir.) (holding the district court correctly applied Rule 12(b)(6) standard, stating, "if the defendant[] [has] urged only insufficiency of pleadings … there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by the defendant[]); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1143 (9th Cir. 2022) (applying Rule 12(b)(6) to assess whether plaintiff adequately stated defamation claim); *Osundairo v. Geragos*, 447 F. Supp. 3d 727, 744 (N.D. Ill. 2020) (applying Rule 12(b)(6) to evaluate legal sufficiency of plaintiffs' claims in response to anti-SLAPP motion).

The remaining two cases cited by Callington, only one of which was analyzed under the Rule 56 standard, are readily distinguishable. In *Gunn v. Drage*, 65 F.4th 1119, the Ninth Circuit affirmed the district court's application of Rule 56 because the defendant explicitly framed her anti-SLAPP motion as a factual challenge and submitted extrinsic evidence, including declarations and court filings. The court emphasized that it is "[t]he defendant [who] determines which motions [he] files, not the plaintiff." *Id.* at 1120 (internal citations omitted). Here, by contrast, Callington did not submit ***any*** extrinsic evidence in the anti-SLAPP briefing, nor did he frame his motion as a factual challenge. His motion was based solely on the legal sufficiency of UL's claims, making Rule 12(b)(6) the appropriate standard.

Callington's reliance on *Holt v. Conroy* is similarly misplaced. While *Holt* recognized that the Rule 56 standard applies to anti-SLAPP motions that challenge the factual sufficiency of claims, it also underscores that, in such cases, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges[.]" *See* No. 3:22-CV-00837-YY, 2024 WL 5319081, at *3 (D. Or. Dec. 16, 2024). That principle has no bearing here, where Callington's

6

Anti-SLAPP Motion did not present a factual challenge or include any extrinsic evidence. His attempt to invoke *Holt* to justify reconsideration is unpersuasive and does not demonstrate manifest error. *See Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 922 (N.D. Ill. 1999) (declining to convert motion to dismiss into one for summary judgment where no materials outside pleadings were presented and noting that such conversion is "ordinarily considered at the instance of a moving defendant, not a responding plaintiff").

This Court has routinely denied motions for reconsideration where the moving party offers no newly discovered evidence and fails to identify a manifest error of law or fact. *See, e.g., City of Livonia,* 2012 WL 13393033, at *2 (denying reconsideration where movant merely reargued positions previously rejected and failed to present new evidence or legal authority); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (holding that Rule 59(e) does not permit party to rehash old arguments because, "[d]espite what [the defendant] appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."). Callington's Motion to Reconsider does precisely that—repackaging old arguments already raised and rejected in the anti-SLAPP briefing without identifying any new facts or controlling law that would warrant reconsideration.

Callington's Anti-SLAPP Motion plainly presented the applicable legal standard, distinguishing between the use of Rule 12(b)(6) and Rule 56 depending on the nature of the challenge. While Callington may disagree with the Court's application of that framework and its (plainly correct) decision to apply Rule 12(b)(6), that disagreement does not establish manifest error by the Court. After reviewing the Anti-SLAPP Motion, the Court found that it "mostly focuses on the sufficiency of UL's allegations," and therefore correctly applied the Rule 12(b)(6) standard. (ECF No. 90 at 12.)

In light of the Court's reasoned application of the proper legal standard, and Callington's failure to identify any manifest error or newly discovered evidence warranting reconsideration, his Motion to Reconsider must be denied. No further analysis is required. UL addresses Callington's purported "factual challenges" solely to demonstrate that each alleged challenge is merely a repackaged legal argument previously raised in the anti-SLAPP briefing.

### C. Callington's Bald Assertions That He "Challenged the Factual Sufficiency" of UL's Allegations Is Demonstrably False

#### 1. Callington's Reliance on Declarations Submitted After Briefing Concluded Does Not Convert a Facial Challenge into a Factual One

Bizarrely, Callington argues that his Anti-SLAPP Motion challenged the factual basis for Counts I, II, and V by offering declarations from himself and three other "confidential" witnesses. This argument fails for three reasons.

First and foremost, *the declarations Callington references were not submitted with, or in support of, his Anti-SLAPP Motion*. They were filed in opposition to UL's motion for preliminary injunction, and only after briefing on both motions had closed. Second, at oral argument, the Court specifically considered whether those declarations addressed issues relevant to the pending anti-SLAPP and preliminary injunction motions. It concluded the declarations "proved to have little bearing on the motions before it." (*Id.* at FN 4.) Third, the Anti-SLAPP Motion itself does not cite, incorporate, or rely on these declarations. Nor does it ask the Court to resolve factual disputes or weigh competing evidence. Instead, it challenges the legal sufficiency of UL's allegations on their face.

Even assuming the declarations have any relevance to reconsideration, which they do not, Callington's claim that he challenged the factual basis rather than the legal sufficiency of Counts I, II, and V is false. His own anti-SLAPP filings confirm this. For example, the heading in his Anti-SLAPP Motion addressing step two of the burden-shifting framework reads: "At this preliminary

8

stage, *it appears unlikely that UL can prevail on any of [its] claims*." (ECF No. 31 at 11) (emphasis added.) This language reflects a Rule 12(b)(6) posture, not a Rule 56 challenge. Moreover, when given the opportunity to elaborate on this point in his reply brief, Callington states: "If the factual allegations relating to Mr. Callington's protected activity are stricken from the Complaint, all that is left is baseless accusations … Absent some other credible allegation of misuse or misappropriation, *these allegations do not give rise to any cognizable cause of action*[.]" (ECF No. 46 at 3.) This is a textbook example of a facial challenge to the pleadings under Rule 12(b)(6), not a factual rebuttal under Rule 56. *See Dernis v. Fed. Deposit Ins. Corp.*, No. 21-CV-3157, 2022 WL 4608901, at *2 (N.D. Ill. Sept. 30, 2022) ("A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint, not its merits."); *see also Covenant Aviation Sec., LLC v. Berry*, 15 F. Supp. 3d 813, 819 (N.D. Ill. 2014) (applying Rule 12(b)(6) to deny motion to dismiss appropriation claims and explaining that misappropriation may be established through allegations of improper acquisition, unauthorized disclosure, or unauthorized use).

    **2. Callington's Argument That UL Failed to Allege a Trade Secret Is a Recycled and Rejected Legal Challenge**

Callington next contends that his Anti-SLAPP Motion challenged the factual sufficiency of UL's trade secret claims, citing UL's alleged "refusal and failure to substantiate" the existence or scope of any trade secret. (ECF No. 96 at 4). But the Court addressed this argument and rejected it. (ECF 90 at 15) ("Callington argues that the complaint fails adequately to allege the existence of a trade secret.") Indeed, the Court found that UL had sufficiently pleaded allegations regarding its trade secrets, including the nature of the documents disclosed and the confidentiality protections in place. (*Id.* at 16.) It concluded that "Callington can only fault the complaint for failing to specifically identify any trade secret in its possession or disclosed to the New York Times." (*Id.*)

9

That is a challenge to the legal sufficiency of UL's pleading, not a factual dispute under Rule 56. *See, e.g., Covenant Aviation*, 15 F. Supp. 3d at 817 (applying Rule 12(b)(6) standard to motion asserting that complaint failed to adequately identify confidential information or trade secret allegedly misappropriated); *Nielsen Consumer LLC v. Circana, LLC*, No. 24 CV 10946, 2025 WL 815666, at *8 (N.D. Ill. Mar. 13, 2025) ("While existence of a trade secret is ordinarily a question of fact, to withstand a motion to dismiss the complaint must 'identify the alleged trade secret in a general sense,'"), citing *Smietana v. Stephens*, No. 22 C 708, 2023 WL 3737720, at *11 (N.D. Ill. May 30, 2023); *Amerikal Prods. Corp. v. Cave*, No. 24 C 11292, 2025 WL 1883743, at *3 (N.D. Ill. July 8, 2025) (collecting cases).

Callington's argument that UL failed to adequately allege a trade secret is not new, and it is not factual; it is a recycled legal sufficiency challenge that the Court has already considered and rejected. The Court's analysis correctly focused on the adequacy of UL's pleadings, which is the hallmark of a Rule 12(b)(6) inquiry. Accordingly, the Court properly evaluated and rejected Callington's argument under Rule 12(b)(6), and there is no basis for reconsideration.

### 3. Callington's Anti-SLAPP Motion Did Not Raise a Factual Challenge to UL's Breach of Contract and Breach of Fiduciary Duty Claims

Callington also argues that his Anti-SLAPP motion challenged the factual basis for UL's allegations that he breached contractual and fiduciary duties to UL.[4] But again, the record shows that his arguments in the anti-SLAPP briefing were presented as legal challenges, not factual ones.

---

[4] In addition to asserting that he challenged the factual basis for UL's breach of contract and breach of fiduciary duty claims, Callington argues—without citing any legal authority—that the Court should strike allegations from the complaint simply because it found certain conduct to be "protected activity" under Oregon's anti-SLAPP statute. (ECF No. 96 at 5). This argument is both procedurally and substantively flawed. The Court denied Callington's Anti-SLAPP Motion, finding that UL had met its burden to show a probability of prevailing on its claims. The ruling does not entitle Callington to retroactively excise allegations from the complaint. Nor does Oregon's anti-SLAPP statute mandate the striking of allegations, even where the court finds protected activity. (*See* Or. Rev. Stat. § 31.150) Callington's request is unsupported and inconsistent with the Court's ruling and should be denied.

10

Specifically, Callington argued that UL's breach of contract claim was legally defective because it relied on an agreement that was unsigned and unenforceable. (ECF No. 31 at 12) ("[T]he breach of contract claim (Count III) appears to be premised on an agreement that it was never executed, and that would arguably be unenforceable[.]") He also asserted that UL's fiduciary duty claim failed as a matter of law because, as an independent contractor, he owed no fiduciary obligations to UL. (*Id.* at 12-13) ("[T]he fiduciary duty claim is **legally deficient** because UL has not alleged facts from which this Court could conclude that Mr. Callington had any fiduciary obligations to UL.") (emphasis added.)

These are not factual rebuttals. They are facial challenges to the sufficiency of UL's allegations, which are precisely the kind of arguments courts evaluate under Rule 12(b)(6). *See, e.g., LKQ Corp. v. Rutledge*, No. 21 C 3022, 2022 WL 1720590, at *2 (N.D. Ill. May 27, 2022) (applying Rule 12(b)(6) standard to motion to dismiss breach of contract claim where defendant argued that underlying agreements were unenforceable); *Allied Waste Servs. of N. Am., LLC v. Tibble*, 177 F. Supp. 3d 1103 (N.D. Ill. 2016) (same); *Bay Fasteners & Components, Inc. v. Factory Direct Logistics, LLC,* No. 17-CV-03995, 2018 WL 1394033, at *2 (N.D. Ill. Mar. 20, 2018) (applying Rule 12(b)(6) standard to motion to dismiss where defendants argued there was no fiduciary obligation); *Neuma, Inc. v. E.I. Du Pont De Nemours & Co.*, 9 F. Supp. 2d 952, 953 (N.D. Ill. 1998) (denying Rule 12(b)(6) motion to dismiss breach of fiduciary duty claim where defendant contended it owed no fiduciary duty to plaintiff).

The Motion to Reconsider attempts to reframe the Anti-SLAPP Motion as a factual challenge, but the record does not support that characterization. Moreover, the Court did not misunderstand or misapprehend the nature of the motion; it correctly applied the standard based on the motion's content. Put simply, Callington's disagreement with the outcome of the Anti-

11

SLAPP Motion does not amount to manifest error of law and provides no basis for reconsideration. The Court should therefore deny the Motion to Reconsider in its entirety.

**CONCLUSION**

For the foregoing reasons, UL respectfully requests this Court deny Callington's Motion to Reconsider, Supplement, Amend and/or Clarify Decision on Defendant's Anti-SLAPP Motion.

Date: September 19, 2025

Respectfully submitted,

**UL LLC**

By: */s/ Richard Kienzler*
One of Plaintiff's Attorneys

Richard Kienzler
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone:    312.795.3254
Facsimile:    312.602.3881
E-mail:    rkienzler@littler.com

Kevin E. Griffith (*pro hac vice*)
Emily E. Levy (*pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH  43215
Telephone:    614.463.4210
Facsimile:    614.737.9135
E-mail:    kgriffith@littler.com
           elevy@littler.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this 19th day of September, 2025, filed a copy of the foregoing document electronically. Counsel of record for Defendant may access this filing through the Court's system.

                                                 */s/ Richard Kienzler*
                                                 An Attorney for Plaintiff