IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UL LLC,<br>*Plaintiff*,<br>-v-<br>JOSHUA CALLINGTON,<br>*Defendant*. | Case No. 1:24-cv-05631<br>Hon. Andrea R. Wood |

**MOTION FOR LEAVE TO FILE CORRECTED BRIEF**

Defendant Joshua Callington ("Mr. Callington") by and through the undersigned counsel, hereby requests leave to file a corrected brief [Dkt. 108] , for the following reasons:

1. In the course of reviewing Reply Brief in Further Support of the Motion to Reconsider [Dkt. 107], the undersigned counsel realized that an earlier draft of the same document, containing typos and text that was intended for deletion, was accidentally filed in place of the final intended draft.

2. For the Court's and the parties' convenience, a red-line version of the corrected brief is attached hereto as Exhibit A, to show the difference between the version that was originally filed [Dkt. 107] and the correct version [Dkt. 108] that ought to have been filed in its place.

WHEREFORE, the undersigned respectfully asks that the Court enter an order accepting the Corrected Reply Brief [Dkt. 108] and directing the Clerk of Court

to lock or otherwise restrict docket access to the version that was filed in error [Dkt.107]

Dated: September 29, 2025

Respectfully submitted,

By: */s/ Agatha M. Cole*
Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628
agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Joshua Callington*

Style Definition: Footnote Text: Space Before: 12 pt, Keep lines together

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UL LLC,<br>*Plaintiff*,<br>-v-<br>JOSHUA CALLINGTON,<br>*Defendant*. | Case No. 1:24-cv-05631<br>Hon. Andrea R. Wood |

**CORRECTED REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER AND/OR CLARIFY**

Defendant Joshua Callington ("Mr. Callington") has asked this Court to reconsider the factual disputes raised his anti-SLAPP motion according to the standard for summary judgment motions under the Federal Rules of Civil Procedure, Fed. R. Civ. P. 56., as contemplated by statutorily prescribed burden-shifting analysis codified at Or. Rev. Stat. § 31.150(4). *See* Defs' Motion to Reconsider, Supplement, Amend and/or Clarify (Sept. 5, 2025) [Dkt. 96].

UL does not dispute that anti-SLAPP motions which present a factual challenge to the sufficiency of claims should be assessed according to ~~the standard for summary judgment motions under the Federal Rules of Civil Procedure~~Rule 56, Fed. R. Civ. P. 56. Instead, UL argues that the motion is: (1) "jurisdictionally improper," (2) "completely fails to meet the standard for reconsideration," and/or (3) misrepresents the record in this case. *See* UL Response in Opposition on Motion to

Reconsider, Dkt. 105 [*herinafter* "Opp."], at PageID # 983 (Sept. 19, 2025). Each of those contentions is wrong, for the following reasons:

**(1) At the outset, UL's threshold jurisdictional analysis is mistaken.** UL contends that "this Court lacks jurisdiction to even consider [Mr. Callington's motion]," due to the pendency of his notice of appeal from the original decision. Opp. at PageID # 986-877 (arguing that the "notice of appeal … divests the district court of its control … [such that] 'reconsideration' … is now … within the sole purview of the Seventh Circuit").

But the Federal Rules of Appellate Procedure expressly contemplate this very situation:

> "If a party files a notice of appeal after the [district] court announces or enters a judgment — but before it disposes of any motion listed in Rule 4(a)(4)(A) [*e.g.,* motions seeking clarification or reconsideration of the order from which an appeal may be taken] — *the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered*."

Fed. R. App. P. 4(a)(4)(B)(i) (emphasis added). Pursuant to that provision—and recognizing that Mr. Callington filed the notice "in an abundance of caution," so as to "preserve his appellate rights" [Dkt. 97] in the interim—the U.S. Court of Appeals for the Seventh Circuit is now holding the appeal in abeyance, "pending the district court's resolution of the motion for reconsideration ..." *See* Order Granting Motion to Hold Proceedings in Abeyance [Doc. 3], *UL v. Callington,* No. 25-2596 (7th Cir. Sept. 22, 2025) (directing Mr. Callington to "file a status report within seven days of a ruling on the motion for reconsideration…[or by] December 3, 2025, if no order has

yet issued.”). Accordingly, this Court clearly has not been deprived of jurisdiction, as UL insists.

**(2) UL’s procedural arguments are equally flawed.**

To be clear, Mr. Callington only seeks clarification (or partial reconsideration) of the Court’s decision and order [Dkt. 90] insofar as its reasons for denying his anti-SLAPP defense are premised on findings and conclusions at the final stage (*i.e.*, “step 2”) of the statutory burden-shifting analysis [PageID # 857-62]; the request is thus styled as a motion pursuant to *either* Rule 52 *or* 59, Fed. R. Civ. P. 52(b), 59(e), *or* “any other alternative basis the Court deems more appropriate” for exercising discretionary authority to elaborate upon and/or its ruling. *See* Defs’ Motion to Reconsider, Supplement, Amend and/or Clarify (Sept. 5, 2025) [Dkt. 96], at PageID # 921.

Formatted: Font: Italic

Unsurprisingly, UL insists that “[n]either of these rules… are appropriate or valid procedural mechanisms for the relief Callington seeks.” Opp. [Dkt. 105] at n. 1 [PageID # 984]. Specifically, UL argues that Fed. R. Civ. P. 52(b) (“Amended or Additional Findings”) only authorizes motions on “findings of fact and conclusions of law … [from] bench trial[s],”[1] and that Fed. R. Civ. P. 59(e) (“Motion to Alter or Amend

[1] *Id.* at PageID # 984 (“Because this case did not involve a bench trial or advisory jury, Rule 52(b) is not the appropriate procedural mechanism for Callington to seek reconsideration of the Court’s decision.”) (citing *Abdel-Ghaffar v. Illinois Tool Works, Inc.,* No. 12-CV-5812, 2015 WL 5704539, at *1 (N.D. Ill. Sept. 28, 2015)).

a Judgment") cannot be invoked in connection with final judgments and does not allow for reconsideration of interlocutory orders.[2]

Here too, UL is plainly mistaken. Rule 52(b) is not limited to "bench trials," as UL contends; it applies to a much broader swath of decisions where reconsideration is sought on "findings and conclusions" that dispose of certain claims and defenses, including *but not limited to* rulings on facts in "action[s] tried without a jury" (*e.g.,* bench trials), orders on "interlocutory injunction[s]," and other pre-trial "motions." *See* Fed. R. Civ. P. 52(a)(1)-(3), (c).

Moreover, the term "judgement," as used in the Federal Rules, broadly includes "any decree or order" from which an immediate appeal may be taken.[3]

---

[2] *Id.* (citing *Chasensky v. Walker*, No. 11-C-1152, at *3 (E.D. Wis. Apr. 18, 2013) for the proposition that "[t]he … denial of … [a] motion to dismiss is a prejudgment interlocutory order, subject to revision … [under] Rule 54(b)," as opposed to Rule 59).

[3] *See* "Definition," at Fed. R. Civ. P. 54(a) ("[the term], '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies.").

Because Oregon's anti-SLAPP law gives rise to an immediate statutory right of appeal from the denial of a right thereunder, Or. Rev. Stat. § 31.152(5), any order disposing of an immunity defense conferred by the statute is well within the scope of Fed. R. Civ. P. 59(e).[4]

Since immunity from suit is not merely a defense to liability, but a right not to be *tried*, the improper denial of that entitlement is final in the sense that cannot be remedied at any later point in the proceedings, *see Mitchel v. Forsyth,* 472 U.S. 511, 525 (1985). Such a decision cannot fairly be characterized as purely interlocutory decision, but it is also not a final judgment that disposes of all claims and defenses in the action. For this reason, Rule 52 is arguably the more compelling candidate for seeking reconsideration of this Court's order because it expressly contemplates situations were judges make *actual findings of fact*, whereas Rule 59 is geared towards summary judgment findings on the legal *sufficiency* of evidentiary submissions on contested facts to substantiate the need for a jury trial following the

[4] In order to protect SLAPP defendants from having to mount a costly and burdensome defense to claims that have not been properly substantiated, the statute provides that "[a] movant may appeal as a matter of right from an order denying, in whole or in part, a special motion to strike under ORS § 31.150." Or. Rev. Stat. § 31.152(5).

close of discovery.[5] Although Mr. Callington did not bear the burden of proof at "step 2" and could have simply relied on UL's failure to "substantiate" its factual allegations, his decision to voluntarily present evidence in the form of affidavits is thus more akin to the situations contemplated by Fed. R. Civ. P. 52.

Either way, "[the] underlying purpose of motions bought under … Rule 52(b) or Rule 59(e) is similar" in that both "are intended to correct manifest errors of law or fact… [or] present newly-discovered evidence." *Abdel-Ghaffar v. Ill. Tool Works,* Inc., No. 12-cv-5812 at *1 (N.D. Ill. Sep 28, 2015) (quoting *U.S. ex rel. Russo v. Att'y Gen. of Ill.,* 780 F.2d 712, 715 at n. 4 (7th Cir. 1986)).

Both rules provide an appropriate vehicle for "ask[ing] the Court to reconsider matters 'properly encompassed in a decision on the merits,'" *id.* at *2 (quoting *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 174), that is premised upon a "manifest error of law" or "[mis]apprehension" of critical facts. *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 955 (7th Cir. 2013)).

And, i~~I~~n any event, the resolution of a motion to reconsider is "committed to the sound discretion of this Court," irrespective of the precise procedural rule upon

---

[5] *See generally* Evan C. Zoldan, *Issues*, 65 Wm. & Mary L. Rev. 1005, 1012-1018 (2024) regarding the history of amendments to the Federal Rules of Civil Procedure for judgments as a matter of law and judgments on partial findings, Fed. R. Civ. P. 50, 52, and its relevance to the conceptually related summary judgment standard, Fed. R. Civ. P. 56. *Id.* at 1019 ("[B]y adding the term 'issue' to Rules 50 and 52 [in order] to connect them with Rule 56 … and then [later] eliminating the term from Rule 56 … [the] amendments… left [the] Rules [to appear] disconnected.")

which it is based. *Scott v. Bender,* 948 F. Supp. 2d 859, 866 (N.D. Ill. 2013) (citing *Eskridge v. Cook Cnty*., 577 F.3d 806, 809 (7th Cir.2009); accord *Abdel-Ghaffar,* at *2.

**(3) UL's attempt to recharacterize the ~~the~~ nature of Mr. Callington's filings and arguments is clearly belied by the record**.

Mr. Callington has unequivocally challenged several key aspects of the narrative set forth in UL's complaint from the outset of this litigation, as evidenced throughout his filings. *See, e.g.,* Motion to Dissolve Protective Order [Dkt. 23], Special Anti-SLAPP Motion [Dkt. 31, 46] and related Response in Opposition to Preliminary Injunction [Dkt.69], together with the accompanying evidentiary submissions [Dkt. 47, 48, 68, 75-78] and related transcripts of proceedings; *see also* Request for Clarification [Dkt. 41] (regarding accommodations made to allow for more time so that UL could request and/or file "any supporting evidentiary materials" that might substantiate its allegations on the various points of controversy [at PageID # 343-44].

Although Mr. Callington would welcome the opportunity to elaborate on these issues at the Court's request, the notion that his anti-SLAPP "was not supported by any exhibits" or "ask the Court to resolve factual disputes" (UL Opp. at PageID # 984, 990) does not warrant much of a response beyond noting that it is:

(a) incorrect, as a matter of fact, *see* Exhibit A [Dkt. 47];

(b) irrelevant, as a matter of law, as it concerns factual disputes arising under the "step 2" analysis on which UL bears the burden of proof; and

(c) somewhat bizarre, seeing that UL specifically moved to strike that very same exhibit. See UL Motion to Strike Exhibit A [Dkt. 48].

To the extent ~~that~~ UL seeks to exclude Mr. Callington's signed declaration [Dkt. 68]—and those of his UL colleagues who submitted redacted "confidential witnesses"

statements to mitigate the risk of retaliation [Dkt. 75-78]—the documents were, of course, part of the evidentiary record before the Court when it rendered its decision. In fact, UL sought to strike those filings from the record as well, *see* UL Motion to Strike Confidential Witness Declarations [Dkt. 80], and its motion was denied.

As UL correctly observes in its opposition brief, "[t]he defendant determines which motions [he] files, not the plaintiff." Opp. at PageID # 988 (quoting *Gunn v. Drage,* 65 F.4th 1109, 1120 (9th Cir. 2023). Here, as in *Gunn*, UL effectively takes the position that the Court need not consider ~~properly submitted~~ extrinsic evidence in passing upon Mr. Callington's anti-SLAPP defense because its claims are ~~ostensibly legally~~ sufficient for pleading purposes, irrespective of any factual controversies. In the context of anti-SLAPP motions, however, the Court *must* give appropriate consideration and weight to extrinsic evidence that undermines the basis of contested factual allegations at the pleadings stage. *Id.*

~~Because the defendant filed an anti-SLAPP motion challenging the factual basis of the plaintiff's case, the court was entitled to review any evidence presented by the defendant that was relevant to that motion.~~

~~As the Court held in Gunn, however, that challenges to its defenses to assess the sufficiency of at the pleadings stage in the context of an~~

~~In sum, the declarations are properly before the Court and hereby "incorporate[ed]" by reference, for the purpose of the instant motion, per UL's apparent suggestion. *See* Opp. at PageID # 990 (arguing that these documents cannot~~

~~be considered in connection with the original anti-SLAPP motion, which "[did] not cite, incorporate, or rely on these declarations.").~~

* * *

In conclusion, because UL's opposition does not meaningfully counter any of the substantive arguments in Mr. Callington's motion to reconsider, the motion should be granted~~—~~and the Court should either proceed with the requisite ~~findings~~ summary judgment analysis, or elaborate on its reasons for declining to do so in the first instance~~as requested~~.

Alternatively, in the event that the Court is not inclined to do so, Mr. Callington respectfully asks this Court to treat the instant motion as seeking reconsideration of an interim order under Fed. R. Civ. P. 54(b) and amend its decision to specify that Mr. Callington may renew his anti-SLAPP motion "at any time,"[6] such that the issue can at least be raised again in the form of a motion for judgement on the pleadings, Fed. R. Civ. P. 12(c), after filing his answer and counterclaims.

Dated: September 29~~6~~, 2025

Respectfully submitted,

By: */s/ Agatha M. Cole*

Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628

[6] As UL seems to concede in its opposition brief, purely "interlocutory" orders may be revised at a party's request under Rule 54 "at any time before the entry of judgment." Dkt. 105 at n. 1 [Page ID # 984].

agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Joshua Callington*