IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-05631 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JOSHUA CALLINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion to reconsider, correct, or clarify decision on Defendant's anti-SLAPP motion [96] is denied. Consistent with the Court's 10/15/2025 minute order, Plaintiff shall answer or otherwise respond to Defendant's counterclaim by 12/12/2025. See the accompanying Statement for details.

**STATEMENT**

Plaintiff UL LLC ("UL") performs social responsibility compliance audits for its customers. When one of its auditors, Defendant Joshua Callington, became concerned about UL's auditing practices, he contacted a journalist and served as a source for her article regarding the failure of private auditors to detect the use of migrant child labor by their customers' suppliers. Following publication of the article, UL conducted an internal investigation, which concluded that Callington had transferred documents containing UL's confidential information to his personal possession and disclosed certain of that confidential information to the journalist. As a result, UL brought the present action asserting claims against Callington under the federal Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*, and Illinois's Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, as well as state-law claims for breach of contract, breach of fiduciary duty, and conversion. Believing that UL's action constituted a strategic lawsuit against public participation ("SLAPP"), Callington moved to strike UL's complaint under his home state of Oregon's anti-SLAPP statute. This Court denied Callington's motion. Now, Callington moves for reconsideration of this Court's denial of his anti-SLAPP motion. (Dkt. No. 96.)

As an initial matter, Callington suggests that his motion is brought under either Federal Rule of Civil Procedure 52(b) or Federal Rule of Civil Procedure 59(e). However, the Court's denial of Callington's anti-SLAPP motion was a non-final order, and Federal Rule of Civil Procedure 54(b) provides the procedural vehicle for revising such orders. *E.g.*, *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012); *see also Gopher Media LLC v. Melone*, 154 F.4th 696, 701 (9th Cir. 2025) (explaining that denials of anti-SLAPP motions are non-final orders). Under Rule 54(b), a district court may reconsider its interlocutory orders at any time before entry of a final judgment. Fed. R. Civ. P. 54(b); *see also Wiegel*, 891 F. Supp. 2d at

944. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotation marks omitted). By contrast, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

In denying Callington's anti-SLAPP motion, the Court began by noting that the anti-SLAPP motion to strike is an Oregon-law procedural mechanism with no analogue under the Federal Rules of Civil Procedure. The purpose of Oregon's anti-SLAPP motion to strike procedure is "to minimize the effect of" SLAPPs by "permit[ing] defendants who are targeted for their protected statements to end such suits quickly and with minimal expense." *Lowes v. Thompson*, 374 Or. 23, 32 (Or. 2005) (en banc) (internal quotation marks omitted). To that end, an anti-SLAPP motion to strike provides "an expedited procedure for dismissal of certain nonmeritorious civil cases without prejudice at the pleading stage." *Id.* (internal quotation marks omitted). Yet, the anti-SLAPP procedure risks a conflict with the Federal Rules of Civil Procedure insofar as it entails an early-stage factual inquiry as to whether the plaintiff has "present[ed] substantial evidence" to demonstrate that their claim has merit. Or. Rev. Stat. § 31.150(4); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018) ("Requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure."). Thus, the Court considered whether such a motion could properly be asserted in federal court and, if so, how to evaluate the motion consistent with the Federal Rules.

The Court ultimately decided to employ the following procedure developed by the Ninth Circuit:

> [W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court.

*Planned Parenthood*, 890 F.3d at 834 (9th Cir. 2018). Employing that procedure, the Court determined that Callington's motion challenged the legal sufficiency of UL's allegations and therefore evaluated the sufficiency of UL's claims under the Rule 12(b)(6) standard. Using that standard, the Court found that each of the five Counts of UL's complaint stated a viable claim. Now, with his motion for reconsideration, Callington argues that the Court erred in applying the Rule 12(b)(6) standard and should have used the Rule 56 standard instead.

Callington presents no reason for the Court to reconsider its approach. Callington's contention that his anti-SLAPP motion to strike raised a factual challenge is flatly contradicted by his own prior representations. Indeed, in his opening brief in support of his motion to strike,

Callington argued that "[b]ased *solely on the allegations in the Complaint*, and *without further substantiation*, it appears extremely unlikely that UL can prevail on any of its claims." (Def.'s Mot. to Strike at 11, Dkt. No. 31 (emphasis added).) Nor did Callington introduce any evidence in support of his motion to strike.[1] Accordingly, UL's brief in opposition to the motion to strike largely focused on the sufficiency of its complaint's allegations. In his motion for reconsideration, Callington further claims that the Court failed to consider certain declaration evidence. But Callington introduced those declarations in connection with his opposition to UL's motion for a preliminary injunction, and his motion for reconsideration does not challenge the Court's ruling on that motion.

In sum, Callington fails to show that this Court committed any error in its original denial of his anti-SLAPP motion to strike. His motion for reconsideration is denied.

Dated: November 21, 2025

                                                Andrea R. Wood
                                                United States District Judge

---

[1] In his reply in support of his motion to strike, Callington introduced some email communications. However, those email communications had little bearing on UL's claims, and Callington stated that he introduced the evidence simply "for the purpose of countering the more easily refutable aspersions cast on his character." (Def.'s Reply in Supp. of Mot. to Strike at 4, Dkt. No. 46.)