**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UL LLC,
*Plaintiff / Counterclaim-Defendant*,

-v-

JOSHUA CALLINGTON,
*Defendant / Counterclaim-Plaintiff*.

Case No. 1:24-cv-05631

Hon. Andrea R. Wood (Dist. J.)
Hon. Albert Berry, III (Mag. J.)

**DEFENDANT / COUNTERCLAIM-PLAINTIFF JOSHUA CALLINGTON'S STATUS REPORT**

As noted in Plaintiff / Counterclaim-Defendant UL LLC's Status Report [CM/ECF No. 139], the parties were unable to agree on the contents of a joint status report and have therefore opted to file independently. To that end, Defendant / Counterclaim-Plaintiff Joshua Callington hereby respectfully submits as follows:

1. On August 7, 2025 [CM/ECF No. 93], Judge Wood directed counsel for the parties to meet-and-confer about a proposed protocol for the production and designation of materials covered by this Court's Preliminary Injunction Order [CM/ECF No. 91, 92, 93].

2. Because Mr. Callington is a private individual with limited financial resources, the parties agreed on a protocol to minimize the burden and expense imposed by such a large production whereby:

(a) Mr. Callington would upload and transfer all of the files via a secure file-sharing platform ("TitanFile"), provided by UL's counsel; and

(b) UL would process the documents in its e-discovery database ("Relativity"), add Bates stamps, and return / reproduce the same back to Mr. Callington, along with its proposed confidentiality designations. [CM/ECF No. 94, 95].

3. On Tuesday, August 12, 2025, the undersigned uploaded a sample production consisting of 17 files in 5 folders to the filesharing link provided by UL's counsel and asked UL's counsel to return the files with its designations to ensure that the parties were in alignment on the production format.

4. UL's counsel refused to do so, insisting that the productions be completed in their entirety at the outset. *See* Mr. Callington's Status Update (filed Aug. 13, 2025) [CM/ECF No. 95 at ¶ 3, Page ID # 909-10] ("[W]hile the parties have agreed on the protocol by which Mr. Callington will produce the subject files… no further discussion or agreement has been reached regarding the "protocol … for UL to identify which of those documents… contain or reflect its trade secrets or its proprietary or confidential information.") (quoting the Preliminary Injunction Order [CM/ECF No. 91, at ¶ 1, Page ID # 871]).

5. In a show of good faith, Mr. Callington proceeded to upload substantially all files (*e.g.*, email communications, documents, photographs, recordings, and other ESI) which he had acquired and retained in the course of his employment with UL between 2017 and 2024, as follows:

| **CLGTN PROD #** | **Date** | **Description** |
|---|---|---|
| PROD 001 | 08/12/25 | Sample production consisting of 17 files (uploaded directly to Titanfile) |
| PROD 002 | 08/22/25 | Email communications produced as 3 separate compressed files of 5.31GB, 3.08GB and 4.81GB, respectively (uploaded directly to Titanfile) |
| PROD 003 | 8/22/2025 | 169 compressed files (554.62 MB total) (uploaded directly to Titanfile) |
| PROD 004 | 8/24/2025 | 1298 files (>12GB total) (uploaded directly to Titanfile) |
| PROD 005 | 8/25/2025 | 18,628 files (compressed into zip file) (uploaded directly to Titanfile) |
| PROD 006 | 8/22/2025 | Dropbox filesharing link containing 909 files (sent via password protected filesharing link to Titanfile) |
| PROD 007 | 8/28/2025 | 72 compressed files (484.85 MB total) (uploaded directly to Titanfile) |

6. Since then, the undersigned counsel has repeatedly sought guidance on when UL intends to complete its preliminary review of Mr. Callington's voluminous productions and reproduce the same in the agreed upon Bates-stamped format with its proposed confidentiality designations:

**Agatha M. Cole** <agatha@beverlypllc.com> Tue, Sep 9, 2025, 12:25 PM Reply

to Jenna, Rick, John, Kevin

Hi Jenna,

Can we have a brief meet-and-confer week to discuss this alongside other outstanding issues that we could present in the form of a joint status report?
Here is an agenda of sorts, regarding the items I think we should discuss and ideally address (or at least flag, for the court) via joint submission:

(1) Briefing schedule on pending motion to reconsider *(proposed Opposition due 9/1919, and Reply due 9/26)*

(2) Deadline for answer to complaint *(we are fine with the above proposed briefing schedule, provided that this deadline can be pushed 15 days out from that, to 10/13)*

(3) Outstanding issues related to preliminary injunction:
(a) status of the preliminary injunction production / designations protocol
(b) status of revision to scope of restraints in preliminary injunction (as referenced at Dkt. 92), which is still outstanding...
(c) status of bond determination, which is still outstanding...

Best,
--
**Agatha M. Cole** *(she/her)*

**Agatha M. Cole** <agatha@beverlypllc.com> Mon, Mar 23, 2:58 PM Reply

to Shannon, Michael

Hi Shannon,

We still have not received your bates stamped reproduction and confidentiality designations on the first set of documents that we produced several months ago. Please let me know when we can expect to receive that, and we will respond to your additional requests, in turn. Also, as previously discussed, I think the best path forward here involves working collaboratively towards a comprehensive discovery plan that includes mutually agreed upon deadlines so we can both plan accordingly. Are you available to meet-and-confer so we can put that together as a joint submission ahead of the hearing on Friday?

--
**Agatha M. Cole** *(she/her)*

**Agatha M. Cole** <agatha@beverlypllc.com> Tue, Mar 24, 11:03 AM Reply

to Shannon, Michael

Shanon, et al.,

My calendar is filling up quickly, so I went ahead and sent you a calendar invite with video conferencing details for Thursday morning at 10am EST, to meet-and-confer regarding a joint proposed comprehensive discovery plan . Please let me know ASAP if that time does not work for you. And please let me know if I should include your predecessor counsel from Littler Mendelson on the invitation.
--



7. UL has continually refused to engage on this issue, all while insisting that Mr. Callington respond to more recent discovery requests seeking documents which he believes he has already produced:

**Miller, Shannon Lemajeur** <SLMiller@winston.com> Thu, Mar 26, 1:16 PM Reply

to me, Michael

Agatha,

There is no hearing scheduled in this matter on March 31, 2026, and the parties do not need to "prepare a jointly submitted proposed discovery plan." The court already adopted the parties' proposed discovery schedule. *See* Dkt. No. 126. Instead, per Dkt. No. 130, the parties only need to submit a joint status report by March 31, 2026 "informing the Court on the progress of fact discovery and whether the parties believe a settlement conference would be fruitful at that time." Attached is a draft.

Best,
Shannon

**Agatha M. Cole** <agatha@beverlypllc.com> Mon, Mar 30, 2:07 PM Reply

to Shannon, Michael

Hi Shannon,

Please add the following paragraphs at the top and/or call me if you'd like to discuss.

1. On or about August 7, 2025, the District Court ordered Mr. Callington to produce a copy of all documents and ESI that he acquired in the course of his employment with UL and still has in his possession, for the purpose of allowing UL to review and return the same with proposed confidentiality designations [ECF No. 60].
2. Because Mr. Callington is a private individual with limited financial resources, the parties agreed on a protocol to minimize the burden and expense imposed by such a large production whereby: (a) Mr. Callington would upload and transfer all of the files via a secure file-sharing platform ("TitanFile"), provided by UL's counsel; and (b) UL would process the documents in its e-discovery database ("Relativity"), add Bates stamps, and then return / reproduce the same back to Mr. Callington with its proposed confidentiality designations.
3. In or around mid-to-late August 2025, Mr. Callington completed his first production ("Callington Prod 001"), which consists of substantially all files (e.g., email communications, documents, photographs, recordings, and other ESI) that Mr. Callington has retained the incident to his employment since 2017.
4. As of today's date, UL is [still processing Mr. Callington's first production??] and intends to reproduce the same, together with its proposed confidentiality designations [on or before ___??].

--

*[Continued on next page…]*

**Agatha M. Cole** <agatha@beverlypllc.com> Mon, Mar 30, 7:08 PM Reply

to Shannon, Michael

Shannon,

I would like to reiterate my request that we meet-and-confer via video conference to formulate a substantively meaningful comprehensive discovery plan (or at least provide the Court with some visibility into anticipated next steps, timelines, etc). If I recall correctly, that is precisely what Judge Berry asked us to do in advance of this joint submission.

I have circulated another calendar invite with zoom login details for 9:30AM CST tomorrow as a placeholder. If that time does not work, then please propose an alternative time that does.

Otherwise, we would prefer to file our own papers instead of signing onto your proposed submission.

Best,

Agatha

**Miller, Shannon Lemajeur** <SLMiller@winston.com> Mon, Mar 30, 7:31 PM Reply

to me, Michael

Agatha,

I attended the initial status hearing with Judge Berry III on January 27, 2026, and he did *not* ask the parties to submit a "substantively meaningful comprehensive discovery plan." Instead, per Dkt. No. 130, Judge Berry III ordered the parties "to file an updated joint status report by 3/31/26 informing the Court on the progress of fact discovery and whether the parties believe a settlement conference would be fruitful at that time."

With that said, I am available for a call tomorrow at 8:30 AM CT / 9:30 AM CT. I declined your calendar invite as I am not available at the time you proposed and sent you a new invite with a Teams link.

Best,
Shannon

*[Continued on next page…]*



Agatha M. Cole <agatha@beverlypllc.com> Mon, Mar 30, 8:59 PM

to Shannon, Michael

I'm fairly certain that Judge Berry conveyed his expectation that the parties would confer ahead of time, because I specifically recall him saying something to the effect that "it doesn't count as a proper meet-and-confer" unless counsel meet in person or via videoconference at minimum. If you ordered the transcript, please kindly send me a copy so that I can refresh my recollection, as my client is not in a position to pay the out-of-pocket fees for expediting transcripts on routine administrative matters.

Either way, thank you for making yourself available tomorrow morning. I look forward to speaking with you then so that we can have a productive conversation about moving this case forward.

Thanks,

--

Agatha M. Cole (she/her)

Beverly PLLC

8. During the parties meet-and-confer on March 31, 2026, the undersigned counsel explained that Mr. Callington was not in a position to make any further commitments with respect to the course of discovery unless or until UL could offer some sort of insight or guidance into its timing on the reproduction and designation of those documents which he had already produced purusant to the Preliminary Injunction.

9. Following that conversation, the uindersigned counsel requested comments on a fairly straightforward proposal for moving forward:

**Agatha M. Cole** <agatha@beverlypllc.com>

to Shannon, Michael

Hi Shannon, Michael,

Please see the attached proposal and let me know if this can work for you.

*ATTACHMENT Callington's proposed draft status report:*

[DRAFT] JOINT STATUS REPORT

Pursuant to the Court's January 27, 2026 order (Dkt. No. 130), the parties submit the following Joint Status Report.

1. Pursuant to the parties agreed upon protocol for the production of documents covered by the preliminary injunction order [ECF No. 91, 92, 94, 95], Mr. Callington has already produced a copy of substantially all files (*e.g.*, email communications, documents, photographs, recordings, and other ESI) which he acquired and retained incident to his employment with UL between 2017 and 2024. UL has processed and assigned Bates Stamps those files and intends to reproduce the same back to Mr. Callington along with its proposed confidentiality designations for each such document within the next ____ days.

3. UL has served its First Set of Interrogatories and First Set of Requests for Production of Documents and Mr. Callington intends to serve his first set of discovery requests within the next 14 days. On March 31, 2026, the parties met-and-conferred about each of the foregoing items and have agreed to complete their respective responses to the pending discovery requests on a rolling basis, on the understanding that all responses to the First Set of Document Productions and Interrogatories should be completed on or before May 1, 2026. The parties also discussed the need to notice depositions shortly thereafter, in order to meet the June 26, 2026 deadline for the close of fact discovery. Although the parties presently intend to meet that deadline, it is already reasonably foreseeable that an extension may be necessary for the scheduling and completion of all fact witness depositions.

7. The parties intend to continue working collaboratively towards the completion of discovery and do not anticipate any disputes requiring the Court's intervention at this time.

8. Neither party believes that a settlement conference would be fruitful at this time.

10. UL rejected that proposal, as follows:

**Miller, Shannon Lemajeur** <SLMiller@winston.com> Tue, Mar 31, 3:29 PM

to me, Michael

Hi Agatha,

We do not accept your proposed changes. Please let us know if we have your permission to file the attached draft that we circulated yesterday.

Best,
Shannon

*ATTACHMENT:*
*UL's proposed draft*

**[DRAFT] JOINT STATUS REPORT**

Pursuant to the Court's January 27, 2026 order (Dkt. No. 130), the parties submit the following Joint Status Report.

1. Plaintiff UL LLC ("UL") states as follows:

a. On February 12, 2026, UL served its First Set of Interrogatories and First Set of Requests for Production of Documents to Defendant Joshua Callington ("Mr. Callington").

b. Mr. Callington has not responded to UL's discovery requests, and UL reserves the right to move to compel.

2. Mr. Callington states as follows:

a. On or about August 7, 2025, the District Court ordered Mr. Callington to produce a copy of all documents and ESI that he acquired in the course of his employment with UL and still has in his possession, for the purpose of allowing UL to review and return the same with proposed confidentiality designations.

b. Because Mr. Callington is a private individual with limited financial resources, the parties agreed on a protocol to minimize the burden and expense imposed by such a large production whereby: (a) Mr. Callington would upload and transfer all of the files via a secure file-sharing platform ("TitanFile"), provided by UL's counsel; and (b) UL would process the documents in its e-discovery database ("Relativity"), add Bates stamps, and then return / reproduce the same back to Mr. Callington with its proposed confidentiality designations.

c. In or around mid-to-late August 2025, Mr. Callington completed his first production ("Callington Prod 001"), which consists of substantially all files (e.g., email communications, documents, photographs, recordings, and other ESI) that Mr. Callington has retained the incident to his employment since 2017.

3. The parties do not believe a settlement conference would be fruitful at this time.

Date: March 31, 2026 Respectfully submitted,

11. In an effort to foster a more collaborative approach moving forward, the undersigned counsel reluctantly agreed to UL's proposed version of the "joint status report" filed March 31 [CM/ECF No. 135], albeit with the following request to continue the conversation:

Agatha M. Cole <agatha@beverlypllc.com> Mar 31, 2026, 5:37 PM Reply
to Shannon, Michael

That is fine, though I really don't understand your perspective here. Feel free to go ahead and file the earlier version if that is comfortable for now, but please do elaborate and help me understand the nature of your objections to my proposal when you have a moment. Just want to understand if we can agree to some sort of mutually agreed upon written discovery plan to set clear / transparent expectations for moving forward on these items (which shouldn't be especially controversial).

12. Counsel for UL never responded to the above email, and the issue has once again come to a head with the need to extend discovery through the filing of this more recent status report:

Miller, Shannon Lemajeur Wed, May 6, 1:24 PM Reply
to me, Michael

Hi Agatha,

We would like to extend discovery deadlines by approximately 60 days. Please let us know if you agree and we will draft a joint motion.

Best,
Shannon

*[Continued on next page...]*

**Agatha M. Cole** <agatha@beverlypllc.com> Fri, May 15, 2:12 PM

to Shannon, Michael

Hi Shannon, et al.,

Are you able to provide an ETA or status update on the bates stamped reproduction and confidentiality designations for documents that Mr. Callington previously produced pursuant to the preliminary injunction order? As previously discussed, we would appreciate some guidance on when to expect that before making any further commitments on the anticipated course of discovery.

Moreover, while we obviously agree that the current discovery deadline is unworkable, I really must insist on including a clear set of mutually agreed upon target dates for each phase of discovery in any jointly proposed request or filing.

I have attached a modified version of the draft proposal that I had originally shared with you March 31 as a starting point for discussion. Please have a look and let me know your thoughts.

ATTACHMENT

(Callington's proposed draft )

**[DRAFT] JOINT STIPULATED MOTION AND [PROPOSED] ORDER REGARDING MODIFICATIONS TO DISCOVERY PLAN**

WHEREAS, counsel for the parties to this action (collectively, the "Parties," and individually, a "Party") have conferred and, upon reflection, agree that additional time is necessary for discovery in this case; and

WHEREAS, the Parties jointly submit and propose the following modifications to amend the discovery plan pursuant to Fed. R. Civ. P. 26 (f)(3):

**A. Protocol for the Preliminary Production of Documents Covered by the Court's Preliminary Injunction Order.**

1. Pursuant to the parties' agreed upon protocol for the production of documents covered by the preliminary injunction order [ECF No. 91, 92, 94, 95], Mr. Callington avers that has produced a copy of substantially all files (*e.g.*, email communications, documents, photographs, recordings, and other ESI) which he acquired and retained incident to his employment with UL between 2017 and 2024.

2. UL is currently processing and assigning Bates Stamps those files and intends to reproduce copies of the same back to Mr. Callington with its proposed confidentiality designations on or before May / June ___, 2026.

3. UL has already served its First Set of Interrogatories and First Set of Requests for Production of Documents and Mr. Callington intends to serve his first set of discovery requests on or before June ___, 2026.

4. The Parties have agreed to complete their respective responses to the pending discovery requests on a rolling basis with the understanding that all responses to the first set of discovery request should be served by July ___, 2026, and that substantially all responsive document productions should be completed within 30 days thereafter (i.e., on or before August ___, 2026).

7. The parties intend to continue working collaboratively towards the completion of discovery and will file a joint status report confirming that substantially all document productions have been completed and/or notifying the Court of any obstacles that have prevented the completion of document discovery on or before September ____ 2026.

8. The Parties have committed to serving deposition notices as soon as is reasonably practicable, and in no event later than 45 days following the completion of document discovery.

9. Based on the foregoing, the Parties anticipate that the depositions of most fact witnesses will likely need to be scheduled in early fall and therefore propose to extend the deadline for fact discovery through the end of October / November ___, 2026.

*[... continued from previous page]*

**Agatha M. Cole** <agatha@beverlypllc.com> Fri, May 22, 7:53 AM (12 days ago)

to Shannon, Michael

Just following up on this…

**Miller, Shannon Lemajeur** May 27, 2026, 3:35 PM (7 days ago) Reply

to me, Michael

Hi Agatha,

We are working on the confidentiality designations and anticipate finishing within the next few weeks. Attached is a draft joint motion to extend the discovery deadline to late October / approximately four (4) months.

We know courts in some areas do the phased scheduling but that's not something that's done in the Northern District. Note that none of the other scheduling orders from the court in this case had that. If you search other cases in the district, you'll note that those phased orders just aren't a thing here. We are happy to discuss internal deadline goals between the parties, but that is not something that would be filed with the court and it will probably just make the extension more difficult.

Please let us know if we have your permission to file.

Best,
Shannon

13. Because UL would not agree to make any solid commitments as to its anticipated production timeline and would not engage in a meaningful discussion on the subsequent course of discovery, Mr. Callington declined to join UL's proposed status report and opted to submit the instant one independently, so to apprise the Court of the situation.

14. In any event, Mr. Callington and UL certainly seem to agree on at least one thing: "[that] a telephonic status hearing with the Court would be beneficial."

15. Alternatively, an order directing the parties to propose a mutually agreeable comprehensive Rule 26 discovery plan with specific target dates could be even more beneficial (and might very well dispose of the issue, without the need for further intervention from this Court).

Dated: June 3, 2026
New York, NY

Respectfully submitted,

By: *__/s/ Agatha M. Cole__*
Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628
agatha@beverlypllc.com

*Counsel for Defendant / Counter-Plaintiff, Joshua Callington*