**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UL LLC,** | ) | |
| | ) | |
| | ) | Case No. 1:24-cv-05631 |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | Hon. Judge Andrea R. Wood |
| v. | ) | |
| | ) | Hon. Magistrate Judge Albert Berry III |
| **JOSHUA CALLINGTON,** | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

## PLAINTIFF UL LLC'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff/Counter-Defendant UL LLC ("UL"), by and through its undersigned counsel and pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, respectfully move this Court to compel Defendant/Counter-Plaintiff Joshua Callington ("Callington") to respond to UL's First Set of Interrogatories and First Set of Requests for Production of Documents to Callington (collectively, the "Requests") within seven (7) days of the Court's order on this motion, find that Callington has waived his right to object to the Requests, and grant UL's reasonable expenses, including attorneys' fees, incurred in bringing this motion.

Overall, and as explained in detail below, Callington has repeatedly failed to respond to the Requests—which have been pending for **nearly nine (9) months**—and has never sought an extension, thus waiving his right to object to the Requests.

## BACKGROUND

UL served the Requests on Callington on February 12, 2026. (*See* Ex. A.) Callington's objections and responses to the Requests were due March 16, 2026. Callington failed to serve his objections and responses to the Requests and did not seek an extension. (*See* Ex. B.) Counsel for UL emailed counsel for Callington on March 17, 2026 regarding such failure, to which counsel for

Callington did not respond. (*Id.*) Counsel for UL emailed counsel for Callington again on March 18, 2026, to which opposing counsel also did not respond. (*Id.*) UL sent Callington a letter via email and FedEx dated March 20, 2026 asking Callington to respond to the Requests immediately. (*Id.*)

Callington did not respond until March 23, 2023, stating, for the first time, that Callington would not respond to the Requests until UL finished applying confidentiality designations to the over 36,000 documents that Callington had produced in response to UL's motion for a limited preliminary injunction that the District Court had granted on August 7, 2025. (ECF No. 91, the "Order".) The Order required Callington to "produce to UL copies of any and all UL documents and Electronically Stored Information—and any other UL property, tangible or intangible—that is in his possession or under his control and that he acquired or took from UL through his employment or working-relationship with UL" to allow UL to "identify which of those documents, Electronically Stored Information, and property contain or reflect its trade secrets or its proprietary or confidential information." (*Id.* at ¶ 1.) UL had been diligently working on reviewing Callington's voluminous production and making confidentiality designations where appropriate. However, UL disagreed with Callington's position and contended that the Order did not abrogate Callington's duty to respond to the Requests in accordance with the Federal Rules of Civil Procedure. Indeed, the District Court confirmed that "it did not believe that [the parties'] dispute regarding the treatment of UL's materials that were already in Callington's possession—*i.e.*, the materials he allegedly converted in breach of his agreements with UL, as opposed to any information he might receive from UL through the discovery process—constituted a discovery dispute falling within the confines of Federal Rule of Civil Procedure 26(c)." (ECF No. 90 at 8.)

The parties had a status hearing on July 28, 2026, during which UL reported that it would endeavor to complete its review and confidentiality designations of Callington's production and reproduce such documents to Callington by the end of August 2026. (*See* ECF No. 151.) The Court ordered Callington to respond to the Requests "within 30 days of that production." (*Id.*)

On August 27, 2026, UL produced its first document production of Callington's documents which were bates stamped and designated "Confidential" where appropriate. UL completed its document production on August 31, 2026, and included bates stamps and the proper designations for all the non-corrupt documents provided by Callington. Given the Court's order for Callington to respond to the Requests "within 30 days of that production," Callington's responses were due September 30, 2026. (*Id.*) Once again, Callington failed to respond to the Requests and did not seek an extension. Counsel for UL emailed counsel for Callington on October 1, 2026 asking Callington to respond to the Requests immediately. (*See* Ex. C.) Counsel for Callington never responded.

Consequently, in accordance with Local Rule 37.2 and the Court's October 6, 2026 order (ECF No. 155), counsel for UL and counsel for Callington had a videoconference on Friday, October 16, 2026 in a good faith attempt to resolve the parties' differences (the "LR 37.2 Conference"). During the LR 37.2 Conference, counsel for Callington stated that Callington would respond to the Requests by the following week (*i.e.*, the week of October 19-23). Callington failed to do so and has not responded to the Requests to this day.

## LEGAL STANDARD

A Rule 37 motion to compel is proper "where another party fails to respond to a discovery request or where the party's response is evasive or incomplete." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449 (N.D. Ill. 2006). "In ruling on a motion to compel, the discovery

standard set forth in Rule 26(b) applies." *Mendez v. City of Chi.*, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Bankers Life & Cas. Co. v. Am. Senior Bens., LLC*, 2024 WL 6863500, at *1 (N.D. Ill. Sep. 13, 2024) ("Under federal law, parties are allowed broad discovery to investigate facts and clarify issues."). "District courts have broad discretion in discovery-related matters," including motions to compel discovery responses. *EEOC v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). If a motion to compel is granted or discovery is provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

## **ARGUMENT**

### I. The Court Should Compel Callington to Respond to the Requests and Find that Callington Has Waived His Right to Serve Objections Thereto

The Court should compel Callington to respond to the Requests within seven (7) days of the Court's order on this motion and, because Callington has failed to timely object to the Requests, find that Callington has waived his right to serve any objections to the Requests. It is well established that "[t]hroughout the range of the law, there are time limits imposed on litigants at every stage of the case" and "in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests. . . . This is such a case." *Autotech Techs., Ltd. P'ship v. AutomationDirect.Com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (granting motion to compel discovery and finding that defendants waived untimely objections). Federal Rule of Civil Procedure 33(b)(4) states that "[a]ny ground not stated in a timely objection [to an interrogatory]

is waived unless the court, for good cause, excuses the failure." While "Rule 34(b)(4) does not contain the same language, [] courts in this Circuit have [repeatedly] held that untimely objections to any discovery request results in waiver." *Sullivan v. Wolcott Diversey Condo. Ass'n*, 2026 WL 2211368, at *2 (N.D. Ill. June 4, 2026); *see, e.g.*, *Janusz v. GRO Family Servs., LLC*, 2026 WL 2268668, at *2 (E.D. Wis. Aug. 6, 2026) (granting plaintiff's motion to compel and finding "that by failing to respond in a timely manner, the defendants have waived their opportunity to raise any substantive concerns with respect to . . . discovery."); *Buonauro v. City of Berwyn*, 2011 WL 116870, at *4 (N.D. Ill. Jan. 10, 2011), *on reconsideration in part*, 2011 WL 2110133 (N.D. Ill. May 25, 2011) ("It is well-established that the failure to [object to discovery] in a timely manner waives a subsequent assertion of objections in the absence of good cause."); *Autotech Techs., Ltd. P'ship*, 236 F.R.D. at 398 (stating that "[f]ailure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted.").

Callington has not and cannot offer any reason—let alone good cause—for failing to timely respond and/or serve objections to the Requests. While counsel for Callington mentioned having issues accessing UL's August 27 and 31 document productions during the parties' status hearing on October 6, 2026, records show that Callington did not even attempt to access the productions until **September 18, 2026** (*i.e.*, **twelve (12) days** before Callington's responses to the Requests were due per the Court's July 28, 2026 order, ECF No. 151). (*See* Ex. D.) Callington has offered no justification for failing to respond to the Requests during the week of October 19-23 as counsel for Callington promised during the LR 37.2 Conference. Accordingly, the Court should find that Callington waived his right to serve objections due to Callington's repeated failure to respond to the Requests and blatant disregard for the Court's July 28, 2026 order (ECF No. 151). *See, e.g.*, *Janusz*, 2026 WL 2268668, at *1 (finding that defendants waived all objections to plaintiff's

discovery requests because they completely failed to respond by the June 30 deadline or thereafter, despite defense counsel's July 6 promise to produce by July 10 and multiple follow-up attempts by plaintiff's counsel); *VYSE Gelatin Co. v. Hicks*, 2019 WL 13084200, at *1 (N.D. Ill. June 3, 2019) ("Because Defendants have not identified any basis for finding that Defendants had good cause for failing to respond to the Discovery in a timely manner, the Court agrees that Defendants waived any objections to the Discovery.").

## II. The Court Should Order Callington to Pay UL's Expenses Incurred in Bringing this Motion Pursuant to Rule 37(a)(5)(A)

The Court should award UL's reasonable expenses, including attorneys' fees, incurred in bringing this motion. Rule 37(a)(5)(A) provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The payment of expenses is mandatory under Rule 37(a)(5)(A) unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*; *see Dilworth v. Hyundai Transys Ga. Seating Sys., LLC.*, 2024 WL 6953104, at *2 (C.D. Ill. Aug. 21, 2024) (emphasizing that "the Court must award fees when granting a motion to compel unless one of the [three] exceptions . . . applies"). Here, UL engaged in the LR 37.2 Conference in a good faith attempt to obtain their requested discovery and there is no substantial justification or other circumstances that render an award of expenses unjust. Callington has been given ample opportunity to respond to the Requests, ignored counsel for UL's follow-up attempts, and flagrantly violated the Court's July

28, 2026 order to respond to the Requests without ever seeking an extension. Accordingly, the Court should grant this motion and order Callington to pay UL's expenses incurred therewith.

**CONCLUSION**

For the foregoing reasons, UL requests the Court compel Callington to respond to UL's First Set of Interrogatories and First Set of Requests for Production of Documents within seven (7) days of the Court's order on this motion, find that Callington has waived his right to object to the Requests, and grant UL's reasonable expenses, including attorneys' fees, incurred in bringing this motion.

Date: October 28, 2026

Respectfully submitted,

*/s/ Michael Roche*

Michael Roche
Shannon Lemajeur Miller
WINSTON TAYLOR LLP
300 North LaSalle Drive
Suite 4400
Chicago, IL 60654-3406
Tel. 312-558-5600
Fax 312-558-5700
Michael.roche@winstontaylor.com
Shannon.miller@winstontaylor.com

Richard T. Kienzler
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Tel. 312-372.5520
Fax 312-372-7880
rkienzler@littler.com

Kevin E. Griffith (admitted *pro hac vice*)
Emily E. Levy (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel. 614-463-4210

Fax 614-737-9135
kgriffith@littler.com
elevy@littler.com

*Attorneys for UL LLC*

## LOCAL RULE 37.2 CERTIFICATE

I, Shannon Lemajeur Miller, hereby certify that:

1. I am over eighteen (18) years of age and competent to testify to the matters contained herein. This Certificate is based upon my own personal knowledge.

2. I am an associate attorney at Winston Taylor LLP and am counsel of record for Plaintiff/Counter-Defendant UL LLC ("UL") in the above-captioned matter. This Certificate is submitted in support of UL's Motion to Compel Discovery Responses.

3. In a good faith attempt to resolve their differences, counsel for UL and counsel Defendant/Counter-Plaintiff Joshua Callington ("Callington") had a videoconference via Microsoft Teams from approximately 9:00 – 9:20 AM Central on October 16, 2026.

4. Emily E. Levy of Littler Mendelson, P.C. and I attended the videoconference on October 16, 2026 on behalf of UL, and Agatha M. Cole of Beverly PLLC attended on behalf of Callington.

*/s/ Shannon Lemajeur Miller*

Counsel for Plaintiff UL LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October 2026, I caused a true and correct copy of the foregoing to be filed electronically. Counsel of record for Defendant Joshua Callington may access this filing through the Court's system.

*/s/ Shannon Lemajeur Miller*

Counsel for Plaintiff UL LLC