# Exhibit A

**From:** Miller, Shannon Lemajeur
**To:** agatha@beverlypllc.com
**Cc:** Roche, Michael; Kienzler, Rick; Hofstetter, John; Seychel, Jenna
**Subject:** UL v. Callington - Case No. 1:24-cv-05631 - UL"s First Discovery Requests
**Date:** Thursday, February 12, 2026 1:01:34 PM
**Attachments:** image001.png
UL v. Callington - No. 24-cv-05631 - Pl."s First Set of Interrogatories to Def (served 2.12.26).pdf
UL v. Callington - No. 24-cv-05631 - Pl."s First Set of Requests for Production to Def (served 2.12.26).pdf

---

Agatha,

Attached are UL LLC's First Set of Interrogatories and First Set of Requests for Production of Documents to Defendant Callington.

Please acknowledge receipt.

Thank you,
Shannon

WINSTON & STRAWN LLP

SHANNON LEMAJEUR MILLER
ASSOCIATE ATTORNEY

T +1 (312) 558-5213
M +1 (847) 361-9457
slmiller@winston.com

300 N. LaSalle Dr., Chicago, IL 60654-3406

*Admitted to practice in Illinois*

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UL LLC,** | ) | |
| | ) | |
| | ) | Case No. 1:24-cv-05631 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Andrea R. Wood |
| v. | ) | |
| | ) | |
| **JOSHUA CALLINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

**UL LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff/Counter-Defendant UL LLC ("UL"), through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories upon Defendant Joshua Callington, to be fully answered in writing under oath, by Defendant, within thirty (30) days of service of these Interrogatories.

**DEFINITIONS**

1. The "Action" shall mean the above-captioned lawsuit entitled *UL LLC v. Joshua Callington*, in the U.S. District Court for the Northern District of Illinois, Case No. 1:24-cv-05631.

2. The "Answer" shall mean "Admissions and Denials" You filed on or about October 11, 2025 in the Action (ECF No. 110).

3. "Cloud Storage Account" shall mean any account, application, data repository, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, email accounts, cloud-based storage accounts (e.g., Dropbox, Box.com, iCloud, Google Drive, etc.), cloud-based servers (e.g., Digital Ocean, Rackspace, Amazon S3, Google Cloud, Microsoft Azure,

etc.), cloud-based data repositories (e.g., Github, Gitlab, Bitbucket, etc.) and email accounts (e.g., Gmail, Yahoo, etc.).

4. "Communication" shall mean any transmission of information from one Person to another, including (without limitation) by letter, personal meeting, telephone, radio, telegraph, facsimile, email, text message, teleconference, chat application, etc.

5. "Complaint" shall mean UL's Civil Complaint filed on or about July 3, 2024 in the Action.

6. The "Countercomplaint" shall mean Your Counterclaims filed on or about October 11, 2025 in the Action and also encompasses any future amendment to the Countercomplaint (ECF No. 110).

7. "Document" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, photos, videos, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage

Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.

8. "Defendant," "You," "Your," or "Callington" shall mean Defendant Joshua Callington, his counsel, and any consultants, experts, investigators, doctors, agents or other persons acting on his behalf.

9. "Electronic Storage Device" shall mean remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

10. "Identify" shall mean, when used in reference to:

(a) a Person that is a natural person, his or her: (i) full name; and (ii) present or last known job position, business affiliation, and job description; (iii) and present or last known home and business addresses.

(b) a Person that is a partnership, firm, corporation or any kind of business or legal entity, its: (i) legal name and any d/b/a; (ii) and its business address(es).

(c) a Document, its: (i) author; (ii) subject matter, title and date, and the total number of pages thereof; (iii) the date on which it was first reviewed, obtained by, furnished to or prepared by You; (iv) each and every addressee; (v) each and every person to whom copies were sent and/or by whom copies were received; and (vi) its present location(s) and custodian(s), or its disposition if no location(s) or custodian(s) is specified in response to subject (vi) thereof.

(d) a Communication, (i) the date of the Communication, (ii) all Persons present for the Communication, (iii) the approximate duration of the Communication, (iv) the subject matter of the Communication, (v) the method of communication (e.g., in person, by telephone, by email, by chat application, etc.), and (vi) a detailed description of the contents of the Communication.

11. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

12. "Plaintiff" or "UL" shall mean UL, LLC and its officers, directors, employees (current or former), partners, corporate parent, subsidiaries, affiliates, and predecessor entities.

13. "UL Information" shall mean any and all information, Document, or Communication obtained from UL, its clients, or its clients' suppliers, including but not limited to all data and information relating to the business of UL, its clients, or its clients' suppliers that is not generally known to the public or readily obtainable from outside sources.

## INSTRUCTIONS

1. Each interrogatory listed below seeks all information that is within Your knowledge, possession, custody or control, as well as all of the information that is within the knowledge, possession, custody or control of Your attorneys, agents, doctors, and any other person acting on Your behalf.

2. If You are unable to answer fully any interrogatory due to a lack of knowledge or information, You must answer the interrogatory to the fullest extent possible and state the reason or reasons why You are unable to completely answer the interrogatory.

3. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, You must state each answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

4. In lieu of describing a Document, You may attach to Your answers a true and correct copy of a Document or Documents, provided that each Document is appropriately marked to identify the interrogatory to which the Document is responsive. If the Document or Documents You attach is only a part of the information requested, You must provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession, custody, or control, or is no longer in existence, state whether it is: (a) lost or missing; (b) destroyed; (c) transferred voluntarily or involuntarily to others and, if so, to whom; or (d) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for each disposition, and state the approximate date thereof.

5. If You claim that a Communication or Document is protected from production by the attorney-client privilege, the work product doctrine, or any other privilege or protection, You must supply at the time of responding to these interrogatories a schedule that specifically identifies: (a) each such Document or Communication by date; (b) author(s); (c) the person(s) to whom the Document or Communication was directed; (d) the nature of the Document or Communication (e.g., letter memorandum); (e) subject matter, title and number of pages; and (f) the basis for withholding the Document or Communication.

6. If You learn that any of Your responses to these interrogatories were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

7. All interrogatories herein are continuing in nature, and any subsequently discovered or additional information responsive to these interrogatories shall be supplied to UL immediately upon Your learning such information.

8. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words.

9. The terms "relating," "referring," "reflecting," "concerning," and their variants shall be construed to bring within the scope of the request any Document or information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of the subject matter of the request, including, without limitation, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports or otherwise evidences the existence of the subject matter of the request.

10. Unless otherwise stated, the date range for these interrogatories is January 1, 2017 to the present.

UL reserves the right to serve supplemental or additional interrogatories.

## INTERROGATORIES

1. Identify each Person known to You or Your agents who You contend or believe has knowledge of any facts or circumstances relating to any of the allegations in the Complaint or the Countercomplaint. With respect to each Person so identified, state the subject matter and facts of which that Person has personal knowledge, whether such Persons are or were employed by UL,

and, if so, the positions held and the periods of time that such Persons were employed, and whether such Persons have provided You or Your agents with a statement relating to this action.

2. Identify each Person whom You have asked to provide You, who has offered to provide You, who has indicated he/she may be able to provide You, or who has provided You with any information, Document(s), written statement(s) or opinion(s) of any kind that relate to the subject matter of the Complaint or Countercomplaint; the date of the statement(s); and the subject matter of the statement(s); and Identify any Documents or other information that substantiate or relate to Your answer.

3. If You contend that UL, through any of its agents, attorneys, officers, or employees, has made any statements, written or verbal, which You claim amount to admissions or that might be construed to be against the interest of UL in this Action, Identify the Person making the statement and describe the substance of each such statement.

4. Identify all Electronic Storage Devices and Cloud Storage Accounts in Your possession, custody or control, or previously in Your possession, custody or control that currently contain, or have ever contained, any UL Information.

5. Identify all Communications between You and any individual or entity (other than UL or Your counsel) containing UL Information.

6. Identify all Communications, whether written or oral, between You and any individual or entity (other than Your counsel) about any matters encompassed by the Complaint or the Countercomplaint, including without limitation, the Communications referenced in Paragraphs 220–222 of the Countercomplaint.

7. Identify each instance in which You have recorded or used transcription technology to transcribe all or a portion of any conversation or meeting involving any agent or employee of

UL. For each instance, state the date, the Persons present, the substance of the conversation, and the status of the recording.

8. Identify all private, administrative, judicial or government complaints, charges, claims, counterclaims, arbitrations, demands or lawsuits that You have brought against any Person (including, without limitation, Persons for whom You have performed services, whether as an employee, contractor, consultant or otherwise), including but not limited to any lawsuits filed in state or federal court and any complaints, charges, or appeals You have filed with the Oregon Bureau of Labor and Industries ("BOLI"), the Occupational Safety and Health Division ("OSHA"), the U.S. Department of Labor ("DOL"), the U.S. Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), the Canadian Workers' Compensation Board ("WCB") and the SEC's Whistleblower Office, or any other federal, state or local agency. When Identifying each, state, as applicable, the parties involved, the administrative, judicial or governmental body(ies) involved, the case number, the substance of Your allegations, and the ultimate disposition or resolution of the matter.

9. With respect to any emotional pain and suffering, mental anguish, or other health condition that You contend You suffered as a result of any alleged conduct by UL and/or UL's agents state whether You sought treatment for such health condition; Identify any medical providers (including physicians, psychiatrists, psychologists, therapists, counselors, social workers, hospitals, clinics, etc.) with whom You consulted or from whom You sought or obtained treatment, advice, consultation, testing or other services for or related in any way to such health condition; and the time period during which services were provided, and the condition for which You sought the services of such provider.

10. Identify all medical providers (including physicians, psychiatrists, psychologists, therapists, counselors, social workers, hospitals, clinics, etc.) with whom You have consulted or from whom You have received treatment in the past five (5) years. For each such Person, Identify the dates on which You were seen or treated by such person and the complaint(s) or condition(s) treated by such Person.

11. With respect to Your claim for damages, state the full amount of damages that You seek and describe the manner in which the amount was calculated. Your answer should include a description of: (a) each element of damage or component of damages that You seek; (b) the amount sought for each element or component; (c) the manner in which each element or component of the calculation was determined; and (d) all Documents relating to each such calculation.

12. Identify all companies or business enterprises, other than UL, with which You have been employed, or self-employed, during the period from January 1, 2024 to present. For each company or business enterprise (or self-employment) so identified state the title of each position You held, the dates that You held each position, and the compensation and benefits You received in each position; the gross earnings You received to date, or gross earnings received from self-employment; all benefits You earned or received to date, or benefits from self-employment; the total period of employment; the reason for and circumstances surrounding Your separation or termination of employment (if applicable); and any complaints or allegations of wrongdoing made by or against You arising from or in connection with such employment.

13. State whether You have received income from any source(s) other than those identified in Your answer to Interrogatory 15 during the period from January 1, 2024 to the present and Identify and describe such amounts. Such amounts should include, but not be limited to, any

amounts received in the form of unemployment compensation, rental receipts, settlements, or any wages, salaries, or bonuses not previously described.

14. Identify and Describe every Document that You copied, transferred, downloaded, and/or uploaded to any Electronic Storage Device, or that You otherwise took from UL, its clients, or its clients' suppliers' premises, employees, and/or computer network, server, data information system or other system or process (including by printing copies and/or physically taking hard copies), that contained any information relating to UL, its clients, or its clients' customers, including but not limited to any emails or text messages You sent from UL-issued devices, UL-related accounts, or any personal devices or accounts, to Your personal email address, phone number, or Electronic Storage Device.

15. Identify all companies You audited while employed by or working as a consultant for UL about which You took any Documents or UL Information, including but not limited to copying, transferring, downloading, and/or uploading to any Electronic Storage Device, or otherwise taking from UL, its clients, or its clients' suppliers' premises, employees, and/or computer network, server, data information system, or other system or process (including by printing copies and/or physically taking hard copies).

16. Identify and Describe every Document that You transferred or in any way provided to Hannah Drier, the New York Times, or any other news reporter or outlet.

17. Identify all Documents containing UL Information that You deleted or destroyed between December 31, 2023 and the present.

Date: February 12, 2026

Respectfully submitted,

*/s/ Michael Roche*

Michael Roche
Shannon Lemajeur Miller
WINSTON & STRAWN LLP
300 North LaSalle Drive
Suite 4400
Chicago, IL 60654-3406
Tel. 312-558-5600
Fax 312-558-5700
mroche@winston.com
slmiller@winston.com

Richard T. Kienzler
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Tel. 312-372.5520
Fax 312-372-7880
rkienzler@littler.com

Kevin E. Griffith (admitted *pro hac vice*)
Emily E. Levy (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel. 614-463-4210
Fax 614-737-9135
kgriffith@littler.com
elevy@littler.com

*Attorneys for Counter-Defendant UL LL*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2026, I caused a true and correct copy of the foregoing to be served on the following via electronic mail:

Agatha M. Cole
Beverly PLLC
43 West 43rd Street Suite 159
New York, NY 10036
agatha@beverlypllc.com

*Counsel for Joshua Callington,*
*Defendant-Counter Plaintiff*

*/s/ Michael P. Roche*
Counsel for Plaintiff Counter-Defendant UL LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UL LLC,** | ) | |
| | ) | |
| | ) | Case No. 1:24-cv-05631 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Andrea R. Wood |
| v. | ) | |
| | ) | |
| **JOSHUA CALLINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

## UL LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff/Counter-Defendant UL LLC ("UL"), through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds the following Requests for Production upon Defendant Joshua Callington. Defendant is hereby requested to produce for inspection and copying, within thirty (30) days after service hereof, all documents described below that are in the possession, custody, or control of Defendant or his agents or representatives.

## DEFINITIONS

1. The "Action" shall mean the above-captioned lawsuit entitled *UL LLC v. Joshua Callington*, in the U.S. District Court for the Northern District of Illinois, Case No. 1:24-cv-05631.

2. The "Answer" shall mean "Admissions and Denials" You filed on or about October 11, 2025 in the Action (ECF Nso. 110).

3. "Cloud Storage Account" shall mean any account, application, data repository, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, email accounts, cloud-based storage accounts (e.g., Dropbox, Box.com, iCloud, Google Drive, etc.),

cloud-based servers (e.g., Digital Ocean, Rackspace, Amazon S3, Google Cloud, Microsoft Azure, etc.), cloud-based data repositories (e.g., Github, Gitlab, Bitbucket, etc.) and email accounts (e.g., Gmail, Yahoo, etc.).

4. “Communication” shall mean any transmission of information from one Person to another, including (without limitation) by letter, personal meeting, telephone, radio, telegraph, facsimile, email, text message, teleconference, chat application, etc.

5. “Complaint” shall mean UL’s Civil Complaint filed on or about July 3, 2024 in the Action.

6. The “Countercomplaint” shall mean Counterclaims filed on or about October 11, 2025 in the Action.

7. “Document” as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage

Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.

8. “Defendant,” “You,” “Your,” or “Callington” shall mean Defendant Joshua Callington, his counsel, and any consultants, experts, investigators, doctors, agents or other persons acting on his behalf.

9. “Electronic Storage Device” shall mean remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

10. “Person” shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

11. “Plaintiff” or “UL” shall mean UL, LLC and its officers, directors, employees (current or former), partners, corporate parent, subsidiaries, affiliates, and predecessor entities.

12. “UL Information” shall mean any and all information, Document, or Communication obtained from UL, its clients, or its clients’ suppliers, including but not limited to all data and information relating to the business of UL, its clients, or its clients’ suppliers that is not generally known to the public or readily obtainable from outside sources.

**INSTRUCTIONS**

1. You are requested to produce all Documents described below that are in Your possession, custody, or control, as well as all Documents that are within the possession, custody or control of Your attorneys, doctors, agents, and any other person acting on Your behalf.

2. For each Document no longer in Your possession or control, or no longer in existence, state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for each disposition, and state the approximate date thereof.

3. All Documents are to be produced as they are kept in the usual course of business or should be organized and labeled to correspond to the categories in the Requests. All Documents should be given a unique number, for example a "Bates" label or similar identifying mark.

4. If any Documents are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating:

(a) the identity of each person who prepared and/or signed the Document;

(b) the identity of each person designated as an addressee;

(c) the identity of each person who received any copy of the Document;

(d) the date of the Document;

(e) the subject matter of the Document;

(f) the type of Document; and

(g) the basis for withholding the Document.

5. If a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a

Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

6. All electronically stored information shall be produced in native format, with its original metadata, location it was found on the storage medium, and device it was obtained from identified and maintained in the production.

7. In producing hard copy Documents, all Documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other Documents, whether by inclusion of binders, files, subfiles or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained and in the file where found. If no Documents exist that are responsive to a particular request, You shall so state in writing.

8. If, in responding to the requests, You encounter any ambiguities when construing a request or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

9. If You learn that any of Your responses to these Requests were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

10. These Requests are continuing requests. You shall promptly produce any and all additional Documents that are received, discovered, or created after the time of initial production.

11. UL reserves the right to serve supplemental or additional requests for inspection and production.

12. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words.

13. The terms "relating," "referring," "reflecting," "concerning," and their variants shall be construed to bring within the scope of the request any Document or information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of the subject matter of the request, including, without limitation, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports or otherwise evidences the existence of the subject matter of the request.

14. Unless otherwise stated, the date range for these requests is January 1, 2017 to the present.

**REQUESTS FOR PRODUCTION**

1. All Communications with UL.

2. All Documents and Communications regarding UL.

3. All Documents and Communications with or regarding any of UL's former or current customers and/or UL's former or current customers' suppliers.

4. All Documents and Communications regarding Your provision of services to UL as an independent contractor auditor.

5. All Documents and Communications regarding Your assent to the Independent Assessor Agreements described in Paragraphs 26–29 of the Complaint.

6. All Documents and Communications regarding Your full-time employment with UL.

7. All Documents and Communications, including but not limited to those Documents concerning or consisting of contracts (employment or otherwise) between You and any other auditing firm, apart from UL.

8. All Documents and Communications regarding your assent to the Confidentiality and Invention Assignment Agreement described in Paragraph 34 of the Complaint.

9. All Documents and Communications regarding any training programs you participated in as part of your work as in independent contractor and/or full-time employee at UL.

10. All Documents and Communications regarding your membership in the Association of Professional Social Compliance Auditors.

11. All Documents and Communications regarding your knowledge of, and/or assent to, the Association of Professional Social Compliance Auditors' Code of Professional Conduct.

12. All Electronic Storage Devices containing copies and/or original versions of UL Information.

13. All Communications with the New York Times or any of its officers, directors, employees (current or former), partners, subsidiaries, affiliates, or agents, including but not limited to journalist Hannah Dreier.

14. All Communications with any news or media outlet, other than the New York Times, regarding UL.

15. All Communications to, from, or copying your personal email account(s) containing any UL Information.

16. All UL Information contained on any of Your Cloud Storage Accounts.

17. A complete index of all Documents and Communications contained on Your Cloud Storage Accounts.

18. All Photographs in Your possession in any way relating to UL or the services You performed on behalf of UL.

19. All audit reports prepared for UL customers, including but not limited to any reports authored by You.

20. All Documents and Communications in any way pertaining to your counterclaims as asserted in your Countercomplaint.

21. All Documents and Communications regarding your allegation in Countercomplaint Paragraph 216 that UL "made false or [sic] statements or certifications about its own business operations, policies, and practice…"

22. All Documents and Communications regarding your allegation in Countercomplaint Paragraph 217 that UL has "aided and abetted or caused others to make false statements or certifications…"

23. All Documents and Communications regarding any internal complaints you allege to have made to UL, including but not limited to Your allegation in Your Answer Paragraph 3 that You "repeatedly objected to" or "complained about" certain conduct from UL management and Your allegation in Countercomplaint Paragraph 219 that You "repeatedly objected to and expressed concerns about the integrity of the audits being conducted by UL's Responsible Sourcing division…"

24. All Documents and Communications relating to any external complaints You have made to government agencies (including, without limitation, the Oregon Bureau of Labor and Industries ("BOLI"), the Occupational Safety and Health Division ("OSHA"), and the SEC's

Whistleblower Office) regarding UL or any of its present or former employees, representatives, officers or agents, including without limitation any external complaint regarding alleged "retaliatory acts" or "conduct by UL [that] constitutes a violation of securities law" as described in Paragraphs 221–222 of Your Countercomplaint.

25. Any and all Documents supporting, contradicting, describing, referring to, relating to, documenting, or evidencing Your claim that UL retaliated against You or terminated You based on Your alleged internal or external complaint(s) regarding UL.

26. Any and all Documents relating to Your efforts to obtain employment (excluding with UL) from January 1, 2024, to the present, including, but not limited to:

(a) any Communications with employment agencies, recruiters, and any other third parties who provided assistance in Your job search;

(b) any curricula vitaes, resumes, applications, background information forms or similar Documents related to Your educational and professional job qualifications, whether or not submitted to the third parties identified in (a), above, or to an employer or contractor, an employment agency, or a potential employer;

(c) Communications with potential employers or contractors;

(d) any applications for employment You completed;

(e) any employment contracts You considered and/or accepted;

(f) any offers of employment or retention as an independent contractor You received;

(g) any rejections of Your applications for employment; and

(h) any Documents concerning Your self-employment, including without limitation any business You may have started or formed.

24. Any and all Documents concerning Your employment by, or work as an independent contractor for, any employer (excluding UL) since January 1, 2024 to the present, including, but not limited to: job applications and resumes; interviewing or hiring process; any contract, agreement, or understanding between You and such employer; compensation; benefits; job duties or responsibilities; requests or applications for promotion or transfer; performance appraisals, evaluations, or reviews; corrective action or discipline; termination of employment; and any claims or allegations of wrongdoing made by or against You arising from or in connection with such employment.

25. Any and all Documents concerning the amount and source of any income You earned or received from January 1, 2024 through the present, including but not limited to monies received or earned from self-employment, settlements, other employers, and/or federal, state or local government agencies or authorities.

26. Any and all Documents concerning any claim or application by You (or on Your behalf) for, or receipt of, unemployment, Social Security, disability, or any other form of governmental assistance from January 1, 2024 through the present.

27. Any and all Documents submitted to the federal or state government relating to Your payment of taxes from 2024 up to and including the present, including but not limited to Your federal and state tax returns, W-2s, 1099s, and 1040s.

28. Any and all Documents relating to Your claims for damages, including but not limited to Documents showing any expense, financial loss or injury, or mental or physical injury You are claiming damages based upon your counterclaims.

29. Any and all Documents including, but not limited to, medical receipts, medical records, diagnoses, prescriptions, and/or prescription receipts relating to any mental or physical condition You purport to have suffered as a result of UL's conduct as alleged in the Countercomplaint.

30. Any and all Documents relating to any medical treatment, consultation, diagnosis, advice, testing, evaluation, or other services You have received in the past five (5) years for any type of medical condition, including, without limitation, any medical records; evaluations of Your medical, physical, or mental condition; bills; records of payment for medical care or medicine; prescription slips; correspondence or notes to or from health care providers; and records of discussions with health care providers.

31. Execute a copy of the attached medical records release for each medical provider You were asked to Identify in response to Interrogatories 9 and 10.

27. All Communications between You and any other Person, excluding Your counsel in this Action, relating to the matters alleged in the Complaint or the Countercomplaint.

28. All Documents containing statements by UL's officers, agents, employees, managers, or supervisors that You claim amount to admissions or that might be construed to be against the interest of UL in this action.

29. All recordings or transcriptions of recordings of any of UL's present or former employees, representatives, officers, or agents.

30. All Documents relating to or comprising any written or recorded statements made by any person at any time about any matters encompassed by the Complaint or the Countercomplaint, including but not limited to the unredacted versions of the "Confidential Witness Declarations" submitted to the Court at Dkt. Nos. 75–78.

31. All Documents, Communications, and/or Electronic Storage Devices that You rely upon to answer the Interrogatories contemporaneously served herewith.

32. All Documents that You intend to or may offer as exhibits, introduce into evidence, or otherwise rely upon at any stage of this matter, including trial, for any purpose.

33. All Documents that You have provided to, or that have been provided to You, by any and all persons whom You intend to or may call as expert witnesses in the action and/or who may be asked to offer opinions concerning any subject matter of the action.

34. All Documents relating to or prepared by any fact or other non-expert witness whom You expect to call at trial, or exchanged between You and any such witness whom You expect to call at trial.

35. Any and all Documents relating to the knowledge of any third parties relating in any way to matters encompassed by the Complaint or the Countercomplaint.

36. All Documents not otherwise identified or otherwise referred to herein relating in any way to matters encompassed by the Complaint or the Countercomplaint.

Date: February 12, 2026

Respectfully submitted,

*/s/ Michael Roche*

Michael Roche
Shannon Lemajeur Miller
WINSTON & STRAWN LLP
300 North LaSalle Drive
Suite 4400
Chicago, IL 60654-3406
Tel. 312-558-5600
Fax 312-558-5700
mroche@winston.com
slmiller@winston.com

Richard T. Kienzler
LITTLER MENDELSON, P.C.

321 North Clark Street
Suite 1100
Chicago, IL 60654
Tel. 312-372.5520
Fax 312-372-7880
rkienzler@littler.com

Kevin E. Griffith (admitted *pro hac vice*)
Emily E. Levy (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Tel. 614-463-4210
Fax 614-737-9135
kgriffith@littler.com
elevy@littler.com

*Attorneys for Counter-Defendant UL LL*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February 2026, I caused a true and correct copy of the foregoing to be served on the following via electronic mail:

Agatha M. Cole
Beverly PLLC
43 West 43rd Street Suite 159
New York, NY 10036
agatha@beverlypllc.com

*Counsel for Joshua Callington,*
*Defendant-Counter Plaintiff*

*/s/ Michael P. Roche*
Counsel for Plaintiff Counter-Defendant UL LLC

**EXHIBIT A**

**HIPAA Privacy Authorization**
**For Disclosure of Protected Health Information**
**Relevant To Litigation or Pending Claims**

Patient's Name: _____Joshua Callington________________ Date of Birth: _____________

Address: __________________________________________________________________

1. I make this Authorization for the purpose of copying records in connection with a lawsuit or claim(s) to which I am a party.

2. This Authorization is directed to and applies to protected health information maintained by: (Hospital, Physician, Medical provider, etc. Print name, address, telephone number of health care provider)

________________________________________________________________________
________________________________________________________________________
________________________________________________________________________
________________________________________________________________________

3. I hereby authorize the above, its director, administrative, and clinical staff or assignees, medical information services, and billing departments to release any and all medical records and information from January 1, 2017 to the present, unless specified otherwise, relating to my care or treatment, including x-rays, photographs, electronic and digital files, and any other records, unless I expressly direct or specify otherwise. I understand that medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 C.F.R. Part 2; psychiatric/psychological services and social work records and any information regarding communicable diseases and infections, tuberculosis, venereal diseases, sexually transmitted diseases, acquire immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

4. This information is to be released for copying purposes to the law firm of Winston & Strawn LLP and all of its representatives.

5. I understand that I have the right to inspect and copy the information to be disclosed pursuant to this authorization and consent.

6. I understand that information used or disclosed pursuant to this authorization and consent may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

7. This authorization and consent shall be in force and in effect until the conclusion of the pending litigation or claim(s).

8. I understand that I have the right to revoke this authorization and consent at any time. I understand that if I revoke this authorization and consent, I must do so in writing and send it to the hospital, doctor, or other custodian of medical information identified in paragraph 2 above. I further understand that any written revocation of authorization and consent will not be effective until it is received by the hospital, doctor, or other custodian of medical information identified in paragraph 2 above. I understand that the revocation will not apply to information that has already been released in response to this authorization and consent.

9. I understand that authorizing and consenting to the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment, or health plan enrollment.

10. A copy of this authorization is as valid as the original.

**All Pertinent Sections of This Form Must Be Completed Before Signing Below**

| | |
|---|---|
| ____________________ | ____________________ |
| Date | Signature of Patient or Legal Representative |
| ____________________ | ____________________ |
| Description of Legal Representative’s Authority of Relationship | Print Name of Patient or Legal Representative |